UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Revised 07/07 EDNY

Lucio Celli

_____
Name(s) of Plaintiff or Plaintiffs

-vs-

Mr. Richard Cole, Ms. Anne Bernard, and
New York City Department of Education, all sued
in their official and individual capacities

_____
Name of Defendant or Defendants

Jury Trial Demanded: Yes X  No ___

**DISCRIMINATION COMPLAINT**

CV 15-cv- 3679

GLEESON, J.
BLOOM, M.J.

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision**, AND a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

__X__ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

  **NOTE**: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above,** you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1. My address is: 2743 Seymour Avenue
   Bronx, New York 10469

   My telephone number is: 646-734-3899

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

   Name: New York City Department of Education

   Number of employees: Over 100,000 employees

   Address: New York City Department of Education
   52 Chambers Street, Room 308
   New York, New York 10007

   Mr. Richard Cole
   X224
   345 Brook Ave
   Bx, NY 10454

   Ms. Anne Bernard
   3440 Etremont Ave
   Bx, NY 10475

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

   Name: _____

   Address: _____
   _____
   _____

## CLAIMS

4. I was first employed by the defendant on (date): September 1999

2

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: <u>March 10, 2014</u>

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): <u>1) April 28, 2014, 2) May 13, 2014, 3) May 28, 2014, 4) June 19-20, 2014 5) June 23, 2014, 6) June 25-27, 2014, 7) July 17-18, 2014, 8)September 29, 2014, and 9) October 20, 2014</u>

7. I believe that the defendant(s)

   a. __X__ Are still committing these acts against me.
   b. _____ Are not still committing these acts against me.
   (Complete this next item **only** if you checked "b" above)   The last discriminatory act against me occurred on (date) _____

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

   The date when I filed a complaint with the New York State Division of Human Rights is _____
   (estimate the date, if necessary)

   I filed that complaint in (identify the city and state): _____

   The Complaint Number was: _____

9. The New York State Human Rights Commission did _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: <u>December 10, 2014</u>

11. The Equal Employment Opportunity Commission did issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: <u>April 1, 2015.</u> (**NOTE:** If it

3

did issue a Right to Sue letter, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

   a. _____  Failure to provide me with reasonable accommodations to the application process

   b. __X__  Failure to employ me in several afterschool programs

   c. _____  Termination of my employment

   d. _____  Failure to promote me

   e. _____  Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

   f. _____  Harassment on the basis of my sex

   g. __X__  Harassment on the basis of unequal terms and conditions of my employment

   h. __X__  Retaliation because I complained about discrimination or harassment directed toward me

   i. _____  Retaliation because I complained about discrimination or harassment directed toward others

   j. __X__  Other actions (please describe):
   1. Subjected Mr. Lucio Celli's work to heightened scrutiny to the point that Mr. Richard Cole created a rubric that was not approved by neither the New York City Department of Education nor the New York State Department of Education. In fact, the rubric in question was presented as the Danielson rubric and not the creation of Mr. Richard.

   2. Ms. Anne Bernard refused to schedule an appointment with Mr. Lucio Celli to discuss the allegations that he made about Mr. Richard Cole or the fact that four (4) junior teachers received a summer school position.

   3. Ms. Anne Bernard concealed observation (evaluation) reports from the U-rating appeal hearing on May 4, 2015 because she did not want the hearing officer to ponder certain documents.

   4. Ms. Anne Bernard submitted altered documents, so the hearing officer could only ponder negative observation (evaluation) reports.

   5. Ms. Anne Bernard lied about dates, so it would have a negative impact on Mr. Lucio Celli because the hearing office had to ponder the information provided by Ms. Bernard.

