UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------X

LUCIO CELLI,

                          Plaintiff,

                        -against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
ANNE BERNARD, in her Official and Individual Capacity, and
RICHARD COLE, in his Official and Individual Capacity,

                        Defendants.

-----------------------------------------------------------------------------------------X

No. 15-cv-3679
(JG)(LB)

**VERIFIED
AMENDED
COMPLAINT**
*Jury Trial Demanded*

      Plaintiff, LUCIO CELLI, by and through his attorneys, THE LAW OFFICE OF

STEVEN A. MORELLI, P.C., respectfully alleges, upon knowledge as to himself and his own

actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is an employment discrimination and civil rights action against Defendants, the New

    York City Department of Education and the above named individual Defendants, Anne

    Bernard and Richard Cole, for:

    a. disability discrimination in violation of the Americans with Disabilities Act

       ("ADA"), 42 U.S.C. § 12101 et seq.; the New York Executive Law § 296 (New York

       State Human Rights Law)("NYSHRL"); the New York City Human Rights Law

       ("NYCHRL"), and,

    b. racial discrimination in violation of the Equal Protection Clause of the Fourteenth

       Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983; Title VII

of the Civil Rights Act of 1964 ("Title VII") . 42 U.S.C. § 2000(e) et seq.; the New York Executive Law § 296 (New York State Human Rights Law)("NYSHRL"); and, the New York City Human Rights Law ("NYCHRL"); and,

c.  violation of Plaintiff's rights to due process under the Due Process Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

## PRELIMINARY STATEMENT

2.  Plaintiff Celli Lucio ("Lucio") is a Caucasian man who suffers from a serious, chronic illness of the immune system, HIV, which is a legally recognized disability within the meaning of the ADA.  Lucio is much more than his disability.  Lucio currently works as a certified, tenured, full-time, public high school teacher for the New York City Department of Education ("DOE").  In 2013-2014, he also taught an adult education class "per session" in the evening for the DOE and reasonably expected to teach adult education classes in the summer as well.  Lucio, who has been teaching for 16 years, has been such a fine teacher that he has served as a mentor and staff developer for other teachers.

3.  Sadly, beginning in the 2013-2014 school year, Lucio's supervisors in both jobs have subjected him to discrimination, the first supervisor on the basis of disability, both perceived and actual, and his two other supervisors on the basis of race.

4.  First, on March 4, 2014, at his job at High School X519, the Principal improperly questioned Lucio in connection with his need to receive a delivery of his medication for his disability at his home, driving him to tears.  The Principal assumed Lucio was taking

2

medication for anxiety (although the medication was actually for his immune disorder), and thereafter, she repeatedly ridiculed and humiliated him for his purported anxiety and segregated him from his co-workers. She even ordered Lucio to report for a psychological exam to determine his fitness for teaching, violating the ADA, as she had no objective reason to find his teaching unsuccessful or unsafe for his students. At that point, Lucio, objecting to the psychological exam, to his distress, felt compelled to disclose to his superiors that he actually had a disability, HIV, although until then, he had kept his illness confidential at work and at home. Yet, even *after* his unwilling disclosure, Lucio's superiors *still* ordered him to undergo the psychological exam. When he did so, in August 2015, the psychologist informed him she found nothing wrong with him.

5. Second, between 2013 and 2014, Lucio's supervisors for his adult night classes at the Bronx Adult Learning Center ("Center"), subjected him to disparate and discriminatory treatment on the basis of his Caucasian race. His supervisors, who are non-Caucasian, denied Lucio the textbooks he needed, while giving preferential treatment to the three other teachers of adult students at the Center, who are non-Caucasian. Further, one of his supervisors targeted Lucio with unwarranted, poor evaluations and false evaluations, while the other three teachers, who were less qualified than Lucio, all received good evaluations. Because of the negative evaluations, the Principal at the Center denied Lucio a summer teaching position that he was entitled to on the basis of his seniority. She replaced Lucio with one of four non-Caucasian teachers, all with less seniority than Lucio.

3

6. On June 27, 2014, Lucio received a "U" or Unsatisfactory rating for his per session teaching, which was improperly sent without supporting documents. Nevertheless, Lucio appealed the rating and a DOE appeals hearing was held on May 4, 2015.

