

C/M

ZACHARY W. CARTER
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL NACCHIO**
**Labor and Employment Law Division**
P: (212) 356-0839
F: (212) 356-2438
mnacchio@law.nyc.gov

December 8, 2016

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> The premotion conference is waived. This letter is deemed to constitute defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss as well as their opposition to the motion to disqualify. Plaintiff must file opposition to this motion by 12/26/16 or this action may be dismissed.
> SO ORDERED: 12/8/16
>
> _____
> U.S.D.J.

Re:  Lucio Celli v. Richard Cole et al., 15 Civ. 3679 (BMC) (LB)

Dear Judge Cogan:

I am the Assistant Corporation Counsel assigned to represent Richard Cole, Anne Bernard, and the Department of Education.[1] Defendants write because plaintiff has filed a motion for this Court's recusal without leave and has untimely filed a 198 page long third amended complaint ("TAC") which ignores this Court's order. Defendants respectfully request a pre-motion conference to discuss defendants' proposed motion to dismiss the latest TAC and discuss plaintiff's recusal motion.

**A.      Procedural History**

On June 24, 2015, plaintiff *pro se*, filed a complaint alleging race discrimination under Title VII due to a "U" or unsatisfactory rating he received June 27, 2014. Defendants answered the complaint on December 31, 2015. Plaintiff then retained counsel, Steven Morelli, who filed a first amended complaint ("FAC") on January 21, 2016.[2] The amended complaint asserted claims under Title VII, the ADA, NYSHRL, NYCHRL, and § 1983 constitutional claims under the 14th Amendment. Defendants filed an answer to the FAC on February 4, 2016.

---

[1] Upon information and belief, Grismaldy Laboy-Wilson, Courtenaye Jackson-Chase, Esq., and Ms. Susan Mandel, Esq., have not been served.

[2] On March 8, 2016, Mr. Morelli was arrested and has unresolved criminal charges. All references to "Rule" are to the Federal Rules of Civil Procedure, "Title VII" to Title VII of the Civil Rights Act of 1964, "ADA" to the Americans with Disabilities Act, "NYCHRL" to the New York City Human Rights Law, "§ 1983" to 42 U.S.C. § 1983, and "14th Amendment" to the 14th Amendment to the United States Constitution.

At the February 25, 2016, conference Magistrate Judge Bloom permitted new counsel, Johnathan Tand, to appear for Mr. Celli by telephone and Mr. Celli appeared in person. Mr. Celli disavowed the FAC, which does not state a claim because, among other things, it does not allege a materially adverse employment action giving rise to an inference of discrimination. The Magistrate Judge directed Mr. Tand to serve me with a proposed second amended complaint ("SAC") by April 21, 2016, and a conference was scheduled to discuss whether defendants would consent to the SAC's filing. <u>See</u> scheduling order, dated February 26, 2016.

Mr. Tand eventually substituted as counsel of record in place of Mr. Morelli on April 29, 2016. <u>See</u> order, Docket No. 22. On May 12, 2016, I received the proposed SAC by e-mail from Mr. Tand. However, Mr. Celli then filed a different draft of the proposed SAC which materially differed from the draft SAC that Mr. Tand sent me and filed. *Compare* Tand SAC, Docket No. 24; *with* plaintiff's proposed SAC Docket No. 23. At a status conference on May 17, 2016, the Court granted plaintiff leave to file a SAC over defendants' objection. *See* scheduling order, dated May 17, 2016. Nine days later, Mr. Tand moved to withdraw as counsel of record. *See* motion to withdraw, Docket No. 25. The next day, May 27, 2016, the Court stayed service of the SAC and set a June 30, 2016, conference. *See* order, Docket No. 27. Yet, on June 13, 2016, Mr. Celli filed a 185 page long submission that included what appeared to be a proposed SAC. *See* Docket No. 29.

