Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Lucio Celli v. Richard Cole et al.
Docket No.: 15-cv-3679 (BMC) (LB)

Dear Honorable Judges:

As Your Honors are aware, I am the Plaintiff, Lucio Celli, in the above-referenced

matter. I am writing this letter in response today's status conference held at noon.

At today's conference, Magistrate Bloom said the Court received the Plaintiff's amended

complaint on December 7, 2016. Please take notice, Magistrate Bloom's statement is not an

accurate statement of the fact or she was misinformed of when the Court received the amended

complaint. This is letter serves to correct the misinformation and preliminary response to Mr.

Nacchio's letter placed on the docket today.

Lucio Celli placed the amended complaint in the court's drop box at 5:56 p.m. on

December 5, 2016. Therefore, the Plaintiff filed a timely amended complaint as the Court

ordered. Please see attachment $\mathcal{A}$

As for the City's pre-motion for dismissal, I would like to provide a preliminary statement of

today's letter from Mr. Nacchio

1. Plaintiff needs time to response to the letter, the Plaintiff respectfully request a month's

   time to respond properly. The Plaintiff request a date on or after January 9, 2017.

2. From Mr. Nacchio's letter, "Plaintiff has now untimely filed a 198-page proposed TAC. This is in flagrant violation of this Court's October 23rd order. See Palm Beach Strategic Income LP v. Salzman 457 Fed. Appx. 40, 43 (2d Cir. 2012) ("[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."). This case should now be dismissed. See order ¶ 7, Docket No. 37; Palm Beach Strategic Income LP 457 Fed. Appx. at 43." Lucio's response and he moves the Court to strongly consider the facts:

    a. Lucio sent the time stamped amended complaint via DOE email on December 8, 2016.

    b. Judge Cogan's dismissed the complaint to empower DOE/UFT to get away with white-collar crimes—it just appears this way because he distorted the facts. Is the Judge an officer of the court? Because there was an abuse of discretion by Judge Cogan, when he attempted to admonish Lucio for citing white-collar crimes and he distorted the facts to favor criminal conduct.

    c. Judge Cogan attempted to pigeonhole Lucio's complaint into racial discrimination and disability discrimination, but Lucio has audio recordings that his union would not do anything for him because the DOE retaliated against him and he would prevail under a Title VII suit, which was said in front of Blassman. The Union's statements were audio recorded and the rest were in the form of emails.

    d. Lucio's lawyers did not want to plead out retaliation because of Morelli's agreement with Blassman, which Judge Bloom ignored. Lucio did his part and

the Court favored criminal conduct or chose to ignore the facts that Lucio has audio recordings to prove his claims.

    e. Lucio informed Judge Bloom, which Mr. Nacchio was there, of Betsy Combier's conduct and the conduct of Tand/Morelli....Judge Bloom favored criminal conduct and Lucio wanted to press play to prove to the Court because Lucio has nothing to hide like the DOE. Lucio does not want the Court to believe Lucio because he wants the Court to listen to his audio recordings which all center on this case before the Court

3. From Mr. Nacchio's letter, "The latest proposed TAC fails to state a claim and plaintiff has been given numerous opportunities to plead his case, with the advice of both this Court and Magistrate Judge Bloom as to how to do so. This Court's order dismissed Mr. Celli's first proposed TAC which was 95 pages long. The Court cited Rule 8(a)'s dictate for a "short and plain statement of the claim," and noted that it could not "understand plaintiff's claim because the pleading is so long and filled with so many details that it is not comprehensible." See October 23rd order, ¶ 1. Defendants cannot comprehend the new 198-page long proposed complaint; it is prolix and confused. Despite its length, the latest proposed TAC is fatally flawed and does not state any plausible claim. The TAC should be dismissed; defendants seek leave to move to dismiss"

    a. Lucio wants to be totally clear of how Judge Cogan's admonishment letter came cross by using an analogy to highlight the judge's favoritism of criminal conduct:

        i. Suppose a plaintiff claimed sexual harassment with rape, which the rape victim has fucking recordings to provide the court. The judge responses to

the plaintiff's complaint is, "the plaintiff needs to decide in her mind what is sexual harassment and is merely a showing of affection."

    ii. How could the Court tell or force the plaintiff into believing that their account of the event is not right and not to believe in the evidence they have to show the Court? This is how Judge Cogan's letter came across because I pled white-collar crimes as documented in audio recordings and documents, but Judge Cogan wants Lucio to believe that white-collar crimes are ok…if this true, please provide Lucio with the information of where he can find this information and he will stop or otherwise, he is entitled to justice.

  b. The Judge cited Rule 8(a) because of his former coworker, Randi Weingarten. However, Lucio pled under Rule 9(b) because the rule requires that any charges of fraud be pled with particularity, and the courts have applied the Rule to every element of an FCA. This is due to statements of a DOE lawyer on October 8, 2015…the DOE blamed the UFT and the UFT blamed the DOE and Lucio fucking audio recorded everything because either both or one of the entities is lying to Lucio, which Judge Cogan appears to be protecting because where are the fucking documents that the DOE states existed to Lucio and the UFT said the DOE is lying…someone is lying and I have the audio recordings to provide the Court !!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!! The only thing Lucio knows, a white-collar crime occurred on May 4, 2015 and at other administrative hearings. According to the UFT, the DOE retaliated against Lucio because he filed the EEOC claim and this lawsuit and Lucio documented

the statements!!!!  I don't give a fuck because I have the recordings!!!!!!!!!!!!!!!!!!  Question is, why is this Court protecting criminals?

