#1035

*FILED*

2016 DEC 20 PM 9:34

IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lucio Celli, | Docket No.: 15-cv-3679 (BMC) (LB) |
| Plaintiff, | Notion of Pre-Motion |
| vs. | |
| **NEW YORK CITY DEPARTMENT OF EDUCATION**[1], **ANNE BERNARD** (IN HER OFFICIAL AND INDIVIDUAL CAPACITY), **RICHARD COLE** (IN HIS OFFICIAL AND INDIVIDUAL CAPACITY), **COURTENAYE JACKSON-CHASE, ESQ** (IN HER OFFICIAL AND INDIVIDUAL CAPACITY), **SUSAN MADEL** (IN HER OFFICIAL AND INDIVIDUAL CAPACITY), AND **GRISMALDY LABOY-WILSON** (IN HER OFFICIAL AND INDIVIDUAL CAPACITY), | |
| Defendant | |

## NOTICE OF PRE-MOTION PURSUANT TO FRCP 60 and FRCP 11

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pro se Plaintiff, Lucio Celli ("**Lucio**" or "**Plaintiff**"), hereby states that he will move for a Court Order to grant relief from the depending Order that will grant the Motion to Dismiss (the "Dismissal Order")[2] and the final Judgment pursuant to Federal Rule of Civil Procedure 60(b). During the weekend of December 17, 2016, the Plaintiff came into the knowledge that Judge Cogan was accused of altering and concealing jury notes, and misled the parties because Judge Cogan wanted the City of New York to prevail or limit their liability in the Southerland case, which appears the judge is doing the same in the case

---

[1] New York City Board of Education

[2] Lucio already knows that Judge Cogan will dismiss the complaint because he distorted the fact of "**white-collar crimes**" _as being_ "**unfair and an acceptable conduct by an employer.**" Judge Cogan knows that white-collar crimes carries jail time and the conduct of being unfair does not warrant jail time. Lucio has to has to wait until Judge Cogan files his decision, so Lucio could file FRCP 60 and FRCP 11, and an appeal for the abuse of his discretion,

before him against Lucio. In addition, FRCP 60(b) and FRCP 11 require the Court to combat fraud as papers are filed and to Lucio's knowledge Nacchio/Tand/Morelli suborn perjury as they filed papers with this Court. Without a doubt, Lucio has the audio recordings to prove subornation of perjury and **Lucio will frolic or skip with joy to the courthouse** because he wants to provide the Court with the knowledge of Nacchio's/Tand's/Morelli's misconduct. Plaintiff believes that Nacchio/Tand/Morelli earned the consequences for lying to a federal judge—the Court must maintain its integrity and Lucio wants to play his audio recordings because this is the spirit of FRCP60(b) and FRCP 11.[3]

    This letter is notify that Judge Brain Cogan and the City of New York that *pro se* plaintiff, Lucio Celli, will seek relief in the above-referenced matter if Judge Cogan does not address his conduct of attempting to mislead Lucio in a letter dated October 23, 2016 and ignoring the misconduct of Michael Nacchio, Esq., for the action of subornation of perjury. In addition, Judge Cogan needs to address the accusation of altering and concealing jury notes that favored the City of New York, and then the conduct of misleading the parties to help the said city in the Southerland case. The Federal Rules of Civil Procedure allow cases to be re-opened in particular circumstances. Specifically, Federal Rule of Civil Procedure 60(b) (Rule 60(b)) offers a party relief from a judgment on motion when it is "inequitable to permit a judgment to stand."[4] **In this regard,** DOE Legal blamed the UFT for the illegal conduct and the UFT blamed DOE Legal for the illegal conduct---Lucio has both dumbass entities audio recorded blaming each other. The most outrageous statement came from Judge Cogan because he wrote that it is ok for an employer to commit white-collar crimes…but he was accused of a white-collar crime in the

---

[3] **Please see the docket because Lucio repeatedly wrote to Judge Bloom and Judge Cogan and told Judge Bloom of the misconduct…it is all about the Court maintaining integrity and Lucio has the audio recordings!!!!!!**
[4] See FED. R. CIV. P. 60(b); Ackerman v. United States, 340 U.S. 193, 202 (1950) (Black,J., dissenting).