4

6. <u>Ms. Anne Bernard failed to provide a legitimate nondiscriminatory reason for Mr. Lucio Celli's observation (evaluation) reports or his final rating for the year. In fact, Ms. Anne Bernard depended upon altered and concealed documents as her justification for Mr. Lucio Celli's U-rating (unsatisfactory) and unsatisfactory performance.</u>

7. <u>The New York City Department of Education did not take prompt action when Mr. Lucio Celli informed them that Ms. Anne Bernard altered and concealed documents for U-rating hearing on May 4, 2015.</u>

8. <u>The New York City Department of Education did not take prompt action when Mr. Lucio Celli informed them that he was segregated from his co-workers. Mr. Lucio Celli provided a segment of a recording as his proof, but the Department did not bother to investigate the allegation. Lucio Celli was treated less favorably than his colleagues at Emolior Academy.</u>

9. <u>Mr. Richard Cole and Ms. Anne Bernard altered observation (evaluation) reports because Mr. Lucio Celli's qualifications were superior to those of his colleagues at Emolior Academy and superior to those selected to teach during the summer program. The only way to justify the negative observation report was to conceal or alter the observation (evaluation) reports, which Ms. Anne Bernard's and Mr. Richard Cole did as their pretext for discrimination towards Mr. Lucio Celli. In fact, Mr. Lucio Celli held the positions as a mentor to new teachers and a staff developer in the past.</u>

10. <u>Ms. Anne Bernard and Mr. Richard Cole tampered with the observation (evaluation) reports because they intended to defraud Mr. Lucio Celli of his contractual rights. The aforementioned supervisors tampered with the observation (evaluation) reports because Mr. Lucio Celli had seniority over three (3) out of four (4) of his colleagues at Emolior Academy. In addition, Mr. Lucio Celli had more seniority than the four (4) teachers that were selected for the summer school program. Ms. Anne Bernard and Mr. Richard Cole revised the rubric shown to Mr. Lucio Celli on May 28, 2014 as part of their fraudulent scheme because the rubric submitted on May 4, 2015 is not as negative as the rubric shown to Mr. Lucio Celli on May 28, 2014. In fact, Ms. Bernard and Mr. Richard Cole concealed documents as part of their collusion to defraud Mr. Lucio Celli of his contractual rights. Therefore, Ms. Anne Bernard and Mr. Richard Cole intentionally tampered with a public record as part of their fraudulent scheme.</u>

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

    a. __X__ Race

    b. _____ Color

    c. _____ Sex

    d. _____ Religion

    e. __X__ National Origin

    f. _____ Sexual Harassment

    g. _____ Age
    _____ Date of birth

    h. _____ Disability
    Are you incorrectly perceived as being disabled by your employer?
    ___ yes ___ no

15. I believe that **I was intentionally** discriminated against by the defendant(s).

5

16. I believe that the defendant(s) <u>are</u> still committing these acts against me. (If you answer is that the acts are not still being committed, state when and why the defendant(s) have not stopped committing these acts against you:

1) April 30, 2015 via email.
Mr. Todd Drantch, Esq., agency attorney for New York City Department of Education, informed Mr. Lucio Celli that the Department reviewed the case and could not settle the dispute. Based on the information provided to the Plaintiff by Mr. Todd Drantch, Esq., someone or a group reviewed the documentation for May 4, 2015. On May 4, 2015 the administrative hearing date for Mr. Lucio Celli's U-rating appeal (the evaluation done by Mr. Richard Cole) was heard. Seventy percent of documents submitted were falsified because they did not have Mr. Lucio Celli's signature and he did not recognize any of the documents submitted. Fifty percent of the documents submitted did not match what Mr. Richard Cole, Site Supervisor, stated on May 28, 2014. The interaction between Mr. Lucio Celli and Mr. Richard Cole, proving the fraudulent scheme to defraud Mr. Lucio Celli with documents that were falsified.
Mr. Todd Drantch wrote the following email to Mr. Lucio Celli:

"Mr. Celli:

After a review of this case, the department is not willing to extend an offer at this time and will be filing our objections to your amendment tomorrow as per Judge Blassman's direction. Our records show the next hearing date is scheduled for August 18, 2015.