7. However, the appeal process was highly defective procedurally. Lucio did not receive, as mandated by the DOE, a complete set of the documents used to evaluate him prior to the hearing. The evidence used against Lucio at the hearing improperly included only partial, unsigned teaching observation reports. The evidence did not include a mandatory, formal observation report by the Principal, as there had been no such observation, which violated DOE evaluation procedures. Further, at the hearing, Lucio was informed he was not allowed to cross examine the Principal. In short, the hearing was rigged against Lucio in violation of his due process rights. The U rating was upheld on appeal, based on defective procedures, false and incomplete evidence, and no cross-examination, resulting in a deprivation of Lucio's property interest in continuing to teach adult classes for the DOE.

8. Due to Defendants' discrimination on the basis of his disability, Lucio has suffered discriminatory harassment and retaliation. Due to Defendants' discrimination on the basis of his race, Lucio has suffered discriminatory disparate treatment. Due to Defendants' violation of his due process rights, Lucio has been deprived of his property interest in a summer teaching position, and, if Defendants are not deterred by this action, he may receive a second unjustified U rating, and may then lose his teaching job altogether.

4

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and §§ 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

10. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(1), because the Eastern District of New York is the judicial district where a substantial part of the events, the appeals hearing at the DOE in Brooklyn, New York, or omissions giving rise to these claims, occurred.

11. All administrative exhaustion requirements have been met or will be met. Plaintiff Lucio Celli filed a timely Charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which included a claim for racial discrimination, and received an EEOC Notice of Right to Sue letter on or about March 26, 2015. Plaintiff filed his lawsuit *pro se* on June 24, 2015, within 90 days of the EEOC right to sue letter. As advised recently by the EEOC, Plaintiff has submitted another, related charge under the ADA for more recent disability discrimination and will provide the second right to sue letter to this Court as soon as it is received. Plaintiff filed Notices of Claim with the NYCDOE and/or the New York City Comptroller's Office on several dates, including most recently on May 5, 2015 and October 22, 2015.

## PARTIES

12. Plaintiff LUCIO CELLI ("Lucio") is a resident and domiciliary of Bronx County, New York. At all times relevant, LUCIO was an "employee" of Defendant NEW YORK

5

CITY DEPARTMENT OF EDUCATION ("DOE") as that term is defined by Title VII and the ADA.

13. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a municipal corporation incorporated under the laws of the State of New York, which is in charge of all public schools in the City of New York. Its headquarters are located at 52 Chambers Street, New York, NY 10007. At all times relevant to this complaint, Defendant DOE was Plaintiff's "employer" as that term is defined by Title VII and the ADA.

14. Defendant ANNE BERNARD ("Bernard") at all times hereinafter mentioned, was the Principal of the Emolier Academy, the location of the Bronx Adult Learning Center, at 1970 West Farms Road, Bronx, New York, 10460. At all times relevant to this complaint, Bernard was Plaintiff's supervisor, and acted under color of state law and in the scope of her employment with the DOE. Bernard is being sued in her individual capacity under 42 U.S.C. § 1983.

15. Defendant RICHARD COLE ("COLE"), at all times hereinafter mentioned, was an administrator at the Emolier Academy, the location of the Bronx Adult Learning Center, at 1970 West Farms Road, Bronx, New York, 10460. At all times relevant to this complaint, Defendant Cole was Plaintiff's supervisor, and acted under color of state law and in the scope of his employment with the DOE. Cole is being sued in his individual capacity under 42 U.S.C. § 1983.

6

16. As set forth below, the individually named Defendants endorsed and directly participated in the discriminatory conduct against Plaintiff. Accordingly, the individually named Defendants aided and abetted the discriminatory conduct against Plaintiff.

## FACTUAL BACKGROUND

### DISABILITY DISCRIMINATION

17. Plaintiff Lucio Celli ("Lucio") suffers from a serious and chronic physical disorder of the immune system, HIV, which is a disability within the meaning of the ADA, the NYSHRL, and the NYCHRL.

18. Lucio is under the care of a physician for HIV and must take the prescription drug ritonarvir regularly.

19. Lucio is a certified, tenured, full-time New York City public high school teacher at X519 in Bronx, New York

20. In addition to his job at X519, in the 2013-2014 school year, Lucio taught an evening adult education class "per session" at the Bronx Adult Learning Center, in School District 79, which is located in the Emolier Academy, a public school, in Bronx, New York.