On June 30, 2016, Mr. Celli, Mr. Tand, and I appeared before Magistrate Judge Bloom who granted Mr. Tand's motion to withdraw and denied Mr. Celli's cross motion for sanctions against Mr. Tand. *See* order, Docket No. 30. The Court then stayed defendants' response to the SAC, and stayed the case until August 12, 2016, to allow Mr. Celli to find a new, third attorney. On August 8, 2016, Mr. Celli, as *pro se*, sought a further extension of time to find a new attorney and to serve the SAC, which was granted. <u>See</u> order dated August 10, 2016.

Mr. Celli and I next appeared at a conference on October 26, 2016, before Magistrate Judge Bloom who instructed Mr. Celli on the requirements and contours of this Court's October 23rd order. *See* order, Docket No. 37. I also served this Court's Order on Mr. Celli before the court appearance, as this Court directed.

**B.     The TAC**

Plaintiff has now untimely filed a 198-page proposed TAC. This is in flagrant violation of this Court's October 23rd order. *See Palm Beach Strategic Income LP v. Salzman*, 457 Fed. Appx. 40, 43 (2d Cir. 2012) ("[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."). This case should now be dismissed. *See* order ¶ 7, Docket No. 37; *Palm Beach Strategic Income LP*, 457 Fed. Appx. at 43.

The latest proposed TAC fails to state a claim and plaintiff has been given numerous opportunities to plead his case, with the advice of both this Court and Magistrate Judge Bloom as to how to do so. This Court's order dismissed Mr. Celli's first proposed TAC, which was 95 pages long. The Court cited Rule 8(a)'s dictate for a "short and plain statement of

the claim," and noted that it could not "understand plaintiff's claim because the pleading is so long and filled with so many details that it is not comprehensible." See October 23rd order, ¶ 1. Defendants cannot comprehend the new 198-page long proposed complaint; it is prolix and confused. Despite its length, the latest proposed TAC is fatally flawed and does not state any plausible claim. The TAC should be dismissed; defendants seek leave to move to dismiss.

**C.      Plaintiff's Recusal Motion Should Be Denied**

Defendants also oppose plaintiff's motion for recusal. Plaintiff does not have any grounds for seeking recusal and he only does so to "avoid the adverse consequences of [this Court's] expected adverse decision." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). Plaintiff's motion is made on the basis of 28 U.S.C. § 455 and 28 U.S.C. § 144. At the outset, Mr. Celli cannot avail himself of 28 U.S.C. § 144 because that statute requires a "timely and sufficient" affidavit from "counsel of record" detailing why the judge has a personal bias or prejudice. 28 U.S.C. § 144. Mr. Celli is a non-attorney proceeding *pro se* and thus "cannot supply a certificate of counsel." *Williams v. N. Y. City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003). His attempt to invoke 28 U.S.C. § 144 "fails as a threshold matter." *Id.*

Second, § 455(a) requires a judge's recusal in any case in which the judge's impartiality might reasonably be questioned. 28 U.S.C. § 455(a). This Court has "discretion in the first instance to determine whether to disqualify [itself]." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). The test is "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *Id.* In *In Re Basciano*, the Second Circuit found Judge Garaufis was within his discretion not to recuse himself upon learning that the defendant may have plotted to kill him. The "[m]ere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not, however, disqualify a decision maker." Hortonville Jt Sch. Dist. v. Hortonville Ed. Ass'n, 426 U.S. 482, 493 (1976) (*citing* Withrow v. Larkin, 421 U.S. 35, 47 (1975); and FTC v. Cement Institute, 333 U.S. 683, 700-03 (1948)). Nothing in plaintiff's motion shows any reason for recusal. The motion to recuse here is simply an attempt by plaintiff to obtain a different judge, to erase the rulings already made in this case, and to restart this case from the beginning. The tortuous history summarized above shows there is no reason to restart this case.

Plaintiff's motion for recusal should be denied and this case should be dismissed. Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Michael Nacchio*

Michael Nacchio
Assistant Corporation Counsel

cc:     Mr. Lucio Celli
        (By E-mail and US Mail)