c. Either Mr. Nacchio is not aware or DOE Legal wants him to suborn perjury, but on October 8, 2015, Mr. Alan Lichtenstein, Esq, of DOE Legal, informed Lucio that all the fraud he experienced on May 4, 2015 was caused by the UFT. Mr. Lichtenstein made his statements on October 8, 2015, which Lucio audio recorded and place some of Mr. Lichtenstein's statements in the complaints.

d. It appears, Judge Bloom and Judge Cogan favors criminal conduct because Lucio verbalized (and wrote in the complaint dismissed) that there was a criminal collusion between ALJ Blassman and his former lawyers to stop facts from being pled, which Mr. Nacchio distorted in his letter—which Lucio audio recorded Morelli saying and the Court ignored. Lucio wrote that Morelli warned Lucio of vindictive Blassamn but Lucio also included that Morelli said he would lie about what he told Lucio October 14, 2015. Lucio took the statement as intended which was a threat because of context of Morelli's statement and Blassman's conduct on January 11, 2016 and thereafter. Lucio does not want anyone to believe him, he wants to press play because the audio recordings is the only way to provide truth to what occurred.

e. What Judge Cogan called unfair is what Randi blamed Lucio for and is what Lucio's former lawyers said DOE lawyers were immuned from following Supreme Court decisons and could not be pled, which Lucio told Judge Bloom but she ignored—favoritism of criminal conduct. How could the deprivation of Loudermill rights be unfair, Lucio's fault, and DOE Legal be immuned in court?

i. Lucio was denied his due process rights found in Cleveland Board of Education v. Loudermill

ii. Judge Cogan has the fiduciary duty to uphold the US Constitution and Supreme Court decisions, but it appears, he decided to distort the facts to empower criminals that work for the DOE—where are the documents that DOE said exists? It is a simple request because the DOE has looked for ways to get away with white-collar crimes and Lucio has audio recordings with psychical documents to prove white-collar crimes.

iii. Lucio audio recorded his UFT Rep telling him that the UFT/DOE have a secret agreement to deny members from presenting evidence at Loudermill hearings.

iv. The secret agreement is against the Taylor Law and the agree is against the Supreme Court decision of Cleveland Board of Education. But, Lucio's lawyer said that DOE Legal is immuned in court and Judge Cogan said it is okay because he wrote, "employer can be unfair" and he threatened to dismiss the complaint if Lucio pled the facts of fraud…I cannot fucking believe this or Mr. Nacchio's letter

v. Blassman helped the DOE retaliate against Lucio by violating her fiduciary duties, under the Taylor Law, to violation Lucio's right to file a motion for particularization, which Judge Cogan distorted the facts to be Blassman ruled on the matter…Blassman violated

her duties to help the DOE retaliate against Lucio, therefore, Blassman's immunity would be fucking popped!!!!!!! Just like Blassman informed Lucio—Lucio has the audio recording to provide the Court and sent a copy to the DOE/UFT/PERB—that Mandel is allowed to falsify a legal document and the UFT informed Lucio that the DOE violated their agreement...someone is fucking lying and I having the fucking recordings

4. . The Defendants continue to commit white-collar crimes against Lucio because they feel empowered by Judge Cogan, Magistrate Bloom, and Administrative Law Judge Blassman.

   a. On May 4, 2015, a white-collar crime was committed against Lucio. But, Lucio pled under Rule 9(b) because the rule requires that any charges of fraud be pled with particularity, and the courts have applied the Rule to every element of an FCA—but the Judge Cogan kept on say merely unfair in the letter dated October 23, 2016 but Lucio experienced and has audio recordings for fraud. Lucio cannot believe Judge Cogan favors people that commit white-collar crimes, which Lucio has audio recording to provide the Court.

   b. On or around December 23, 2015, Drantch, Esq. filed with PERB that Blassman already rendered a decision. Lucio submitted an improper practice charge because of the white-collar crime that occurred on May 4, 2015.

   c. On January 11, 2016, Blassman said that she did not render a decision and lied about the fact that the Charging Party did not have the right to file a motion for particularization, which Judge Cogan distorted to Blassman ruled...Judge Cogan

knows, a ruling would provide Blassman with immunity and being deceitful, Blassman's immunity gets fucking popped—it just appears Judge Cogan favors criminal conduct!!! This was to help the DOE get away with the crime committed against Lucio on May 4, 2015 and the fact that DOE did not investigate Lucio's claim of racial animus with contractual violations—which Lucio has audio recordings to provide the Court.

d. Sometime in the Spring of 2016, Lucio received a FOIL request information from PERB, which confirmed Blassman's statement that she did not render a decision and Drantch submitted fraudulent document, which Blassman accepted knowing that Drantch committed fraud. In addition, the said FIOL request proved Blassamn lied about the motion for particularization, as well, because Lucio did have the right to file the said motion, which Blassman had the fiduciary duty to rule on the merits—but she helped DOE commit a crime against Lucio!!!!!!!