Southerland case because he favored the City of New York. No one could make this shit up, but Lucio has everything audio recorded or written to him in terms of emails—for the Court!! Lucio believes that any officer of the Court needs to be ashamed of himself or herself, if they stated white-collar crimes is an acceptable conduct by anyone because there are laws enacted to stop this type of behavior. Maybe, Judge Cogan did not learn this concept in law school or maybe he was absent or he is _____, but Lucio must wait for him to respond to any letter or motion to form a final opinion.

      Judge Cogan set a date of December 26, 2016, because the courthouse is closed on said date. The judge ignored[5] Lucio's simple request to extend the time to January 9, 2017, or later. Plaintiff respectfully moves the Court to truly consider his motion for an extension of time and has never gone beyond the first request, like Mr. Nacchio, Esq.

      Federal Rule of Civil Procedure 60(b) applies only to final judgments.[6] Thus, Rule 60(b) strikes at the heart of the concern for resolving disputes between parties. **In this regard,** *Lucio is set to file another EEOC complaint because the City continues to retaliate and harass him, which stems from the original complaint.* **The last attempt to harass and retaliate occurred in October of 2016 and the conduct of committing white-collar crimes is not acceptable under any Federal or State statute.** Because of the importance for an official judgment, a court should only grant 60(b) relief in exceptional circumstances.[7] The circumstances in which Lucio would evoke the said rule, Judge Cogan failed to disclose to Lucio the fact that the judge was accused of misconduct in "<u>Southerland v. New York City</u>" case (also referred to as <u>Southerland v. Woo</u>

---

[5] **Lucio has read that this is a tactic that corrupt judge uses against a party the judge disfavors, but nothing can be done about it**

[6] Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 874 (1st Cir. 1990).

[7] R.C. by Ala. Disabilities Advocacy Program v. Nachman, 969 F. Supp. 682, 690 (M.D. Ala. 1997).

(EDNY 99-3329)) and mislead Lucio[8] in the letter dated October 23, 2016 because Judge Cogan did not want to sanction Michael Nacchio for subornation of perjury, as this Court has the inherent power to correct improper conduct.[9] *Plaintiff contents*, **the accusation that Judge Cogan altered and concealed documents (which favored the City of New York) is too similar towards Judge Cogan deeming an employer can commit white-collar crimes in this case;** *so for this reason*, **Plaintiff renews his motion for Judge Cogan to recuse himself in the above-referenced matter** *because a reasonable person will question his partiality, since he was accused of the conduct of committing a white-collar crime and he openly wrote to Lucio that an employer can commit white-collar crimes.*. **This is outrageous for any officer of the Federal Court system because integrity is paramount pursuant to FRCP 60 and FRCP 11.** Lucio pled that on October 8, 2015, Mr. Alan Liechtenstein, Esq., attorney for DOE Legal, stated and Lucio audio recorded that the UFT was at fault for what occurred on May 4, 2015.

Moreover, Randi Weingarten negotiated away her members' rights under <u>Cleveland Board of Education v. Loudermill</u>, which is illegal under the Taylor Law and this is another reason for the white-collar crime that occurred on May 4, 2015. Judge Cogan was a partner at Stroock, Stroock, Lavin. LLC that advised the UFT on such legal matters as violations of procedural due process at Loudermill hearings. To Lucio's knowledge, the scheme to deprive members of their Loudermill rights started in 2004, which is during the time before Brain Cogan became a federal judge. During the said timeframe, Lucio has evidence to provide the Court of this illegal scheme that Randi Weingarten illegally negotiated and is against the Taylor Law. In addition, Lucio's former lawyers said, DOE Legal is immuned from Supreme Court cases and

---

[8] Like Judge Cogan misled the parties in "Southerland v. New York City case (also referred to as Southerland v. Woo (EDNY 99-3329)) to favor the City of New York…shame on his misconduct conduct!!!
[9] Chambers v. NASCO, Inc., 501 U.S. 43 (1991).

laws dealing with altering, concealing, and falsifying documents—Lucio believes DOE Legal is only immuned if there is a judge, like Brain Cogan, who is accused of altering and concealing because he favored the City of New York…Let's be honest about how DOE Legal is allowed to get away with white-collar crimes.