Sincerely,
Todd Drantch"

2) On May 4, 2015 at 65 Court Street, Brooklyn, New York 11201

The Office of Appeals and Review did not adhere to the Appeals process book put out by their office and by the Office of Human Resources. Mr. Lucio Celli's due process rights were taken from him (Mr. Lucio Celli beliefs, his due process rights were robbed from him) and it was done maliciously, recklessly and deliberately because the aforementioned offices failed to adhere to appeals process book. The Department did not respect Mr. Lucio Celli's request to have Mr. Richard Cole present at the hearing, nor to have the documents sent to him prior to the hearing date, nor the other requests that he made for this hearing date. Mr. Lucio Celli made numerous requests to obtain documents and his request went unfulfilled by various agents of the Department. Ms. Patricia Lavin did not allow Mr. Lucio Celli to question Ms. Anne Bernard on May 4, 2015. The Hearing Officer, Ms. Patricia Lavin, abused her authority when she did not allow Mr. Lucio Celli to address lies told by Ms. Anne Bernard, nor the opportunity to address the falsified documents submitted by Ms. Anne Bernard. The lies that Ms. Anne Bernard told were meant to conceal the wrongdoing done by her and Mr. Richard Cole. Clearly, Ms. Anne Bernard's behavior to lie at the U-rating appeal hearing, and her action (along with Mr. Richard Cole) to conceal documents and alter the rubric was their intent to defraud Mr. Lucio Celli of his contractual rights.
At the hearing, in addition, Ms. Patricia Lavin motioned to the vendor to stop the recording. As a consequence of Ms. Patricia Lavin's motion, this caused an adverse impact upon the recording as a public record because the vendor edited out statements by Mr. Lucio Celli and by Ms. Patricia Lavin. Nonetheless, Mr. Lucio Celli tape-recorded the hearing as well, so there is a record of what was said. According to the Department, vendor edited the

5

segment in question and placed the fault with the vendor—Mr. Lucio Celli stated that the fault should be placed with Ms. Patricia Lavin because she motioned and the vendor followed suit. Since, Mr. Lucio Celli was not allowed to address the falsified documents at the hearing, Mr. Celli email Mr. Todd Drantch and other agents of the Department about the fact that Ms. Anne Bernard submitted falsified document to the Hearing Officer, Ms. Patricia Lavin. To date, the Department had not investigated the allegation. Lastly, the following are the issues that stem from the submission of falsified documents by Ms. Anne Bernard:

a. Ms. Anne Bernard and Mr. Richard Cole tampered with Mr. Lucio Celli's observation (evaluation) reports. They are considered public records because these documents could be FOIL'ed by the public. Mr. Richard Cole did not have the authority to alter or borrow the intellectual property of Ms. Charlotte Danielson because this would require permission from Charlotte Danielson or the Danielson Group.

b. Ms. Anne Bernard concealed observation (evaluation) reports because she intended to defraud Mr. Lucio Celli of his contractual rights. Ms. Anne Bernard could not answer or explain where the missing observation (evaluation) reports were located or provide a reason why they were not sent in as part of a packet for the U-rating appeal hearing. In fact, Ms. Anne Bernard knowingly removed or withheld the documents from the packet sent, which she sent to the Hearing Officer, Ms. Patricia Lavin. Ms. Patricia controlled the hearing because she had to facilitate and conceal the wrongdoing done by Mr. Richard Cole and Ms. Anne Bernard. In fact, Ms. Patricia Lavin did not adhere to rules set out in the book put out by her office that governs all appeal hearings.

c. Mr. Richard Cole made false entries in the observation (evaluation) report. For example, Mr. Cole is aware of the different between a seventh grade English Arts Language class and a G.E.D class. In fact, Mr. Richard Cole the hired to be a supervisor for G.E.D. at night and is an assistant principal at a middle school during day. In fact, Mr. Richard Cole tampered with observation (evaluation) reports because he intended to defraud Mr. Lucio Celli of his contractual rights. Mr. Richard Cole revised the Danielson rubric without providing Mr. Lucio Celli prior notification. Mr. Richard Cole did not provide Mr. Lucio Celli with prior notification because this would have interred with Mr. Richard Cole's fraudulent scheme to defraud Mr. Lucio Celli of his contractual rights.

d. The Department ensconced the malfeasance done by Mr. Richard Cole and Ms. Bernard because the Department wanted to avoid litigation. This is reason, in fact, that Ms. Patricia Lavin controlled the U-rating appeal hearing on May 4, 2014 because she did not allow Mr. Lucio Celli to question Ms. Bernard, nor request his request to have Mr. Richard Cole present for hearing. Nevertheless, Mr. Richard Cole and Ms. Anne Bernard colluded to defraud Mr. Lucio Celli of his contractual rights because they clearly falsified, concealed, and altered documents for May 4, 2015. The aforementioned actions took away Mr. Lucio Celli's due process rights.