21. Even with his disability, Lucio has performed his duties in both of the above described jobs.

22. Prior to the 2013-2014 school year, Lucio routinely received satisfactory ratings for his teaching.

23. In fact, Lucio has been a mentor and staff developer for other New York City teachers.

24. Ms. Grismaldy Laboy-Wilson ("Wilson") is the Principal of X519 and Lucio's supervisor.

7

25. On or about March 4, 2014, Lucio requested permission from Wilson to take a personal day, for a medical matter, the delivery of a package of his prescription medicine for his immune disorder, HIV, which needed to be refrigerated.

26. Lucio was entitled to take a personal day under his union's contract with the New York City Department of Education.

27. In response to Lucio's request, Wilson demanded to know the purpose of the requested personal day as well as what the package to be delivered contained, threatening Lucio with the consequence of writing him up, which was disciplinary action, if he did not tell her.

28. Lucio was entitled to privacy for his disabling medical condition, and he was so distressed by Wilson's outrageous and invasive threat and demands that he broke down in tears.

29. Wilson then stated to Lucio, "you are anxious."

30. From Wilson's statement, Lucio inferred that Wilson had incorrectly assumed the package addressed to him contained medication for anxiety and that she regarded him as suffering from anxiety.

31. However, Lucio did not correct Wilson's perception that he suffered from anxiety, as he did not want to disclose his actual medical condition and disability to her.

32. Subsequently, Wilson subjected Lucio to ridicule and humiliation, with comments to Lucio such as "did you take your anxiety meds today?"

33. Wilson's comments about his purported anxiety greatly distressed Lucio.

34. Further, Wilson segregated Lucio from his co-workers, further distressing him.

8

35. On July 5, 2015, Lucio asked Wilson if he could see the job postings for compensatory time teaching.

36. Compensatory time teaching would benefit Lucio by reducing his teaching load.

37. Lucio believed Wilson possessed the compensatory time job postings at the time of his inquiry.

38. Lucio was entitled to see the requested compensatory time job postings under his union contract.

39. Wilson did not provide Lucio with the compensatory time job postings.

40. Instead, two days later, Wilson notified Lucio that she was ordering him to report for a psychological exam, to be administered by the Medical Administration of the New York City Department of Education, on August 17, 2015.

41. On information and belief, Wilson ordered the psychological exam on the basis of her regarding Lucio as having a disability, anxiety

42. The purpose of the exam was to determine Lucio's fitness for teaching.

43. After Wilson's order to take the psychological exam, Lucio felt he had no choice but to disclose his immune disorder, HIV, to his superiors, and he did so in mid-July 2015.

44. Lucio protested Wilson's order to take the exam to his superiors.

45. Even after he did so, he was informed by his superiors that he still had to take the psychological exam.

46. On August 17, 2015, Lucio reported for the psychological exam and was informed by the psychologist that there was "nothing wrong" with him.

9

47. In the 2015-2016 school year, Lucio is still being segregated from his co-workers; Lucio is the only teacher in the school having to teach by traveling around the school with a roving cart, whereas the other teachers have classrooms, although Lucio's seniority entitles him not to teach out of a cart.

48. On information and belief, the above described hostile and intentional actions by Wilson against Lucio were motivated by disability discrimination, on the basis of a disability she regarded him as having and/or that he actually had, and by retaliation for his opposing unlawful discrimination in being compelled to undergo a psychological exam.

## RACE DISCRIMINATION

49. Plaintiff Lucio Celli ("Celli") is a Caucasian male.

50. Lucio taught an adult evening class at the Bronx Adult Learning Center ("the Center"), during 2013-2014.

51. Principal Anne Bernard ("Bernard) was Lucio's supervisor at the Center.

52. Richard Cole ("Cole") was Lucio's supervisor and an administrator who evaluated teachers at the Center.

53. Lucio was the only Caucasian teacher at the Center during 2013-2014.

54. The other four teachers at the Center during 2013-2014 are non-Caucasian.

55. Bernard and Cole are non-Caucasian.

56. While teaching at the Center, Cole denied Lucio books he needed for his students, whereas the other non-Caucasian similarly situated teachers were not so denied.

57. Furthermore, although the Center required all the teachers to arrive by 6:00 p.m., Cole allowed Lucio's similarly situated non-Caucasian co-workers to arrive at 6:45 p.m.

10

58. However, Lucio was required to be at work at 6:00 p.m.

59. Moreover, each time Cole conducted an evaluation of Lucio, he started the evaluation while Lucio was setting up to teach, which had an adverse effect on Lucio's ratings.

60. In contrast, Lucio's similarly situated non-Caucasian co-workers at the Center were allowed time to set up before they were evaluated by Cole.

61. Cole's evaluations of Lucio were improper, as they were based on defective evaluation procedures or intentionally false.