e. In October of 2016, Lucio received FOIL request but the DOE continued to commit a white-collar crime because Lucio requested the document Drantch wrote in December of 2015 that Blassman already rendered a decision prior to December (Drantch never cited a date but he fucking swore, in front of Blassman, that the document existed) and the DOE sent Blassman decision from June 27, 2016, which Lucio already had in his possession….where is the fucking document that Drantch swore in writing and in front of Blassman that Blassman rendered a decision? If it exists, then the DOE needs to produce or the committed a crime to avoid the crime committed against Lucio on May 4, 2015…which Judge Cogan threatened to dismiss Lucio's if he pled the white-collar crimes and

my former lawyers said DOE Legal is immuned from Supreme Court decisions and Randi Wiengarten blamed Lucio for the violation of Cleveland Board of Education v. Loudermill

f. I understand what the fuck I am able to read and my fucking rights were robbed from me by Judge Cogan's former coworker Randi Weingarten because she negotiated her member's Loudermills rights ways, which is illegal under the Taylor Law and I have audio recorded....I am not dealing with fucking crackheads, so I cannot believe the corruption because I have the audio recordings

g. Betsy Combier informed me about Ed Fagan. In addition, Betsy Combier told Lucio about her work on Ed Farrell's appeal of his Loudermill appeal in 2004. Upon information and believe, the deprivation of members'/employees' Loudermill rights began in 2004 because since then, member/employee stories are similar, which Lucio has more to add to the chart found in the motion to recuse and in the amended complaint. Combier has written, in great length, of the fraud that occurs at the appeal hearings....if the appeals process is so fraudulent, then she needs to produce the evidence because I cannot wait to press play of how DOE/UFT committed fraud against me.

h. I do not want anyone to believe me because I want the audio recordings to do all the speaking for me.

5. Lucio started to oppose the illegal conduct in a manner that would be deemed ok by the Court. Due to harassment by Lucio's own lawyers, Betsy Combier, Peter Zucker, Blassman, DOE Legal and etc, Lucio has turned to the extreme to get his day in Court

and if Mr. Nacchio denies the knowledge, then he would perjure himself. People do not have the right to commit white-collar crimes Lucio, as Judge Cogan wants him to believe. Lucio has done the following to provoke his chance to get justice: Vives v. City of New York involved a state statute authorizing arrests for what is called aggravated harassment. In Vives, an individual sent letters to public officials informing them of conspiracies of organizations involving Jews. This has not worked because if the DOE has Lucio arrested, Lucio's defense would be DOE committed crimes against him and he would get a chance to play his recordings. Your Honors need to listen to conversation of where the DOE "appears to Lucio not to get terminated for his actions," which is in response towards Lucio's emails... Lucio is entitled to answers beyond the lies of "I gave the documents to Mr. Celli on June 27, 2014," "We can't speak about that now. Sigh" and "Mr. Celli knew of learning expectations because he went to the pd on September 13, 2013—I did not attend the pd because it predates my employment in the program" and "Oh, I should have sent it down." Whether Judge Cogan or my fuck lawyers like the fact or not, I was and still am guarantee rights via Cleveland Board of Educaiton v. Loudermill...**and** Randi Wiengarten and the DOE did not have the right to negotiate the rights away because this type of negotiation is illegal under the Taylor Law and **most importantly**, the Judge Cogan has the fiduciary duty to uphold the Supreme Court decisions and not favor criminal who violate the said decision because Lucio has audio recordings to provide the Court...**It appears the only way DOE Legal/UFT is allowed to be immuned from Supreme Court decisions if they have a corrupt judge in their pocket that willfully ignores the facts (audio recordings and physical evidences) that the Plaintiff has to present the Court.**

I believe that corrupt decisions by judges should be printed out and the judge that ignores the Supreme Court decision should print out his/her decision and wipe their ass with it because their decision is worth that type of conduct—this should show the Court how much people have harassed him because he is at a point that he no longer cares what happens next. No one has the right to commit a crime against me and the Court does not have the right to ignore the crime because their former friend negotiated this illegal deal and Betsy Combier said that Randi and UFT always makes phone calls to obtain favors—I guess I am that favor since the Judge distorted the facts to protect the illegal conduct. I cannot prove there was a phone call but I can prove the distortion of facts that fall within my "Beloved Randi's" emails to me—I only provided one email from my "Beloved Randi"!!! I love my phone. Then, the plaintiff should appeal the decision and work within framework that the corrupt judge decided to ignore and the decisions made by the Supreme Court, just saying what I think and believe. There has to be someone honest in this system. I don't give a fuck if it is in civil court or criminal court but no one, I mean no one, has the fucking right to commit a mother fucking crime against me and **it is Not** merely unfair but a fucking crime, **but** Judge Cogan wants Lucio to believe because there are penal codes against what Lucio experienced and the DOE/UFT does not want to explain.