**The Conduct of Misleading Plaintiffs in favor of the City of New York by Judge Brain Cogan.**

Judge Cogan is aware that FRCP 60(b) strikes a balance between finality of judgments and fairness in the proceedings.[10] It implicates the court's institutional integrity and enables the court to manage its own affairs. Plaintiff has not found where Judge Cogan is allowed to mislead parties. In the above-referenced case, Judge Cogan does not have integrity because he attempted to mislead Lucio in the letter dated October 23, 2016, as he did in the Southerland case. It strongly appears that the judge wanted to limit Lucio's claims to just discrimination predicated on disability and racial without pleading any type of harassment and retaliation because Judge Cogan has the propensity to mislead parties and has been accused of altering and concealing documents that favored the City of New York. Please Take Notice, this is the main reason Judge Cogan needs to recuse himself in this matter and any matter that deals with the City of New York.

As discussed in section A(iii), the Court must include protection against fraud because the Court has the inherent power to combat fraud and maintain the Court's integrity before the

---

[10] R.C. by Ala. Disabilities Advocacy Program v. Nachman, 969 F. Supp. 682, 690 (M.D. Ala. 1997); see also Drake v. Dennis, 209 B.R. 20, 28 (S.D. Ga. 1996).

public.[11] **Plaintiff contents that Judge Cogan has forgot this aspect of Federal Rules and Civil Procedures because he favors white-collar crimes by the agents of New York City.**[12] If Judge Cogan chooses to support white-collar crimes by DOE Legal or the Law Dept., this is grounds for relief from judgment under both 60(b)(3) and 60(b)(6).94 Rule 60(b)(3) codifies an "'historic power of equity to set aside fraudulently begotten judgments'. . . . [which] is necessary to [uphold] the integrity of the courts . . . ."[13],[14] because Judge Cogan and Judge Bloom has ignored the fact that Lucio is more than willing to provide this Court with audio recordings that would show the harassing and retaliatory conduct by DOE Legal **with the conduct of white-collar crimes were committed against Lucio.**[15] To Lucio's knowledge, Judge Cogan promised to uphold Supreme Court decisions, but why is he distorting the audio recorded facts to allow DOE Legal be immuned from Supreme Court decisions and laws against fraud. Please take notice, Lucio's former lawyers told him that Court would allow DOE Legal to be immuned from Supreme Court decisions and laws against fraud, but Lucio has everything audio recorded to provide to this court, which is before Judge Cogan and Judge Bloom. It strongly appears to

---

[11] Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)); see also United States v. Buck, 281 F.3d 1336, 1339 (10th Cir. 2002); Abdur'Rahman v. Bell (In re Abdur'Rahman), 392 F.3d

[12] Judge Cogan was accused of altering and concealing jury notes that favored the City of New York and he openly wrote to Lucio on October 23, 2016 that employer can commit white-collar crimes against their employees. Lucio never couched the criminal conduct of white-collar crimes as being unfair. Judge Cogan couched the criminal conduct as being unfair and acceptable.

[13] Fraud upon the court is extended to officers of the court, and when an attorney exerts improper influence on the court "the integrity of the court and its ability to function impartially is directly impinged."R.C. by Ala. Disabilities Advocacy Program, 969 F. Supp. at 691 (citing Broyhill Furniture Indus.,Inc.v.CraftmasterFurnitureCorp., 12 F.3d 1080, 1085-86 (Fed. Cir. 1993)). In addition, although 60(b)(3) seems to cover fraud, it only concerns fraud of an adverse party. See FED. R. CIV. P. 60. Rule 60(b)(6), on the other hand, has very broad language: "any other reason justifying relieffrom the operation of the judgment." FED. R. CIV. P. 60. However, there are some limitations. A motion under this subsection cannot be based on any other clauses under section (b). Drake, 209 B.R. at 27. Therefore, fraud of an adverse party is not actionable under 60(b)(6). A sub-species of 60(b)(6), fraud upon the court, is subsumed in the broad language of 60(b)(6).