3) June 8, 2015 via postal mail.
Phillip Weinberg rendered a decision in Mr. Lucio Celli's U-rating appeal (evaluation), which he wrote the following statement: "your rating of 'Unsatisfactory' for the per session period ending June 2014 has been denied and the said rating is sustained as a consequence of poor pedagogical practices." Mr. Phillip Weinberg or Ms. Patricia Lavin clearly ignored the fact that Ms. Anne Bernard could not explain where Mr. Lucio Celli's first evaluation report was located and the reason it was not submitted for the hearing nor the reason why first sheet to the second observation report was missing as well, on May 4, 2015. The Department did not respect Mr. Lucio Celli's due process rights throughout the entire

6

process. In addition, the Department did not investigate the allegation made that documents submitted by Ms. Anne Bernard were falsified. Lastly, Mr. Lucio Celli sent the full recording of May 28, 2014 to demonstrate that at least two documents submitted were clearly falsified by Ms. Anne Bernard and Mr. Richard Cole. Nevertheless, the Department ignored the recording sent to them via an email and penalized Mr. Lucio Celli instead because the Department upheld the U-rating with falsified documents. Mr. Lucio Celli sent the full recording of May 28, 2014 as a sign of good faith.

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE:** You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    \_\_\_\_ **has not** issued a Right to sue letter
    **X** **has** issued a Right to sue letter, which I received on <u>April 1, 2015</u>

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

1) March 10, 2014 and at Emolior Academy, which is located at 1970 West Farms Roads, Bronx, NY 10460

Mr. Richard Cole handed Mr. Lucio Celli an observation (evaluation) report dated March 3, 2014. Mr. Cole required that Mr. Lucio Celli sign each sheet of the report. The contents of the observation (evaluation) report were not explained to Mr. Lucio Celli. The failure to explain observation (evaluation) report did not allow Mr. Lucio Celli to fix any problems seen by Mr. Richard Cole. In fact, Mr. Richard Cole rated Mr. Lucio Celli on the bulletin boards of a seventh grade teacher. However, Mr. Lucio Celli taught G.E.D to adults. Therefore, Mr. Richard Cole's rating of bulletin board is an example of his arbitrary decisions made when he rated Mr. Lucio Celli's work. There are a few examples where Mr. Lucio Celli could not fix another teacher's problem, but Mr. Richard Cole did not bother to speak to Mr. Lucio Celli about the observation (evaluation) report. In addition, Mr. Lucio Celli questioned many items rated on the report. Mr. Richard Cole refused to explain or provide help to Mr. Lucio Celli. Ms. Anne Bernard did not submit this particular observation (evaluation) report on May 4, 2015 for the U-rating appeal hearing. In addition, Ms. Anne Bernard could not explain the whereabouts of this report and the reason it was missing for the record. Obviously, this was Ms. Bernard's attempt to conceal documents from the hearing for May 4, 2015.

2) Between the times of April to May of 2014 and at Emolior Academy, which is located at 1970 West Farms Roads, Bronx, NY 10460

Mr. Lucio Celli requested supplies from Mr. Richard Cole. Mr. Richard Cole responded that he would get the requested supplied from the Office of Adult and Continue Education in the Bronx. Mr. Richard did not fulfill Mr. Lucio Celli's requests because his intention was to treat Mr. Lucio

7

Celli unfavorable. The failure to provide Mr. Lucio Celli with supplies, however, forced him to get the supplies himself from the Office of Adult and Continue Education in the Bronx.

3) April 28, 2014 and at Emolior Academy, which is located at 1970 West Farms Roads, Bronx, NY 10460.