62. On information and belief, Cole's poor evaluations of Lucio reflected his racial bias against Lucio.

63. Lucio has excellent teaching qualifications to teach adults based on his degrees and years of teaching experience.

64. Lucio has taught in New York City schools for 16 years.

65. Lucio has been a mentor and staff developer for other teachers.

66. Lucio possesses two licenses: a high school teaching license and a special education K-12 license, both of which are appropriate to the adult high school students in the Center's classes.

67. The other teachers at the Center, who are non-Caucasian, all possessed common branch teaching licenses, which are intended for grades K-6 only.

68. Yet the other Center teachers, who were non-Caucasian, who did not have Lucio's teaching qualifications, all received good evaluations from Cole.

69. Because of Cole's unjustified poor evaluations of Lucio, Bernard denied Lucio a summer teaching position at the Center.

11

70. On information and belief, seniority was the basis for hiring a summer teacher at the Center.

71. Lucio had more seniority than the four non-Caucasian teachers who were hired for the summer instead of Lucio, one of whom replaced him.

72. On or about June 25, 2014, Lucio received a "U" or Unsatisfactory rating from Bernard.

73. Under the rules and procedures of the DOE, prior to the issuance of a "U" rating, a principal must advise a teacher he is in danger of receiving a U rating and must conduct a formal observation prior to issuing the U rating.

74. Bernard did not advise Lucio he was in danger of receiving a U rating.

75. Bernard did not conduct a formal observation of Lucio prior to issuing the U rating.

76. Lucio appealed the U rating to the DOE Office of Appeals and Review (OAR) in Brooklyn, New York on or about June 27, 2014.

77. The DOE mandates that a complete set of the documents used to evaluate a teacher be sent to the teacher 3 weeks prior to the DOE appeals hearing.

78. Lucio did not receive, as mandated by the DOE, a complete set of the documents used to evaluate him prior to the hearing.

79. On May 4, 2015, a hearing was conducted by the DOE Office of Appeals and Review in Brooklyn, New York, for Lucio's appeal

80. The DOE evidence used against Lucio at the hearing was defective.

81. The DOE evidence contained an unsigned observation report, in violation of the DOE's own rules and procedures.

12

82. The unsigned observation report should not have been considered by the hearing officer or admitted into evidence.

83. On information and belief, the DOE evidence contained partial and false observation reports.

84. The DOE's evidence lacked the mandated formal evaluation by Bernard as she had failed to conduct a formal evaluation of Lucio.

85. Further, at the hearing, Lucio was informed he was not allowed to cross examine the Principal.

86. The hearing officer improperly considered Lucio's appeal based on defective procedures, false, missing and incomplete evidence, without the benefit of testimony from Lucio's cross examination of the Principal.

87. The hearing officer's decision, issued on or about June 8, 2015, improperly affirmed Lucio's U rating.

88. Under DOE rules and procedures, a teacher is entitled to a tape recording of the appeal hearing.

89. The DOE has failed to provide Lucio with a complete recording of the appeal hearing, despite his repeated requests.

90. According to the United Federation of Teachers, "a U rating has serious negative implications, such as...dismissal." http://www.uft.org/new-teacher-q/there-anything-i-can-do-if-i-get-u-or-d-rating

91. As a result of Defendants' illegal actions described above, Lucio has suffered financial losses and significant emotional distress.

13

## CLAIMS FOR RELIEF

## AS AND FOR THE FIRST CLAIM OF RELIEF

*Disability Discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.
§ 12102(1)(a); the New York State Executive Law § 296; and the
New York City Human Rights Law
Physical Disability
Hostile Work Environment*

92. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in
Paragraphs 1 through 91 herein.

93. By way of the foregoing, Defendant DOE subjected Plaintiff to a hostile work
environment on the basis of his actual disability, as: (1) Plaintiff has a legally recognized
disability within the meaning of the ADA, HIV, a disease of the immune system;
(2) Defendant DOE was aware of his disability, as it was disclosed to Plaintiff's
superiors; (3) Plaintiff has been harassed on the basis of his disability by being compelled
to take an unwarranted psychological exam, although Defendant knew he had HIV; has
not been given a classroom in 2015-2015; is segregated from his co-workers; and, is
being made to teach using a travelling cart, although his seniority entitles him not to do
so; (4) the harassment has been and continues to be sufficiently severe or pervasive to
alter the terms, conditions, or privileges of Plaintiff's employment; and, (5) a factual
basis exists to impute liability for the harassment to the employer, as Plaintiff's
supervisor knew of Plaintiff's disability and has repeatedly subjected him to tangible acts
of harassment; in violation of the Americans with Disabilities Act; the New York State
Executive Law § 296; and the New York City Human Rights Law.