To let the truth be told that I do believe that Randi Weingarten and the UFT is behind everything. But, read and understood that I cannot be conclusory in court and nothing in the complaints are conclusory because everything that I claim is supported by audio recordings. I pled and informed Judge Bloom, as early as February 26, 2016, that Courtenaye Jackson-Chase is the mastermind of fraud and Angela Blassman is vindictive

and is breaking federal law by impeding me from putting forth claims with the help of Morelli and Tand—I placed those claims because I have audio recordings and caselaws to support those claims. It appears DOE Legal does not worry about citing fake documents because Judge Cogan is friend—I would be afraid to continue with same conduct, but not the City because Judge Cogan has empowered people that commit white-collar crimes…as if it is a superhero power—where are these documents that the City said, and Lucio audio recorded and UFT said did not, existed?

Betsy Combier maybe a lowlife and a thief[1] because she intended to inflict emotional pain upon me and threatened where I work—which the Court ignored because I have the audio recordings and Betsy wrote about her business relationship with Jackson-Chase. But, Catherine Battle, Esq. makes Betsy appear like a saint because she threatened me and in front of Blassman too—Battle also told Blassman that the UFT will not help me in the appeal because of the Titel VII suit, but the UFT would consider helping if I dropped the PERB (this is every interesting and I have audio recordings. Do you know about the pictures?)—wait, Battle's statement falls within your admonishment and it is a violation of a union's duty of fair representation and you distorted the facts for a former coworker, it appears because what you wrote is not what occurred or what I wrote in the complaint. I have to be vague because the Court approves of Betsy Combier's conduct of intimidating to help Jackson-Chase, as Betsy told me. I don't give fuck because I have the audio recordings and physical evidence to come into court, which is why you are being corrupt. I would love to say what Battle threatened with me because I want her to explain why she's a piece of shit, but Betsy will intimidate me and the Court will ignore it by placing it on her blog. Before Betsy put my HIV status on her

---

[1] Betsy Combier stole money from me

blog, Battle's threat is too personal and far worse than HIV, in my opinion …I base my assessment on previous actions and I have to deal with people like you, who support criminals.

Monte Klein of PERB informed me that I needed to look up RICO but he retired after I confronted him—go figure! Anyway, Battle submitted Cole's rubric to PERB and Barr said the union did not have ….this appears in Federal prosecutor's manual as part of criminal conduct of a union under the RICO statute…please explain. Answers change and documents go unaccounted for after I have said I audio recorded…could you explain to me because you said this conduct is okay, Judge Cogan? In my mind, if someone did nothing wrong, then there is not a reason to panic. Nevertheless, there are lies to cover up lies and then, cite documents that do not exist…Judge Cogan calls this unfair and ok and these conduct falls within criminal conduct…I do not understand this concept, but I was trained to be a liar like the lawyers at the DOE Legal and it appears Judge Cogan is trained the same way…I do not want to be disrespectful but state what it appears.

In conclusion, I implore you to carefully review the information I have provided and render a fair and just decision regarding the use of my complaint in its original form. Lengthy or not, the information is essential to the establishment of the truth of my claims. I need time to properly respond to Mr. Nacchio's letter dated December 8, 2016.


Thank you for your attention.

Sincerely,

Lucio Celli
2743 Seymour Avenue
Bronx, New York 10469
enzo0mad@aol.com
646-734-3899

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*FILED*

2016 DEC -5 PM 5: 56

CLERK
U.S. DISTRICT COURT
E.D N.Y.
AFTER HOURS DROP BOX

-------------------------------------------------------X

LUCIO CELLI,

                                    Plaintiff,

                                                    No. 15-cv-3679
                                                    (BMC)(LB)

                    -against -

A. Hachment A

                                                    **VERIFIED
                                                    AMENDED
                                                    COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,
ANNE BERNARD (in her Official and Individual Capacity),
RICHARD COLE (in his Official and Individual Capacity),
COURTENAYE JACKSON-CHASE, ESQ (in her Official
and Individual Capacity),  Ms. Susan Mandel, ESQ (in his
Official and Individual Capacity), and GRISMALDY
LABOY-WILSON (in her Official and Individual
Capacity),

                                                    *Jury Trial-Demanded*



                                    Defendants.

-------------------------------------------------------X

    Plaintiff, LUCIO CELLI, PRO SE, respectfully alleges, upon knowledge and his own

actions, and upon information and belief as to all other matters, as follows:

                            **NATURE OF THE CASE**

1.  This is an employment discrimination and civil rights action against Defendants, New York

    City Department of Education and the above named individual Defendants, Anne Bernard,

    Grismaldy Laboy-Wilson, Tod    d Drantch, Courtenaye Jackson-Chase, and Richard Cole,

    for:

    a.  Disability discrimination in violation of the Americans with Disabilities Act

        ("ADA"), 42 U.S.C. § 12101 et seq.; the New York Executive Law § 296 (New York

1

Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Lucio Celli v. Richard Cole et al.
Docket No.: 15-cv-3679 (BMC) (LB)

Dear Judge Brain M. Cogan:

As Your Honor is aware, I am the Plaintiff, Lucio Celli, in the above-referenced matter. I am

writing this letter in response to your admonishment of the complaint that you dismissed on

October 23, 2016. I appreciate the constructive criticism and the chance to submit another

complaint. I would like to address your criticism paragraph by paragraph with you.