[14] Chambers,501U.S.at44(quoting Hazel-Atlas Glass Co., 322 U.S. at 238).

[15] Lucio cannot change history because he has everything documented in terms of audio recordings. This claim is better suited for abuse of discretion

Lucio, Judge Cogan lied to Senator DeWine because Judge Cogan did not intend to uphold Supreme Court decision when the matter dealt with the City of New York—let us speak the truth at the moment because of the appearance in case and in the Southerland case. Your Honors know that the Court must protect the Court's integrity and combat fraud under this rule because it is the same as the Court's ability to impose sanctions through FRCP 11-like power.[16] Any reasonable person will wonder, "**Why has Judge Cogan and Judge Bloom allowed Nacchio/Tand/Morelli to commit subornation of perjury because Lucio has the audio recordings to prove subornation of perjury and Lucio told the judges in writing and in person?**" This revelation would rock the confidence of the Court because reasonable people would wonder about if Judge Cogan and Judge Bloom have any integrity whatsoever…just pointing out the obvious since each judge has ignored the fact that Lucio has audio recordings to prove Tand/Nacchio/Morelli suborned perjury in this Court.

    Subclauses 60(b)(1) and 60(b)(2) concern relief from judgment for mistake and newly discovered evidence, and subclauses 60(b)(4) and 60(b)(5) permit relief from judgment when the judgment is void or when "it is no longer equitable to impose the judgment." Lucio discovered the fact that Judge Cogan was accused of altering and concealing jury notes because he wanted the City of New York to win or limit their liability. *More importantly*, **this is another reason Judge Cogan needs to recuse himself in this matter or any other matter that deals with the City of New York because he displays deep-seated bias that favors New York City as a defendant because he is willing to mislead the plaintiffs to allow New York City to prevail and get away with white-collar crimes.**

---

[16] See R.C. by Ala. Disabilities Advocacy Program, 969 F. Supp. at 690. The fraud dealt with in Rule 11, in the inherent power to sanction discussed in Section III(iii), and in 60(b), is the same type of fraud; thus, the same issues of institutional integrity are relevant in all three contexts

The spirit of FRCP is, if courts cannot provide justice under the law, then the system will fail. These Rules are designed to give the court flexibility to manage cases equitably by ensuring that a court's holding is accurately reflected in its decision and is based on all of the facts.[17] Judge Cogan understands this notion as, he is able to distort the facts of white-collar crimes as being merely unfair and acceptable because plaintiffs are total morons and will believe anything sitting judge tells them. However, Judge Cogan was accused of altering and concealing jury notes to favor the City of New York and wrote to Lucio that white-collar crimes is an acceptable behavior for any employer—Lucio cannot anything to support Judge Cogan's statements . **The following is not meant to be disrespectful in any manner:** *a reasonable person will view Judge Cogan's conduct as being a worthless piece of shit and corrupt because he distorted the facts to favor the City of New York.* **Needless to say,** a reasonable person will think that Judge Cogan is corrupt and bias towards the City of New York when it is named as defendant because he distorts facts and intentionally misleads plaintiffs to help the City of New York prevail in ligation before him—appearance.

The Court is aware that parties do have an interest in obtaining closure in a lawsuit; but if the judgment is the result of error or fraud, then finality impedes the pursuit of justice.[18] **In this regard**, the Defendants informed Lucio that the UFT was at fault for the white-collar crimes and Lucio audio recorded a lawyer from DOE Legal on October 8, 2015—Lucio has the audio recordings. **Please Take Notice**, Mr. Nacchio, Esq. never informed the court of this fact that DOE Legal is withholding!! *On the other hand*, Judge Cogan has the propensity of misleading plaintiffs and threatens plaintiffs, like Lucio, if he is forced to rule on the merits, but Judge Cogan promised and committed himself to upholding any decision by the Supreme Court, as he