Mr. Richard Cole handed Mr. Lucio Celli an observation (evaluation) report dated April 23, 2014. Mr. Richard Cole required Mr. Lucio Celli to sign each sheet of the report. The contents of the observation (evaluation) report were not explained to Mr. Lucio Celli. The failure to explain the observation (evaluation) report did not allow Mr. Lucio Celli to fix any problems seen by Mr. Richard Cole. In fact, Mr. Richard Cole rated Mr. Lucio Celli as not having a curriculum map. Nevertheless, on the first observation (evaluation) report Mr. Richard Cole rated Mr. Lucio Celli's curriculum map as "yes." Please note, a curriculum map is for the entire year, therefore, Mr. Cole's rating of Mr. Lucio Celli's curriculum was arbitrary, clearly. Again, Mr. Richard Cole rated the bulletin boards of a seventh grade teacher. In addition, Mr. Lucio Celli questioned many items rated on the report. Mr. Richard Cole refused to explain or provide help to Mr. Lucio Celli because it was his intention to defraud Mr. Lucio Celli of his contractual rights. Ms. Anne Bernard did not submit the first sheet to this observation (evaluation) report for the U-rating appeal hearing, on May 4, 2015. Ms. Anne Bernard intentionally concealed the first sheet because this was part of her fraudulent scheme to violate Mr. Lucio Celli's contractual rights. In addition, Ms. Anne Bernard could not explain the whereabouts of this sheet and the reason it was missing for the record, on May 4, 2015. Lastly, the observation (evaluation) report did not have Mr. Lucio Celli's signature, but on April 28, 2014, Mr. Lucio Celli signed the observation (evaluation) report because Mr. Richard Cole required each sheet to be signed.

4) May 13, 2014 and at Emolior Academy, which is located at 1970 West Farms Roads, Bronx, NY 10460.

Mr. Lucio Celli requested the TASC books for his BE3 class from Mr. Richard Cole. Mr. Richard Cole responded, "Your class is not entitled to the books, but if you want the book, you have family with a truck to pick up the books." Mr. Lucio Celli, therefore, informed Mr. Richard Cole that he did not need his family because he had a Chevy Equinox. Mr. Lucio Celli was forced to search for the material that resembled the work contained in the TASC book for his students. According to Bronx Adult Learning Center, Mr. Richard Cole had the books in question.

5) May 28, 2014 and at Emolior Academy, which is located at 1970 West Farms Roads, Bronx, NY 10460.

Mr. Richard Cole handed Mr. Lucio Celli an observation (evaluation) report dated May 6, 2014. Mr. Richard Cole required that Mr. Cell sign each sheet of the report. Based on Mr. Richard Cole's statement, he rated only the "Do Now" segment of the lesson. Mr. Richard Cole did not fully explain what he saw during the 50 minutes he stayed in Mr. Celli's room. Mr. Richard Cole should have describe Mr. Lucio Celli's entire lesson and provided feedback that would have improved Mr. Lucio Celli's teaching practice. Mr. Richard Cole only stated and wrote two sentences that were directed towards the lesson Mr. Lucio Celli taught on May 6, 2014. Therefore, Mr. Richard Cole's behavior and actions were clearing meant to defraud Mr. Lucio Celli's contractual rights. In addition, Mr. Richard Cole informed Mr. Lucio Celli that he created his own rubric to rate the performances of teachers. The first time the rubric was provided to Mr. Lucio Celli was at the post-observation conference. If this rubric was going to be used for the purpose of rating Mr. Lucio Celli's performance, the rubric should have been available to him prior to the observation date, on May 6, 2014. This would have allowed Mr. Lucio Celli to discuss any concerns he about the rubric and review the student population with Mr. Richard Cole. Mr. Richard Cole failed to notify or

inform Mr. Lucio Celli of the contents of the rubric. The subsequent list are the issues with the rubric and the way Mr. Richard Cole violated Mr. Lucio Celli's rights, knowingly:
  a. The new teachers' evaluation system did not change for per session activities.
  b. The only approved rubric is the "Danielson's Framework" for New York City Department of Education
  c. Mr. Richard Cole's rubric is not approved by the New York State Education Department.
  d. Mr. Richard Cole violated Article 8J of the Collective Bargaining Agreement between the New York City Department of Education and the United Federation of Teachers.
  e. Mr. Richard Cole took elements from Danielson rubric and created his rubric. However, the criteria for Mr. Richard Cole's rubric are not the same as the criteria established by Charlotte Danielson—Mr. Richard Cole stated one word for each level and the rubric created by Ms. Charlotte Danielson has many words to describe level. The Danielson rubric is the intellectual property of Ms. Charlotte Danielson and the Danielson Group.