14

94. By way of the foregoing, Defendants Anne Bernard and Richard Cole aided, abetted, incited, compelled and coerced the aforementioned discriminatory treatment, in violation of the New York State Executive Law § 296(6) and the New York City Human Rights Law.

95. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer, emotional distress, physical, mental and emotional injury and pain, and mental anguish, pain and suffering, humiliation and embarrassment.

## AS AND FOR THE SECOND CLAIM OF RELIEF

*Disability Discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(c); the New York State Executive Law § 296; and the New York City Human Rights Law Regarded as Having a Disability Hostile Work Environment*

96. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 95 herein.

97. By way of the foregoing, Defendant DOE subjected Plaintiff to a hostile work environment because: (1) his supervisor at X519 regarded Plaintiff as having a disability, anxiety, severe enough to warrant prescription medication and a psychological exam to determine his fitness to teach; (2) Defendant DOE was aware of Plaintiff's purported anxiety, as it participated in the order for and carrying out of the psychological exam; (3) Plaintiff was harassed on the basis of his perceived disability, anxiety, by being humiliated, ridiculed, segregated from his co-workers and compelled to take an unwarranted psychological exam; (4) the harassment was sufficiently severe or pervasive to alter the terms, conditions, or privileges of Plaintiff's employment; and, (5) a factual basis exists to impute liability for the harassment to the employer, as Plaintiff's

15

supervisor regarded Plaintiff as having a disability, anxiety, and repeatedly subjected him

to acts of harassment; in violation of the Americans with Disabilities Act; New York

Executive Law § 296; and New York City Human Rights Law.

98.  By way of the foregoing, Defendants Anne Bernard and Richard Cole aided, abetted,

incited, compelled and coerced the aforementioned discriminatory treatment, in violation

of the New York State Executive Law § 296(6) and the New York City Human Rights

Law.

99. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered,

and will continue to suffer, emotional distress, physical, mental and emotional injury and

pain, and mental anguish, pain and suffering, humiliation and embarrassment.

## AS AND FOR THIRD CLAIM OF RELIEF
*Disability Discrimination in violation of the Americans with Disabilities Act,*
*42 U.S.C. § 12203 and § 12112(d)(4)(a); the New York State Executive Law § 296; and*
*the New York City Human Rights Law*
*Retaliation*

100. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in

Paragraphs 1 through 99 herein.

101. By way of the foregoing, Defendant DOE retaliated against Plaintiff on the basis of his

disability, HIV, because: (1) Plaintiff was engaged in protected activity, opposing the

unlawful order by Defendant DOE to undergo an unwarranted psychological exam, even

though Defendant DOE knew he had a physical disability, HIV; (2) Defendant ordered

him to take the psychological exam anyway, in violation of the ADA, 42 U.S.C.

§ 12112(d)(4)(a), which prohibits medical examinations for employees that are not job

related and not consistent with business necessity; (3) Plaintiff's opposition to the

16

unlawful exam and disclosure of his HIV caused Defendant to order the unlawful exam anyway.

102. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer, emotional distress, physical, mental and emotional injury and pain, and mental anguish, pain and suffering, humiliation and embarrassment.

## AS AND FOR THE FOURTH CLAIM FOR RELIEF
*Racial Discrimination in violation of Title VII, 42 U.S.C. § 2000(e) et seq.;
the Equal Protection Clause pursuant to 42 U.S.C. §1983; the New York State Executive
Law § 296; and the New York City Human Rights Law
Disparate Treatment*

103. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 102 herein.

104. By way of the foregoing, and acting under color of state law to intentionally deprive Plaintiff of his right to be free of racial discrimination in employment, the Defendants are liable for violation of the Equal Protection Clause of the United States Constitution pursuant to 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, New York Executive Law § 290 et seq. and the New York City Human Rights Law, which prohibit the deprivation under color of state law the rights secured by the United States Constitution or by statute. Defendants have intentionally violated Plaintiff's rights to be free of racial discrimination in employment by intentionally subjecting Plaintiff to disparate treatment on the basis of his Caucasian race: (1) by treating Plaintiff, who is Caucasian; (2) and well qualified for his job, by virtue of his higher education degrees and 16 years of teaching experience; (3) less well than his less qualified, non-Caucasian and similarly situated comparators at the Bronx Adult Learning Center, on the basis of

17

his race, by refusing him teaching materials; giving him poor, biased and false evaluations; and, by using those negative evaluations to preclude his summer employment; (4) and by hiring less qualified, non-Caucasian teachers instead of Plaintiff; Defendants have violated Title VII, 42 U.S.C. § 2000(e) et seq; the Equal Protection Clause pursuant to 42 U.S.C. §1983; the New York State Executive Law § 296; and the New York City Human Rights Law.

105. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, loss of income and other financial benefits, a loss of professional opportunities and future income, extreme emotional distress, physical, mental and emotional injury and pain, mental anguish, pain and suffering, humiliation and embarrassment.

106. By way of the foregoing, Defendants Anne Bernard and Richard Cole aided, abetted, incited, compelled and coerced the aforementioned discriminatory treatment, in violation of the New York State Executive Law § 296(6) and the New York City Human Rights Law.

## AS AND FOR THE FIFTH CLAIM FOR RELIEF
*Violation of the Due Process Clause pursuant to 42 U.S.C. §1983*

107. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 106 herein.

108. By way of the foregoing, Defendant DOE is liable for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983. Defendants have deprived Plaintiff of his rights to procedural due process: (1) by depriving Plaintiff of his legitimate property interest in his civil service

18

employment as a teacher of adult education; (2) as Plaintiff had a reasonable expectation, based on his seniority and qualifications, that he would have a summer teaching position for Defendant DOE; (3) and, by Defendant DOE's defective procedures in an appeal hearing on his U rating, which was substantially unfair, as it deprived Plaintiff of (a) his right to know all the opposing evidence against him, and (b) such evidence as was admitted by the hearing officer and relied on by him was biased, falsified, and incomplete; (c) Plaintiff was deprived of his right to cross-examine Bernard, and (d) Plaintiff had a right to have a decision made on the full record.

109. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, loss of income and other financial benefits, a loss of professional opportunities and future income, emotional distress, physical, mental and emotional injury and pain, mental anguish, pain and suffering, humiliation and embarrassment.

### AS AND FOR THE SIXTH CLAIM FOR RELIEF
*Monell Liability*

110. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 109 herein.

111. At all relevant times herein, Defendant, the New York City Department of Education ("DOE"), under the authority of New York State, acted in violation of Plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause and Due Process Clause of the United States Constitution, pursuant to 42 U.S.C. § 1983, resulting from the policies, practices and/or customs of racial discrimination and violations of due process, as evidenced by the disparate treatment of Plaintiff on the basis of his Caucasian race in

contrast to his non-Caucasian comparators, and by substantially unfair appeal hearing procedures, as described above. Defendant DOE is liable for its employees' deprivation of Plaintiff's rights, because such acts were taken in accordance with Defendant's custom or practice of discriminating and/or selectively treating individuals, such as this Plaintiff, and others, who were Caucasian DOE teachers and its custom or practice in conducting procedurally defective appeal hearings; these practices were so persistent and widespread that they constitute the constructive acquiescence of DOE policymakers, and, the individual policymakers, Bernard and Cole, directly participated in and/or tacitly condoned the racial discrimination and due process violations to which Plaintiff was subjected, in an effort to deprive him of employment.

**WHEREFORE,** Plaintiff demands judgment against Defendants for all compensatory, emotional, psychological and punitive damages, lost compensation, front pay, back pay, liquidated damages, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that the Court grant Plaintiff any other relief to which he is entitled, including but not limited to:

1. Awarding reasonable attorneys' fees and the costs and disbursements of this action;

2. Granting such other and further relief that to the Court seems just and proper.

**Further,** Plaintiff demands a trial by jury.

20

Dated: Garden City, New York
January 21, 2016

THE LAW OFFICE OF
STEVEN A. MORELLI, P.C.
*Attorneys for Plaintiffs*
990 Stewart Avenue
Garden City, New York 11530
(516) 393-9151

_____
Rhoda Yohai Andors (RA7538)

21

## VERIFICATION

State of New York           )
                            ) ss:
County of Nassau            )

LUCIO CELLI, being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that he has read the foregoing **Amended Complaint** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matter thereinstated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
LUCIO CELLI

Sworn to before me this
2 1 day of JAN 2016

_____
Notary Public

NORMA F. HARDING
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01HA4970108
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES JULY 30, 20__