1.     In your paragraph 1, you stated the following:

"The reason for Rule 8(a)'s requirement of a short and plain statement is so that the Court can

understand what a plaintiff is saying."

My response:

I agree that it is long and complicated, but the facts are complicated with various entities with

their respective agents involved—which is the reason behind some of the repetition and length. If

I may remind you without being disrespectful, I retained an attorney and his conduct IS

BEYOND just or mere malpractice, but IT IS MOTIVATED by Administrative Law Judge

Angela Blassman because she participated in the scheme to help Cole/Bernard and Morelli

warned me about Blassman—I took the warning on October 14, 2015 as threat—, which is

criminal AND NOT just or mere malpractice.

Because of the facts and circumstances, I knew and understood that my complaint needed to be pled by using Federal Rule 9. Under Rule 9(b) requires that any charges of fraud be pled with particularity, and the courts have applied the Rule to every element of an FCA. As I reviewed numerous complaints, the complaints failed because they DID NOT plead sufficient amount of facts (you called it details) to raise an inference of fraud. **Now, you would not want me to fail to plead sufficient amount facts that will show fraud and clearly establish prima facie case for fraud and retaliation.**

2.     In your paragraph 2, you stated the following:

"This should be a simple case to plead. The essence of plaintiff's claim is that each defendant undertook one or more acts that was unfair and in each instance, that act was motivated, at least in part, by the fact that plaintiff was disabled or Caucasian or both."

 My response:

This would make sense, if I did not experienced retaliation and harassment **with** the criminal conduct that has caused me nonstop source of stress and emotional pain. The emotional pain from the criminal conduct has caused me to seek counselling to cope with the white-collar crime because I live in fear of having another crime being committed by my employer and the conduct ignored. Without any disrespect to Your Honor, it appears that you ignored the same criminal conduct in your letter, which I have audio recordings to provide to the Court. I must plead retaliation and harassment because of my audio recorded conversations and emails, especially with the former General Counsel of New York City Department of Education, Courtenaye Jackson-Chase on December 18, 2014.

 **My understanding of retaliation is that I must prove the following:**

(1) she/he engaged in a protected activity known to the defendant; **(the email to the audio recordings, and my emails to Jackson-Chase and the way I publicly addressed Jackson-Chase 3 times—I stated directly my belief that it is retaliation "because of" my complaining that my employer took material adverse employment actions against me)**

(2) the defendant took an employment action adverse he/her; and

(3) there exists a causal connection between the protected activity and the adverse action. **(The nexus is established for purposes of a prima facie case by proof that the protected conduct preceded the adverse treatment and proof of the employer's knowledge of the employee's protected activity prior to taking the adverse action. I have the physical evidence to established this proof for you)**

3.    In your paragraph 3, you stated the following:

"I want to be very clear by what I mean by "unfair." The law does not prohibit an employer from acting unfairly."

My response:

I believe that I understand what is unfair under Title VII and 42 U.S.C 1981 and what is not—I have looked for caselaws to support what I have written into the complaint and you dismissed, especially within this district court. **I have described a crime against me with proof to provide the Court. But, you have couched the criminal conduct by my employer as being unfair—which I do not understand the favoritism for a white-collar crime.**

As I read the requirements for disqualification, it is wrong to assume what is in a judge's heart and mind. Without being disrespectful on my part, please explain how and why an

employer/state agencies can commit a white-collar crime and the said conduct/crime be deemed "unfair" and ok for any employer because there is a difference between acting unfairly and white collar crimes—at least in my mind and the way I read New York State Penal Code 175. **For each claim of criminal conduct, I have physical evidence or audio recordings to support my claim of the white-collar crime.** As you pointed out, the employer can act unfairly towards their employees, but it prohibits actions taken because of filing a complaint or lawsuit based on protected class—all actions by my employer **WERE TAKEN** after I filed at the EEOC, after I complained, and/or after I filed my lawsuit, so I do not understand your comments "____does not belong in the complaint." **My employer went beyond acting unfairly**—the **Defendants committed a white-collar crime against me** and the office responsible for employee misconduct turned around and committed a crime against me—please know that the said office supervised by Jackson-Chase spent a million dollars to discipline a teacher that falsified a document —which I have audio recordings to provide the court. Again, the Defendants presentation of contrived, falsified and fraudulent documents at grievance hearings and additionally – the office altered, falsified, and concealed documents presented at my Loudermill hearing. I still do not have a complete evaluation report for the second informal observation— where is it? I do not understand why this Court is in favor of white-collar crimes and wants the said event edited out of my complaint, please know that I am not being disrespectful, but I am trying to understand because I spent a lot of time to research caselaws to support my claims and maintained evidence that would show that my employer committed white-collar crimes against me.

At the center of this controversy are the mandatory subjects of negotiations because it is the source that promotes discriminatory acts or what was negotiated is part of a scheme to harm people.

4.    In your paragraph 4, you stated:

"plaintiff has to distinguish in his own mind between bad things that happened to him that he thinks were unfair, and bad things that happened to him that he thinks were unfair because they were motivated by the fact that he is disabled and/or white."