---

[17] Id. (citing Transgo, Inc. v. Ajac Transmission Parts Corp., 911 F.2d 363, 365 (9th Cir.1990)).
[18] S. Pac. R.R.Co. v. United States, 168 U.S. 1, 48-49 (1897).

promised Senator DeWine. The letter dated October 23, 2016, however, appears that Judge Cogan rescinded his promise to Senator DeWine because he is allowing DOE Legal to be immuned from Supreme Court decisions or helping out a former coworker, ***but for sure***, **Judge Cogan gained special knowledge of how the UFT and the DOE deprive members/employees of their Loudermill rights in private practice.**[19] Please Take Notice, Lucio's former lawyers told him the Court would allow DOE Legal to be immuned from Supreme Court decisions—this would be outrageous for Judge Cogan and Judge Bloom, but they do not want hear Lucio's audio recordings. In addition, Judge Cogan set a date of December 26, 2016 for Lucio to respond to the City, but the judge knows that the Courthouse is closed on said date and Lucio is a pro se plaintiff without the right to file paper electronically—**any which way to help criminals get away with the conduct of white-collar crimes and this is why Judge Cogan lacks any type of integrity**. Furthermore, Lucio respectfully renews his requested for an extension of time to respond to the City because Judge Cogan did not respond, which Lucio expected by judge who is accused of altering and concealing documents to allow the City to prevail. **It is beyond a strong appearance that Judge Cogan is biased towards the City of New York and favors criminal conduct by said City's agents**—this is the truth at the moment.

Lastly, **Second Circuit precedents for FRCP Rule 60(b)(1)** "[is] available for a district court to correct legal errors by the court," and noting that such relief may not be requested after the time for appeal has elapsed (*In re 310 Assocs., 346 F.3d at 35*) (citations omitted); see also *Colucci v. Beth Israel Med. Ctr., No. 12–cv-3694, 2013 WL 4516407, at *2 (2d Cir. Aug. 27, 2013)).* **In this regard,** the Plaintiff motions Judge Cogan to read Lucio's complaint with Supreme Court and Federal Circuit court precedents in mind, **which are binding on district**

---

[19] Judge Cogan needs to be a witness because he and his former partners have special knowledge of the criminal scheme.

courts. In addition, <u>Judge Cogan promised Senator DeWine</u> that *he was committed and willing to follow the precedents of the higher courts faithfully and give them full force and effect— even if he did not personally disagree with those precedents.* **Please Take Notice**, Lucio did not read that Judge Cogan was allowed or promised to distort facts as a way to avoid cases that set precedents—but this claim is better suited for an appeal on abuse of discretion. Judge Cogan, furthermore, has personal knowledge of how the UFT and DOE deprived members'/employees' of their Loudermill rights at Loudermill hearings while he was in private practice[20], which stems from the Supreme Court decision in <u>Cleveland Board of Education v. Loudermill</u> and the judge's knowledge was gained during his partnership at Stroock, Stroock, Lavin LLC. because this law firm advised the UFT on such matters—well, it was one of the many topics the said law firm advised the UFT on. Plaintiff needs to call Judge Cogan and his former partners as witness because they known about the criminal scheme at Loudermill hearings since 2004 and Randi Weingarten worked at Stroock, Stroock, Lavin LLC, as well. **As a result, Judge Cogan needs to recuse himself because he cannot be a sitting judge and a witness at the same time.** To Lucio's knowledge, Randi Weingarten negotiated the deprivation of her members' Loudermill rights and this negotiated term is illegal under the Taylor Law because the said rights are a nonmandatory subject of negotiation. Nevertheless, Judge Cogan said, "the Taylor Law has nothing to the plaintiff's case" and Lucio was deprived of asking Cole any questions because he clearly violated Lucio's contractual rights predicated racial animus. Yet, Judge Cogan has special knowledge that he gained while in private practice and help to correct the criminal scheme at Loudermill hearings.  Lucio documented the criminal scheme at Loudermill hearings in terms of audio recordings and emails from the UFT and the DOE, which was an idea given to Lucio by

---

[20] The scheme and conduct to deprive members'/employees' of their Loudermill rights has not changed since Judge Cogan was a partner at Stroock, Stroock, Lavin LLC.