Mr. Richard Cole conducted the observation for 50 minutes, but spent most of the time in the back of the room on his IPhone. The feedback lasted 4 minutes long and Mr. Richard Cole spent most of the time not speaking about Mr. Lucio Celli's lesson, but Mr. Richard Cole only spoke about the "Do Now." Mr. Richard Cole did not provide Mr. Lucio Celli with ways to improve his lesson, based on the lesson that Mr. Lucio Celli taught. Mr. Cole did not take many notes because he had his elbows on his lap and his IPhone was in his hands. Thus the Plaintiff had almost no feedback about the lesson which was being reviewed. The rubric did not establish the criteria for level 1, level 2, level 3, and level 4. Further, Mr. Cole did not align the feedback on the lesson to "his rubric." Mr. Richard Cole did not collect Mr. Lucio Celli's lesson Plan, but rated Mr. Lucio Celli's learning objective and stated it as, "model." Mr. Richard Cole is a season educator is well aware that model is a teaching strategy that could be used to achieve a learning objective. Ms. Anne Bernard did not submit the rubric mentioned by Mr. Richard Cole on May 28, 2015 for the U-rating appeal hearing, on May 4, 2015. In addition, Ms. Anne Bernard could not explain the reason the rubric was void of Mr. Lucio Celli's signature. Lastly, Mr. Richard Cole stated that he would conduct another formal observation (evaluation), but he did not enter Mr. Lucio Celli's room for the rest of the year. This entire interaction was tape-recorded and sent to the Department, but the Department ignored the recording.

6) June 19-20, 2014 and via email.
Although Mr. Lucio Celli already understood that, his rating was going to be an unsatisfactory for the year because of Mr. Richard Cole's comments on May 28, 2014. Nevertheless, Mr. Lucio Celli contacted Ms. Anne Bernard about a teaching position for the G.E.D. summer school program, but she did not respond to him on June 19, 2014. Mr. Lucio Celli emailed Ms. Anne Bernard on June 20, 2014 about four less senior teachers were selected for summer school, but she did not respond to that email either. Mr. Lucio Celli knew that four African-Americans were chosen for the position, who had less seniority than him.

7) 6) June 23, 2014 and via email.
Mr. Lucio Celli emailed Ms. Anne Bernard on June 23, 2014 about the United Federation of Teachers' position to grieve the failure to provide him with a summer school position. Finally, Ms. Bernard responded with "**Dear Mr. Celli: Kindly contact me regarding your rating sheet and your performance this school year.**" However, Ms. Anne Bernard failed to follow through with

9

her statement and ignored Mr. Lucio Celli's emails because Mr. Lucio Celli informed Ms. Anne Bernard that he tape-recorded the post-observation conference with Mr. Richard Cole. In addition, Ms. Bernard was cc'ed on an email to Mr. Michael Mulgrew, Carmen Quinones, and Vincent Gaglione, this is where she further emailed me about summer school saying, **"Dear Mr. Celli, Please be advised that you do not have retention rights to summer school."**

8) June 25-27, 2014 and via email.
By June 25, 2014, Mr. Celli had sent Ms. Anne Bernard three requests for the second checklist observation and the rubric created by Mr. Cole. In response to Mr. Lucio Celli's requests, Ms. Bernard emailed the following response:
"Dear Mr. Celli:

On Wednesday, June 25th, I was at your site at 6:00 pm and you were not in your classroom. Upon my departure at 6:35 pm, I observed you walking off the evaluator (sic) and walking towards your classroom. In the future, it is imperative that you arrive to work on time."

The last day of school was June 25, 2014 and Ms. Anne Bernard sent this email on June 26, 2014. Most importantly, Ms. Bernard did not address Mr. Lucio Celli's rating sheets or the fact that the documents were withheld from him. The aforementioned email from Ms. Anne Bernard was mentioned by her on May 4, 2014, but Ms. Anne Bernard stated that she sent this email in April or May of 2014. Ms. Anne Bernard stated that the email was sent in April or May of 2014 because this was her attempt to conceal her fraudulent scheme to violate Mr. Lucio Celli's contractual rights.