My response:

Your characterization of me that I need to distinguish between "unfair under the statute for which I brought this complaint under and what is merely unfair is misplaced because you ignored the fact that the Defendants committed a white-collar crime against me. I am MORE THAN WILLING to produce evidence to show the criminal conduct. A white-collar crime is BEYOND BEING UNFAIR. As I have stated my rights were violated as a member of a protected class which preceded my complaint and then culminated in retaliation by the Defendants and allowed by my Union AND ALJ BLASSMAN participated in---with criminal conduct. The

Examples:

a)    A Locked bathroom because someone said they "I do not like your kind," this would clearly show that the employer was being 'unfair' within the terms of a protected class. This conduct, however, is not a criminal conduct or a white-collar crime!!

b)    The alteration, concealment, and doctoring of observation reports immediately after I complained about discrimination is unfair under this statute. **IN ADDITION**, the conduct would also be a crime under New York State penal code, which the Law Department and DOE continuously have sought to have judges and arbitrators consider against their employees in disciplinary proceedings —which I cited in the complaint you dismissed. According to Todd Drantch, Esq., Ms. Susan Mandel (hearing officer) did not do anything wrong…**but** Drantch never addressed how Mandal wrote the wrong facts into the decision that cause adverse employment action/decision. In addition, I have audio recordings and emails from the UFT, which informed me that conduct of Mandel and others was wrong because they lied/falsified documents. The penal code is clear:

> **You are guilty of NY PL 175.20 if you know that you do not have the authority to do so, you knowingly remove, conceal or make a false entry / alteration of a record or another written instrument that is filed with or becomes a record of a public office or servant.**

To this date, I do not have a clear statement as to why Ms. Susan Mandel wrote the wrong facts into the grievance decision to cause me harm—**which the UFT told me that Mandel did put false information in the decision because she did not adhere to agreed upon rules and a win was absolute**—and I have alleged Mandel's conduct is a white collar-crime in the complaint that you dismissed. If the facts DO NOT matter, as I told Blassman, then the DOE should not have a problem issuing me another decision with the correct facts. **I pose this question to you:**

**What would stop the DOE in the future if you allow them to get away with a white-collar crime against me? People only need once to feel empowered to continue the same conduct or crime because they were able to get away with the act.**

c)      If Ms. Mandel had, in fact, utilized the correct facts into the grievance decision and still ruled against me, then it would be merely unfair under this statute that I seek relief in. But, this is not merely unfair under this statue, IT IS A WHITE-COLLAR CRIME—along with other actions that I have evidence to provide the Court! **I am more furious about crime against me, than what is unfair under this statute**....why should I accept any type of crime against me? It appears, which I could be wrong because I do not know what is in your heart or mind, you want me to edit out the criminal conduct to allow my employer get away with the crime.

The Defendants have to provide a nondiscriminatory which is a legitimate business reason for utilizing and citing 'fake' documents, or saying a document exists or fake policies exits when and where none exits...( **like the one Drantch said existed by ALJ Blassman**). The Defendants DO NOT have a defense for a crime. And, I have the recordings to ram down their throats in a symbolic manner in court! You could see the stress and the emotional pain the criminal conduct has caused me as I addressed Defendant Jackson-Chase publically at Panel for Educational Policy.

5.      In your paragraph 5, you stated:

"If plaintiff has a legal malpractice claim against his former attorneys because they did a bad job in representing him, he should bring it in state court where it belongs."

My response:

On October 14, 2015, Mr. Morelli warned me about Administrative Law Judge Blassman—**I took it as a threat against me because of how and what (context) was said**—and her vindictive ways to harm me. Therefore, it is not just or merely malpractice but part of a scheme not to present facts into the Court's record. Without being disrespectful, the same way you overlooked the criminal conduct that I have alleged, you have overlooked that Morelli's/Tand's malpractice is based on Judge Blassman's vindictive wants and not mere or just malpractice…I have the audio recordings to provide you, so why are you ignoring the crime? I would like to understand and not be disrespectful.

You also wrote: "He is not alleging that Ms. Bassman ruled against him because he is white or disabled. He is just contending that her ruling was unfair because it didn't accept his view of the facts."

First, I did not write that she ruled against me, please do not twist what I wrote in the complaint that you dismissed. **There is a difference between** telling me a motion of particularization **does not exist** for the Charging Party <u>**versus**</u> taking my motion and rendering a decision on the merits of the motion—which you know the difference, Your Honor. **Telling me that the motion of particularization does not exist is fraudulent and misconduct by ALJ Blassman because her conduct was meant to help the defendants in this case before you (same facts)—the facts that I have to offer you via audio recordings.** In addition, you know that I must respect a ruling—**I do not have a ruling on the motion of particularization**—but I do not have to respect fraudulent misconduct. As Your Honor knows, more importantly, Blassman's immunity is popped because she was deceitful (**lied**) when she denied me due process under the Taylor Law, as it was administrative in nature and not part of her job as an Administrative Law Judge. I

could and will prove with my audio recordings that AJL Blassman committed fraudulent misconduct. Your Honor knows; better than I that Blassman would have been protected if she ruled on the merits of my motion of particularization—but I do not have this evidence to offer you. **I have not questioned Blassman's ruling, but her misconduct**...there is a difference and please stick to the facts, which I do not mean any disrespect, Your Honor.