Angela Blassman of PERB.

## Sanctions for Subornation of Perjury

Judge Brain Cogan is aware, like he was aware of Blassman's conduct because he distorted her misconduct, that Rule 11 illustrates another manifestation of inherent power because exercising this power vindicates a court's judicial integrity.[21] The Court, especially any proceedings before Judge Cogan, if the Court allowed lawyers like Michael Nacchio to suborn perjury as they respond to complaints because defendants did not want to disclose all facts known to them. It appears that Judge Cogan has allowed the Defendants to manipulate the proceedings with the act of subornation of perjury, and has made a mockery of the "the temple of justice" through acts of fraud and unnecessary delay the public will lose faith in the court's ability to settle disputes based on the facts and substantive law."[22] In this case, sanctions have not been issued, and as a result, Judge Cogan has not preserved the integrity of the court. For whatever reason, Judge Bloom has allowed Morelli/Tand to lied to her face and in writing, but Lucio has the audio recordings to prove Morelli/Tand lied to her, so she has not preserved the integrity of the court either—it is amazing how corruption is discovered.

Judge Cogan and Magistrate Judge Bloom are aware that FRCP 11 codifies a sub-species of the court's inherent power as it applies to the filing of papers. Mr. Michael Nacchio, of New York City Law Dept., wrote that Lucio was to blame for the conduct altering, falsifying, concealing documents by various employees of DOE Legal, please see docket no. 14, and docket no. 19. Lucio's audio recordings do not support Mr. Nacchio's false statements, as he wrote them to answer the complaint and the amended complaint. Please Take Notice, DOE Legal informed Lucio that the UFT was to blamed for altering, falsifying, and concealing documents from Lucio,

---

[21] Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)
[22] Id.

on October 8, 2015—this does not appear in any response by Mr. Nacchio because Lucio has October 8, 2015 audio recorded for the Court to hear!! In fact, the rule has its genesis in the inherent power of the courts to sanction a party for more general misconduct.[23] The question reminds, "Why does Judge Cogan accept subornation of perjury before him?" The answer to the said question is, Judge Cogan favors the City of New York because he was accused of altering and concealing jury notes to favor the City of New York[24]—this is how is appears and the reason Judge Cogan, without a question, should recuse himself in any matter that deals with the City of New York.

Lastly, FRCP 11 will be motioned because there is strong evidence—**in terms of audio recordings**—that Mr. Nacchio, Esq. suborn perjury because Mr. Todd Drantch, Esq. displayed the same conduct at New York State Public Relations Board—**fraud is fraud and Lucio audio recorded everything.** As an experienced lawyer, Mr. Nacchio, Esq. needed to corroborate what his client has said. In this instance, Mr. Nacchio, Esq. needed to corroborate that Lucio was truly at fault for altering, concealing, and falsify document as he wrote the answer for the City in the original complaint and the amended complaint, **please see docket no. 14 and no. 19.** For example, in *Childs v. State Farm Mutual Automobile Insurance Co.*, 29 F.3d 1018 (5th Cir. 1994), the court found that the plaintiff's attorney had conducted a reasonable investigation before filing an action against the insurance company on behalf of his client, who had been involved in a hit-and-run accident. The insurance company presented substantial evidence that the accident had been staged. **The plaintiff's attorney then failed to conduct any discovery of**

---

[23] Id. at 48

[24] Like Judge Cogan misled the parties in "Southerland v. New York City case (also referred to as Southerland v. Woo (EDNY 99-3329)) to favor the City of New York...shame on his misconduct!!!