9) July 17, 2014 and via email.
Since the UFT did not respond to Mr. Lucio Celli's questions or concerns, he emailed Ms. Susan Mandel, Esq. agency attorney for New York City Department of Education, on July 17, 2014. In response, Ms. Susan Mandel wrote, **"As the hearing officer I should not be contacted by the Grievant. I am deleting this..."** As a way to penalize Mr. Lucio Celli, Ms. Susan Mandel knowingly wrote the wrong facts into his grievance decision. Ms. Susan Mandel's action was done to avoid addressing the allegation of wrongdoing by Mr. Richard Cole and Ms. Anne Bernard. This is an example, where the Department ensconced the malfeasance done by Mr. Richard Cole and Ms. Bernard because the Department wanted to avoid litigation.

10) July 18, 2014 and via email.

On July 18, 2014, I emailed Ms. Rose-Marie Mills, Superintendent of Office of Adult and Continuing Education.

In response to an email, Ms. Rose-Marie Mills wrote, **"Mr. Celli, you have filed a grievance. Please follow the grievance process and discuss your next steps with your union. Thank you."** This is an example, where the Department ensconced the malfeasance done by Mr. Richard Cole and Ms. Bernard because the Department wanted to avoid litigation.

11) September 29, 2014 and via email.

1

Mr. Lucio Celli emailed Ms. Rose-Marie Mills about his concerns that the United Federation of Teachers did not address. In the email, Mr. Lucio Celli described the actions taken by Mr. Richard Cole and Ms. Anne Bernard—basically, Mr. Lucio Celli described the fraudulent scheme. However, Ms. Rose-Marie Mills did not want to take his complaint because she wrote, **"Mr. Celli, Kindly refrain from contacting my office as I cannot assist you."** Upon receipt of this email, Mr. Lucio Celli placed a FOIL request. After Mr. Lucio Celli received the FOIL request information, he informed Ms. Rose-Marie Mills that she was Ms. Anne Bernard's supervisor, on October 20, 2015. Therefore, Mr. Lucio Celli informed Ms. Rose-Marie Mills that she needed to address the issues he raised. In response, Ms. Rose-Marie Mills wrote, **"Please provide me with any and all information you have regarding an allegation or allegations regarding any DOE staff member so that I can report the same to the appropriate investigative agency."** Ms. Rose-Marie was in possession of the allegation because Mr. Lucio Celli had already sent two previous emails to her. This is an example, where the Department ensconced the malfeasance done by Mr. Richard Cole and Ms. Bernard because the Department wanted to avoid litigation.

## FOR LITIGANTS ALLEGING <u>AGE DISCRIMINATION</u>

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
   _____ 60 days or more have elapsed    _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

1

22.. The date on which I first asked my employer for reasonable accommodation of my disability is _____

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _____

_____

_____

24. The reasonable accommodation provided to me by my employer were _____/were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: __6/24/2015__   _____*Lucen*_____

                  Plaintiff's Signature



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622

Lucio Celli
2743 Seymour Avenue
Bronx, NY 10469

Re:  EEOC Charge No. 520-2015-00944
     Celli v. NYC Department of Education

Dear Mr. Celli,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. The procedures apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

We have evaluated your charge based upon the information you submitted, and have determined that further investigation will unlikely result in a determination that Respondent violated one of the federal laws enforced by the Commission. Therefore, your charge will be dismissed.

Attached is your Dismissal and Notice of Rights. If you want to pursue this matter further in federal court, your lawsuit must be filed within 90 days of your receipt of the Notice.

Please contact Investigator Paul Young at (212) 336-3783 if you have any questions

Sincerely,

_____ for                    MAR 2 6 2015

Kevin J. Berry                            _____
District Director                         Date

Enc.