Maybe I was not clear, **Blassman AIDED and abetted AND PARTICIPATED** with Bernard/Cole/Jackson-Chase/Drantch, therefore, Blassman's conduct is based on race, Your Honor. The fact is, Blassman told Mr. Drantch to get the said documents for me, and then Blassman supposedly forgot that she ordered Mr. Drantch to get them for me. The fact is, on January 11, 2016, Blassman was deceitful (lied) when Blassman said that the Charging Party did not have the right to a motion for particularization. **Blassman's conduct (deceitful) of depriving me of a statutory right of a motion of particularization because this motion would have forced the Defendants to answer why were documents altered/concealed/falsified for May 4, 2015. It appears that Blassman's conduct of ignoring Drantch's comment that "this charge was already has a decision and this is the information the Department has" and Blassman saying, "I did not render a decision in this matter." Blassman participated in coving up a crime against me. Please understand and know...the facts are the facts because I have the audio recordings to enter into evidence and to prove Blassman helped Cole/Bernard/Jackson-Chase/Drantch because she helped the Defendants retaliated against me and it was based on race.**

I do feel that I should have had a trial at PERB because of the facts and clearly adjudicated caselaws under the Taylor Law. I did not mentioned in the complaint that Blassman ruled against me, which was based on my supposed conduct of audio recording—**in psychology, this is called**

**projection because I have the recordings to prove and show Blassman's misconduct, and the way I was working within her deceitful statements.** The framework is, Blassman could have dismissed the charge based on facts that I presented and I would have respected the decision—even though, I would have thought the ruling was corrupt. Part of the framework, in addition, I would have filed an appeal of her decision—I was never provided the opportunity to file an appeal...by the way, I believe is mail fraud, Your Honor.

On November 1, 2016, the FOIL Unit sent me the decision that I received Blassman's decision in July of 2016---**BUT I requested the document which Drantch swore existed in a letter dated on or around December 23, 2015, and swore again existed on January 11, 2016 (in front of Blassman). The said document by Drantch is still missing...**Drantch said, Blassman rendered a decision and he was given a copy prior to December 23, 2015...Blassman said on January 11, 2016 that she did not render decision ....**someone and/or entity is lying Your Honor because what I experienced on May 4, 2015 is a crime and I have the recordings to prove!!!!!!!!!** Drantch, Esq., falsified a legal document and the Defendants are hiding the truth...**the only thing Drantch did not do was to beat his chest and swear on the grave of a loved one that Blassman did send him a documents**---the facts are the facts because I have recordings of everything. I still DO NOT have the document that Mr. Drantch quoted and you want me to edit out what occurred at PERB of my complaint AND to cover up the retaliation that I experience---with the crime because I complained about the conduct of Defendant Cole. I believe that a reasonable jury would find a problem with what occurred at PERB and at administrative hearings and I found caselaws to support my beliefs. I know that I have to convince you first with the caselaws that I found before the jury. **Again, I pose this question to you:**

**What will stop the Defendants from their criminal conduct against me? It appears that they will continue unless you address it because they have nothing to fear now...I thought our country has laws to address this problem but I could be wrong.**

You stated that PERB has nothing to do with my complaint...I have all events audio recorded and I can (if you allow me to) show how everything is connected. Please be aware, the original complaint in federal court is verbatim to what was presented at PERB, which is the reason Blassman told me to write a settlement plan.

On April 8, 2015, ALJ Blassman stated that I had to stop at PERB because my employer was thinking of a mental health exam...I must include the surrounding events to support this claim because the letter to the medical office was written on March 1, 2015 and sent to me in July of 2015. Therefore, the plan was already in the works—**the timeframe allows for an inference of participation because Blassman had knowledge before I did of the medical exam**—and it is the reason behind the complaint being so lengthy and complicated.

6.      I am sorry for the repetition but I thought it was necessary.

7.      In your paragraph 7, you wrote:

"In addition, he must drop the references to the Fair Labor Standards Act and the Labor Management Relations Act."

My response:

Fair Labor Standards Act, I will remove.

As for Labor Management Relations Act, I am preparing an EEOC charge against the United Federation of Teachers based on a letter written on March 1, 2016, by Leroy Barr of the UFT which is related to this compliant because an illegal evaluation system was used against me.