**his own into the insurance company's allegations. That failure to investigate or withdraw the claim led the district court to impose sanctions.** The Fifth Circuit affirmed:

We must agree that this inquiry was deficient. [Defendant's] evidence of fraud was powerful, and yet, all of [the attorney's] investigative efforts can be summed up as asking [his client] and his alleged co-conspirators if they were frauds and reviewing the evidence. Never did [the attorney] conduct any affirmative discovery to test the veracity of the evidence developed by [defendant]. He never conducted a single deposition. He never sent out any interrogatories, requests for production or requests for admission. Lastly, he never hired his own experts to support his client and to refute the damaging reports by [defendant's] experts. In light of the compelling evidence of fraud in this case, [the attorney's] inquiry cannot be said to be reasonable. 29 F.3d at 1025. **In this regard,** <u>Lucio's evidence that DOE Legal committed fraud is beyond strong</u> *because* he has audio recordings of every event that Judge Cogan does not want Lucio to plead pursuant to FRCP 9(b)—**Judge Cogan supports the criminal conduct of fraud because he wrote that white-collar crimes is an acceptable conduct in a letter dated October 23, 2016 to Lucio, which is outrageous for any judge**—and Lucio has evidence that he informed the City of New York of the audio recordings.

*Judge Cogan abused his discretion when he wrote white-collar crimes are acceptable for any employer and he did not want Lucio to plea pursuant to FRCP(b)*[25], but **Judge Cogan was accused of altering and concealing jury notes that favored the City of New York—the appearance that Judge Cogan is biased and corrupt has been documented.** In addition, Judge

---

[25] Judge Cogan said white-collar crimes are acceptable in a letter dated October 23, 2016, but FRCP 9(b) deals with issues that stem from white-collar crimes...something stinks here and Lucio believes Judge Cogan smells like corruption and beyond just favoring the City of New York.

Cogan misled Lucio, **as he did in the Southerland case**, that he needed to construct his pleadings pursuant to FRCP 8 and avoid any description of fraud—, **which is warranted pursuant to FRCP 9(b)**. Yet, Judge Cogan was accused of altering and concealing jury notes, and then misleading the parties in the Southerland case because he favored the City of New York. Not to be disrespectful, it appears that Judge Cogan favors the City of New York and any criminal conduct because he is willing to distort the facts in their favor—beyond a strong appearance of favoritism towards the City of New York .

Mr. Nacchio, Esq., knows, in most cases, a reasonable inquiry includes going beyond the client's story to corroborate with documentation, witnesses, or experts. In this case, Lucio had audio recordings that DOE Legal said that the UFT is at fault for the fraud Lucio experienced because the UFT did not honor their duty to represent Lucio fairly.

**The Court has ignored that the fact that Betsy Combier illegally engaged in the practice of law as she wrote Lucio's original complaint.** In Ostrovsky v. Monroe (In re Ellingson), 230 B.R. 426 (Bankr.D.Mont. 1999), the Court held that "Paralegal who helped a business draft and file bankruptcy papers was found to be engaged in the unauthorized practice of law. Court notes that if an attorney acted in the same manner as paralegal, that person would be guilty of "ghost writing," which is described as the act of undisclosed attorney who assists a self-represented litigant by drafting his or her pleadings as part of "unbundled" or limited legal services. *Court also notes that ghostwriting violates court rules, particularly Fed.R.Civ.P. 11, as well as ABA Standing Committee Opinion 1414 in Ethics and Professional Responsibility."* **Lucio would like to know why the evidence is being ignored because the evidence appears on the docket.**

Plaintiff respectfully submits this pre-motion for Your Honors consideration. Plaintiff respectfully moves the Court to consider the following:

1. Judge Cogan to hold an evidentiary hearing pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 (a), (b), and (e),

2. To truly consider Plaintiff motion for an extension of time passed December 26, 2016 because the courthouse is close on said date—and for the appearance of being fair

Dated this 20rd day of December, 2016

*Lucio Celli*

### AFFIDAVIT FOR THE TRUTH OF FACTS AS STATED ABOVE

I, **Lucio Celli**, am a resident and registered voter of the Bronx County, in the State of New York, and do hereby certify, swear or affirm under the penalty of perjury that I am competent to give the following declaration based on my personal knowledge, and that the statements contained in the pre-motion pursuant to FRCP 60(b) and FRCP 11 is true and correct to the best of my knowledge **because** Lucio has audio recordings to provide the Court.

_____   _____   _____
     (Print Name)                    (Sign Name)                   (Date)