Cc:
James D. Hartt, Esq.
Attorney at Law
70 Linden Oaks, 3rd Floor
Rochester, NY 14625

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Lucio Celli  
2743 Seymour Avenue, Unit Ph  
Bronx, NY 10469

From: New York District Office  
33 Whitehall Street  
5th Floor  
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 520-2015-00944  
EEOC Representative: Paul Young, Investigator  
Telephone No.: (212) 336-3783

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,  
District Director

MAR 26 2015 (Date Mailed)

Enclosures(s)

cc: Robin Singer, Esq.  
Associate Counsel - Office of Legal Services  
NYC DEPARTMENT OF EDUCATION  
52 Chambers Street, Room 308  
New York, NY 10007

James D. Hartt, Esq.  
JAMES D. HARTT ESQ. ATTORNEY AT LAW  
70 Linden Oaks, 3rd Floor  
Rochester, NY 14625



James D. Hartt, Esq., Attorney At Law
70 Linden Oaks, Third Floor
Rochester, NY 14625
TELEPHONE: (585) 425-8682

U. S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall St., 5th Floor
New York, New York 10004-2112
FAX: 212-336-3790

| | |
|---|---|
| LUCIO CELLI )<br>)<br>     Complainant  )<br>)<br>  v. )<br>)<br>NEW YORK CITY DEPARTMENT OF )<br>EDUCATION; )<br>)<br>    Agency. ) | EEOC NO.<br><br>COMPLAINT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of Race and National Origin discrimination, including retaliation, and to provide appropriate relief to an employee who was adversely affected by such practices. As alleged with greater particularity below, the Complainant alleges that Respondent New York City Department of Education discriminated against Complainant, when it gave Mr. Celli an "Unsatisfactory" rating without explanation and without providing him with the materials to remedy the rating, thereby setting him up for failure. In contrast, other employees (all of whom were not in Mr. Celli's alleged protected group, were treated more favorably by Respondent, by and through its authorized agents, as will be proven.

## JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII"), and 29 C.F.R., Part 1604.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the EEOC New York District Office and the venue is properly asserted insofar as the events leading to this cause of action occurred in the county of Brooklyn in New York City, state of New York.

## PARTIES

3. Complainant, Lucio Celli, ("Complainant"), a White Italian male, residing at 2743 Seymour Avenue, Unit PH, Bronx, New York, County of New York, State of New York is, and was at all relevant times hereto, a qualified person for the position of Teacher for the New York City Department of Education.

4. Respondent, New York City Department of Education is located at 65 Court Street in New York City, County of Brooklyn, and State of New York. Mr. Celli reported for work, at relevant times hereto, at the following location: 1970 West Farms Road.

5. Respondent has continuously had at least 500 employees and is otherwise a properly named Agency in this action.

## STATEMENT OF CLAIMS

6. On June 27, 2014 and on May 28, 2014, Complainant was given a negative evaluation for extra job responsibilities by the Principal, Ms. Ann Bernard and Administrator,

2

Mr. Richard Cole. Mr. Cole just stated the ratings without explaining any of the ratings. By not providing Complainant with the means or materials to correct the ratings, Mr. Cole set up Complainant for failure on his job. Complainant alleged that Mr. Cole and Ms. Bernard acted in a discriminatory manner because Complainant is a Caucasian Italian American teacher.

7. Upon information and belief, four African American teachers were given a summer position despite having less seniority and fewer qualifications than Complainant. Mr. Cole was not able to show evidence for Mr. Celli's "Unsatisfactory" rating.

8. Upon information and belief, Complainant informed Ms. Bernard about his concerns and was met with resistance and silence to his concerns.

9. Evidence of preferential treatment of African American employees exists in the form of several examples in the workplace. Complainant stands prepared to divulge each example during the pendency of this EEOC Investigation.

10. In addition to the foregoing, Mr. Celli alleges discrimination on the basis of his sexual orientation. Mr. Celli was treated adversely due to his sexual orientation by Respondent insofar as he suffered adverse consequences in employment (lost job opportunities, non-placement in temporary positions, among others) due to his sexual orientation as a perceived homosexual employee.

**WHEREFORE**, Complainant Lucio Celli respectfully requests through the undersigned that the U. S Equal Opportunity Commission investigate the aforementioned acts of discrimination by Agency; eradicate the effects of its unlawful employment practices; and make whole the Complainant.

DATED this ___ day of December, 2014.

3

Respectfully Submitted,

JAMES D. HARTT, ESQ.
Attorney For Complainant
70 Linden Oaks, Third Floor
Rochester, NY 14625
Telephone: (585) 490-7100
Fax: (585) 425-0579