On October 8, 2015, Mr. Alan Lichtenstein, Esq., (attorney for the Defendants) said that it was the UFT's fault for what Office of Appeals and Review/Bernard/Jackson-Chase/Mandel/Drantch/Cole/Lavin did to me on May 4, 2015. Some of Mr. Lichtenstein's comments appear in the complaint, which you dismissed because of length

It is my understanding that Section 301 of the Labor Management Relations Act provides the basis for an employee's right to sue the employer for violation of a collective bargaining agreement, **which the said violations were all predicated on my complaint about race and disability. Section 301 of the Labor Management Act is related to the retaliation (if I were to use the prima facie case framework for retaliation)** —which I have audio recordings and physical documents to provide the Court. I have the audio recordings to prove the retaliation, the UFT (Catherine Battle, Esq.) blamed and stated, in front of ALJ Blassman, that the PERB charge is better suited for the Title VII suit because of the defendants' conduct of taking adverse employment actions against me at grievance hearings because I complained and filed a charge— audio recorded for your listening pleasure, Your Honor. But, the defendants said, on October 8, 2015 that it was UFT's fault for what I experienced—then Mr. Michael Nacchio wrote, it was my fault for the responses towards the complaints that I filed in Federal Court. **For certain and I have tremendous amount of evidence that evaluation documents were withheld from me and fraudulent for on May 4, 2015, which you want me to edit out of the complaint….I** put

in a grievance, I emailed and asked for the evaluation reports, put in a FOIL request, and I asked in front of Blassman for the withheld evaluation documents ....**for what happened with the documents on May 4, 2015 is beyond unfair** and to deprive me of basis rights provided to me in the Loudermill case is beyond unfair under this statute that I seek relief in because it is a white-collar crime—all of which, Your Honor wants me to edit out of my complaint. Bernard said, "**Oh, we cannot speak about that now,**" as she spoke about the missing evaluation documents and the way she explained the U-rating, and **Your Honor wants me to edit out everything that led up to Bernard saying this outrageous statement about documents that were altered/falsified/concealed on May 4, 2015.**

At the center of this controversy between the UFT and the Defendants and myself are the mandatory subjects of negotiation because this controversy would create an inference that Defendant Cole did discriminate against me due to the illegal use of his evaluation system. All aspects of teachers' evaluation system are mandatory subjects of negotiation. The secret agreements are direct violations of Title VII and 42 U.S.C. 1981, which you want me to edit out of the complaint and now I wonder about your motivate to edit out certain parts.

You also wrote: "The Taylor Law also has nothing to do with this case."

My response:

I believe that the length of the complaint caused you to forget about my status as a civil servant employee, Your Honor. As you surely know, civil servant plaintiffs that DO NOT plea statutory rights, under the state's labor relations board, in their complaint are stillborn. What I noticed in U.S.C. 1981 complaints, civil service plaintiffs have all failed when they relied on manuals and implied contract because courts have stated it is not an inherent right. Private sector plaintiffs can

only rely on manuals and implied contract in them. Civil servant plaintiffs that cite the state's labor relations board statute are able to fight a motion for dismissal and summary judgement, but not all the cases that I reviewed were victorious at trial—even the best evidence can lead to a loss.

In my understanding of U.S.C. 1981 and U.S.C. 1983 that the statutes themselves do not provide inherent rights because federal courts must look towards the state statues (if the plaintiff cites them) because the state statues create the rights inherent under state's statute. In this regard, teachers' evaluation system (all aspects of it) is a mandatory subject of negotiation between the employer and a union under New York State Fair Employment Act (also known as "the Taylor Law" or "Article 14"). Under the said statute, **most importantly**, evaluation systems for teachers are part of their due process rights, which Defendant Bernard and Defendant Cole clearly violated against me because of race with the help of Jackson-Chase and Blassman.

**Defendants informed me that it is the fault of the UFT:**

In the GOODMAN v. LUKENS STEEL CO., 482 U.S. 656 (1987) 482 U.S. 656, the Court stated:

"The courts below properly held that the Unions violated Title VII and 1981. Because both courts agreed on the facts pertaining to whether the Unions had treated blacks and whites differently and intended to discriminate on the basis of race, this Court will not examine the record, absent the Unions' showing of extraordinary reasons for doing so. There is no merit to the Unions' contention that the judgment rests on the erroneous legal premise that Title VII and 1981 are violated if a union passively sits by and does not affirmatively oppose the employer's racially discriminatory employment practices." <u>The union (UFT) treated me differently because I</u>

complained that they allowed for me to shit in pants and called them a bunch of cash cow milking leeches!![1] This is the case law that I have to offer you that would support what Mr. Lichtenstein, Esq. (attorney for the Defendants) said to me on October 8, 2015 and it was written into the complaint, which you dismissed, at the moment. The union allowed for an illegal evaluation system to be presented on May 4, 2015 and allowed for my procedural due process rights under evaluation system to be violated by Defendant Cole and during appeal hearing! The UFT, in covering up of their passive (I believe it was deliberately passive) conduct because of the shakedown that occurred on October 8, 2015 by the Defendants—which I have an audio recording of said date, the UFT sent me a letter that lied about Defendants Cole's rubric. All of which, I have RECORDINGS to offer the Court and case law under the statute that I seek relief in. I realize that I must convince you at the next stage with the case laws that I found and there is not a guarantee that you would see things my way.

In conclusion I implore you to carefully review the information I have provided and render a fair and just decision regarding the use of my complaint in its original form. Lengthy or not, the information is essential to the establishment of the truth of my claims.


Thank you for your attention.

Sincerely,

Lucio Celli

---

[1] Principal said, "I do not like my kind" and withheld a bathroom key.

2743 Seymour Avenue
Bronx, New York 10469
enzo0mad@aol.com
646-734-3899