Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

 ORIGINAL


RECEIVED
JAN - 9 2017
PRO SE OFFICE

Re: <u>Lucio Celli v. Richard Cole et al</u>.
Docket No.: 15-cv-3679 (BMC) (LB)

Dear Judge Brain Cogan:

As Your Honor is aware, I am the Plaintiff, Lucio Celli, in the above-referenced matter. I am writing this letter. This is my response towards the sanctions that Defendants seek against me. In the letter, I will discuss the following:

1. Your Honor—and only Your Honor— is owed an apology for the letters that I sent **because** I do not have the same evidence against you as I have against the Defendants. Whatever I believed about Your Honor, I was supposed to keep those conclusions to myself because I did not have any evidence to support them.

2. As of January 6, 2017, my email privileges were taken away. As a result, I cannot email anyone and I cannot perform my job because many of my duties are tied to my email, such as writing IEPs for the Special Education students that I service. I, therefore, can no longer attempt to email anyone, so sanctions are to prevent the same behavior from recurring and the DOE already solved the problem.

3. In a letter dated July 20, 2016, Mr. Nacchio informed me that I could "directly contact the appropriate DOE staff with respect to Freedom of Information Act requests. However, any other concerning the above referenced litigation must be through this Office only. "

   a. On July 13, 2016, Mr. Nacchio asked me to stop all communication with Defendants, which I did.

   b. I asked Mr. Nacchio about my FOIL request because they dealt with issues within or somehow related to my case.

   c. On July 20, 2016, Mr. Nacchio replied to my inquire about communicating with the FOIL Unit and he said that I may communicate with anyone associated with the FOIL Unit. I adhered to Mr. Nacchio's request and took off Bernard, Cole, and few others. (**Exhibit A**)

   d. On October 31, 2016, I placed an appeal to Mr. Freidman, who is the person to write an appeal to, but he never responded to my appeal. (**Exhibit B**). As Your Honor will read under letter F, Mr. Drantch, Esq (attorney for the DOE) wrote

that Blassman rendered a decision prior to December 22, 2015 and through

FOIL, Blassman's decision is time stamped as July 7, 2016

e. The sanctions against me should be moot because I complied with Mr. Nacchio's request. If Mr. Nacchio would have asked me not to contact the FOIL Unit, I would have honored his request.

f. In reconsideration, I respectful motion pursuant to Rule 59(e)[1] and I provide within this respond physical documents to show how the DOE Legal lied by

---

[1] A motion to reconsider under Rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law); EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). So long as the Rule 59(e) motion is timely filed, the courts have considerable discretion. Lockheed Martin Corp., 116 F.3d at 112. Although the courts are not required to consider new legal arguments , or mere restatements of old facts or arguments, the court can and should correct clear errors in order to "preserve the integrity of the final judgment." Turkmani v. Republic of Bolivia, 273 F. Supp. 2d 45, 50 (D.D.C. 2002).

In Lockheed, the district court reconsidered a decision to deny enforcement of an EEOC subpoena in light of new affidavits submitted by the agency:
The affidavits made it clear that the order denying enforcement was based on an erroneous understanding of the relevance of the information sought by the EEOC. In the context of a public agency attempting to fulfill its statutorily mandated purpose, manifest injustice would have been the result of allowing a ruling based on an erroneous and inadequate record to stand.

116 F.3d at 112. Under the correct view of the facts, the EEOC was clearly entitled to prevail. Id.
The Fourth Circuit affirmed, explaining that "the district court would likely have abused its discretion if it had failed to grant the Rule 59(e) motion." Id. (emphasis in original); see Norman
v. Arkansas, 79 F.3d 748, 750 (8th Cir. 1996) (finding abuse of discretion where court refused to reconsider clear factual error); see also Anyanwutaku v. Moore, 151 F.3d 1053, 1058-59 (D.C.
Cir. 1998) (finding abuse of discretion where court refused to reconsider clear legal error).
Reconsideration is particularly appropriate in this case because the Court's decision is based upon credibility of Lucio allegations without hearing audio recordings or viewing physical documents and demanding a plaintiff to write the events in the district court's view.

Credibility
If the Court held an evidentiary hearing and found Lucio's evidence to be delusional or a clear fabrication, then this motion would be meritless because the judge saw the evidence and able to determine the credibility of the evidence. On a rule 12(b)(6) motion, "courts may only consider the complaint itself, documents that are...referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken." Moses v. Apple Hospitality Reit Inc., No. 14-CV-3131 (DLI)(SMG), 2015 WL 1014327, at *3 (E.D.N.Y. Mar. 9, 2015)(citing Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)).
Lucio clearly wrote what documents he had in his possession and what documents or statements constituted a white-collar crime. Your Honor's Order at Doc. No 52 has Lucio appearing as delusional or has fabricated allegations. Plaintiff respectfully points out the differences between Lucio's complaint and the complaints Your Honor has cited:
Judge Blanco wrote, in Middleton v. United States that "Additionally, plaintiff alleges that Social Services had plaintiff "falsely arrested for no reason stating I stole money from the agency and this never occurred." (Compl. at

4-5.) The arrest apparently occurred in May 2001. (Compl. at 4.)" Judge Blanco clearly cited how the plaintiff was delusional in her thinking because the plaintiff never cited how she would prove she was falsely arrested because all she had in the complaint.

In Ellena Middleton's complaint, she did not reference any document to support her allegations, any witness(es) that could or would corroborate her allegations, and/or have any audio recordings to support her allegations of the events. Judge Blanco was just to pass judgment upon Middleton because she was arrested for stealing money and any criminal would say, "they caused it." The Court has to deal with evidence and only evidence...this is the rule of thumb.

As Your Knows, "a district court abuses its discretion when "its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or . its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions." Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir.2001) (footnote omitted). In terms of evaluating evidence for factual findings is, "In determining the adequacy of the complaint, any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as integral documents upon which the complaint relies will be considered. Subaru Distrib. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir.2005).

District Court dismissal due to not complying with Rule 8

Lucio pleaded with particularity because he experienced fraud by DOE Legal and has the evidence to provide the Court

In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. Lucio contends, he can prove white-collar crimes were committed against him at grievance hearings, at his Loudermill hearing, and at NYS PERB because he has the audio recordings and documents to prove the allegations—and he clearly cited the documents and speech from the audio recordings. Defendants altered, falsified, and concealed certain documents on May 4, 2015 . The most egregious conduct was the inducement of fraud at NYS PERB because DOE Legal stated a decision document from ALJ Blassman existed because DOE Legal wanted to evade the improper practice charge of fraud at Lucio's Loudermill hearing, as it appears.

The non-moving party must provide "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (internal quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. Evidence offered to demonstrate a genuine dispute regarding a material fact must consist of more than "conclusory allegations, speculation or conjecture." Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51(2d Cir. 1996).

The Fifth Circuit, in turn, affirmed the judgment of dismissal, 954 F. 2d 1054 (1992), and we granted certio¬rari, 505 U. S. —— (1992), to resolve a conflict among the Courts of Appeals concerning the applicability of a height¬ened pleading standard to §1983 actions alleging munici¬pal liability. Compare, e.g., Karim-Panahi v. Los Angeles Police Dept., 839 F. 2d 621, 624 (CA9 1988) ("a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice") (internal quotation marks omitted). We now reverse.

In Wynder v. McMahon, 360 F.3d 73 (2nd Cir. 2004), the Circuit held, "the district court's order was invalid [because] facts are all that are required, and they need not be pled in detail. District courts are not authorized to demand more of litigants, since to do would permit what Rule 8 forbids, "dismissals based on stringent pleading standards," and would defeat its purpose of setting a low entry standard and a common rule on all litigants." Judge Cogan stated, "Plaintiff was either discriminated against because he is white and/or disabled, or not. That is all

falsifying a document submitted to PERB. In addition, this is related to the FOIL appeal and to this case.

    i. Cole altered terms, conditions, and privileges of Lucio's contract, which is the reason for the PERB charges and the Title VII case, Your Honor dismissed.

    ii. I never received my evaluation reports and Mr. Todd Drantch, Esq., but Drantch was told to get the evaluation reports withheld by Bernard by ALJ Blassman—all audio recorded.

    iii. Bernard, as it appears if Your Honor heard the audio recording made by the DOE, was coached to say, "Oh, we can't speak about that now."[2] Bernard's comments was about the missing first report, the missing sheet to the second report and the way Susan Sedlmeyer, of the UFT, confronted Bernard's obvious lies about my attendance at a PD—as the date is prior to my official date on my timesheet— because Bernard cited exact dates from my timesheets[3]

    iv. I filed another PERB charge, in September of 2015, against the DOE because they deprived me all, I do mean all, of my Loudermill rights, which I audio recorded and I have emails to present the Court—and too many emails to attach for now, but the documents were all referenced[4] within the complaint.[5]

    v. In response to PERB charge U-33861, Mr. Drantch wrote that the City did not have to answer the charge because Blassman already rendered a decision in U-34562. Drantch actualy wrote, **"Charge is barred by re judicata"** and it was written on December 22, 2015. **(Exhibit C)**

---

there is to this case, and if plaintiff does not stick to the facts showing those claims and those facts only, the case is going to be dismissed." What Judge Cogan wanted from Lucio was to edit out any pleas of retaliation, hostile work environment, and criminal conduct by the Defendants. Lucio did not want to edit anything out because of the fact that he had audio recordings to provide the court, which would not make the allegations delusional or fabricated.

[2] The rest is pled within the complaint

[3] Please see the exhibits under Doc. no. 29

[4] "In determining the adequacy of the complaint, any written instrument attached to the complaint as an exhibit **or incorporated in the complaint by reference, as well as integral documents upon which the complaint relies will be considered.** *Subaru Distrib. Corp. v. Subaru of Am., Inc.,* 425 F.3d 119, 122 (2d Cir.2005).

[5] In *Conley v. Gibson,* 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.

vi. According to Blassman on January 11, 2016[6], she did not render a decision as of that date in January because the decision was still pending. However, Drantch swore that the DOE had that information. When I motioned for particularization, Blassman told me that I could not put in that motion because she does not take verbal motions—which is not true because I have audio recordings of Drantch and Lee[7] verbally motioning to Blassman and Blassman accepted their motions verbally.

vii. I placed FOIL requests to PERB and DOE for the document sworn to exist by Drantch. PERB's FOIL Unit confirmed the statement of Blassman.

viii. DOE's FOIL sent me a few emails stating that they were having issues finding Drantch's document cited in papers filed with PERB on December 22, 2015.[8]

ix. On July 1, 2016, I received the decisions from PERB for cases U-33861[9] and U-34562.[10] Both decisions are time stamped as "July 7, 2016 at 9:36"by the Office of Labor Relations/DOE Legal (**Exhibit D**). Where is the document at quoted in exhibit C as being received prior to December 22, 2015 and I have Drantch audio recorded as saying the decision cited in exhibit B does exist on January 11, 2016.

x. On October 31, 2016, the FOIL Unit sent me their answer to the FOIL request (**Exhibits D and E**) which contains the same decisions that I received from Blassman and Drantch wrote that they do not need to answer my charge because of what he cited in Exhibit C. I already had the decisions from June of 2016..I requested the document Drantch said existed in December of 2015, I did not get the document from Blassman and PERB FOIL did not send me the document, as they both confirm that Drantch's statement is fabricated because he said Blassman rendered a decision prior to December 22, 2015.

xi. **I do not have the decision Mr. Drantch, Esq. cited on December 22, 2015, which cited in exhibit C—PERB FOIL did not have the**

---

[6] This date is audio recorded by Lucio
[7] Both lawyers for the DOE
[8] I have that document but it would be a waste of time for the Co-+urt to read
[9] Dated June 24, 2016
[10] Dated June 23, 2016

> **document cited by Drantch—Blassman did not render a decision as
> Mr. Drantch cited.** My charge was about how DOE deprived me of my
> Loudermill rights and using fraudulent documents at the said hearing
>
> xii. DOE Legal wrote that I had the document stated in Exhibit C in their
> answer which is exhibit E. PERB FOIL Unit and Blassman did not have
> a record of what Drantch said in Exhibit C—this a white-collar crime
> because DOE Legal cannot produce this document and other documents
> cited within my complaint and it is fraudulent

I hope, Your Honor is asking yourself, "what is the DOE hiding?"

First, I must provide **only** Your Honor with the sincerest apology because my actions against you were uncalled for, in terms of unsupported beliefs about you. I am providing you with an apology because it is what I would want for myself. I believe, even though my letter does not show it, that a person should only confront someone when there is evidence. Please know, Your Honor did not earn any statement I wrote in the letter and I ask for your forgiveness. I allowed my emotions and events to control me, which was not fair to you and very wrong to treat anyone in the manner that I treated you. I highly doubt that my apology is sufficient because if I were you, I would want more from me.

Second, in terms of sanctions, I have enough audio recordings, documents, and written and verbal statements[11] to prove subornation of perjury[12]. I respectfully direct Your Honor to look at Doc. no 14 and 19, where Mr. Nacchio wrote that I was the cause of my own problems—Does he have proof for those statements? —, which is not what I have audio recorded. I have DOE Legal pointing their finger towards the UFT on October 8, 2015, which I audio recorded. Please correct me, Your Honor—It is my understanding that whether the person is a trained lawyer or pro se, all parties must comply with Rule 11. I based my statement from Rule 11 and from: "Note that Rule 11(b)(3) permits pleader to make factual contentions "specifically so identified" when they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." So far, there is little case law dealing with the use of

---

[11] From emails and audio recordings

[12] On such a focused and literal reading of Conley's "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. 425 F. 3d, at 106, 114. It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case, see Dura, 544 U.S., at 347 (quoting Blue Chip Stamps, 421 U.S., at 741); Mr. Micawber's optimism would be enough.

allegations made under Rule 11(b)(3) to satisfy *Iqbal. See Leary v. State Farm Fire & Cas. Co.*, Civ. No. 3:11-145, 2012 U.S. Dist. LEXIS 23898 at *35, 2012 WL 604338 at *12 (W.D. Pa. Feb. 24, 2012); *Kemp v. City of Springfield*, No. 10-CV-6420, 2012 U.S. Dist. LEXIS 30141 at *9, 2012 WL 775093 at *3 (D. Ore. Jan. 30, 2012); *U.S. ex rel. Folliard v. CDW Tech. Servs*, 722 F. Supp. 2d 20 (D.D.C. 2010); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist LEXIS 83715 (N.D. Cal. Sept. 14, 2009)."

Moreover, I adhered to Mr. Nacchio's request but DOE Legal will not stop referencing fake documents. I have come to understand that the authority of a federal court to hold either an individual (whether a party, witness, spectator, or attorney) or a corporate entity in contempt (sanctions) of court is an effective tool designed to allow the judiciary to maintain order in the courtroom and guarantee the orderly administration of justice.

In particular, the threat of contempt enables a court to control overzealous and/or uncooperative litigants, attorneys, and witnesses. At the present time, there is a threat of contempt—but I am sure that I will endure some sort of penalty and it will be harsh too

I understand of civil contempt is "if the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order."[13]

Because of the fine line between coercion and punishment, there is always the possibility that a civil/coercive contempt sanction might evolve into a criminal sanction. This possibility exists in cases where a civil contemnor is subjected to continued "coercive" confinement despite the fact that there is "no realistic possibility or no substantial likelihood that additional confinement will coerce."[14] In such cases, the sanction should lost its civil status essentially because a coercive purpose no longer justifies continued confinement. This scenario is especially problematic because the incarcerated and uncoercible contemnor finds him or herself the victim of criminal confinement without having received the benefits of the required criminal procedural Protections.[15] As a result, the presiding judge is required to make a "conscientious effort" to ensure that the contemnor is not subjected to further civil confinement in the

---

[13] *Hicks v. Feiock*, 485 U.S. at 632.
[14] Doug Rendleman, *Disobedience and Coercive Contempt Confinement: The Terminally Stubborn Contemnor*, 48 Wash. & Lee L. Rev. 185, 200 (1991); *see generally* Linda S. Beres, *Civil Contempt and the Rational Contemnor*, 69 Ind. L. J. 723, 724 (1994) (describing the "no realistic possibility of compliance" standard).
[15] *See generally Hicks v. Feiock*, 485 U.S. at 621 (explaining that "criminal penalties may not be imposed on someone who has not been afforded the Protections that the Constitution requires of such criminal proceedings").

absence of an ongoing and realistic possibility of coercing compliance. Your Honor, **Please Take Notice**, I promise not continue the behavior that Mr. Nacchio is seeking sanctions for because I can no longer email anyone.

In *Matter of Pilsbury*, the court also cautioned that "where a reasonable person would not know that the court considered his conduct contemptuous, warning is required before a summary contempt conviction may be made, and some opportunity to be heard must be provided unless inconsistent with the preservation of order."[16] Moreover, use of the summary contempt power should only be exercised after considering the following words of the Supreme Court: "Summary punishment always, and rightfully, is regarded with disfavor and, if imposed in passion or pettiness, brings discredit to a court as certainly as the conduct it penalizes."[6]

## I. <u>Sanctions</u>

1. <u>Kentucky Railroad Tax Cases, 115 U.S. 321, 337 (1885).</u> **"The rule of equality... requires the same means and methods to be applied impartially to all the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances"**.

   A. Michael Nacchio, Esq. were DOE Legal had him suborn perjury and even his letter for sanctions contains a lie. After I asked about contacting DOE FOIL UNIT (because all of my FOIL requests dealt with this case), Mr. Nacchio said that I could contact the unit.

   B. The emails are addressing the concealment of documents from me, and this is what Mr. Nacchio is seeking sanctions against me—but he said ok to contact them. I have the audio recordings to provide

   C. To be clear, Mr. Nacchio asked me not to include the named Defendants in future emails on July 13, 2016 and I did as he asked.

   D. The motion for sanctions should be moot because the case is dismissed and I have promised Your Honor that I will not repeat the same conduct and I cannot use my DOE email anymore.

   E. Your Honor should tell the City to discipline me because the Court has already dismissed the case and Your Honor is not HR for the DOE.

   F. **Most importantly**, Mr. Nacchio informed Lucio that he could contact DOE FOIL Unit about his case and now seeks sanctions for what he said was ok.

---

[16] *Matter of Pilsbury*, 866 F.2d 22, 27 (2d Cir. 1989).

2. <u>Simmons v. United States, 390 U.S. 377 (1968)</u> **"The claim and exercise of a Constitution right cannot be converted into a crime"... "a denial of them would be a denial of due process of law".**

    A. I have the equal right not to have a crime committed against me because I have audio recordings and documents to prove my allegations

    B. The Defendants keep on committing white-collar crimes against me by quoting documents exist, as shown to Your Honor in exhibits C, D, and E.

    C. Supreme Court wrote, **"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."**

    D. DOE Legal cannot get away with the criminal conduct because I have the audio recordings and I have physical documents to prove it


3. <u>Sherar v. Cullen, 481 F. 2d 946 (1973)</u> **"There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights."**

    A. The Defendants chose to commit white-collar crimes against me and I chose to exercise my first amendment right to criticize them for committing crimes against me—might lead to termination, but the Defendants do not have the right to cite fake documents.

    B. The 14th Amendment states that "nor shall any state deprive any person of life, liberty, or property without process of law; nor deny to any person within its jurisdiction the equal protection of the laws

        a. I was denied liberty and property interest on May 4, 2015 (Loudermill hearing) because Cole/Bernard/Jackson-Chase submitted altered, concealed, falsified documents for my Loudermill hearing.

        b. Beranrd's response for the white-collar crime was, "oh, we can't speak about that now! (sigh)" This can be heard on the audio recording made by DOE or the one that I made

        c. On the audio recording that I made, Ms. Patirica Lavin, hearing officer, is heard denying me of my **<u>all rights</u>** from <u>Cleveland Board of Education v. Loudermill</u>

        d. I was totally denied my rights which the Supreme Court granted me

e. Susan Sedlmeyer, of the UFT, said it was a secret agreement to stop members from presenting evidence at hearings…I have the audio recording from April 16, 2015

f. In response to May 4th and PERB charges, Mr. Drantch, Esq. wrote and swore that Blassman rendered a decision prior to December 22, 2015

g. I placed a FOIL request for the document Mr. Dranctch swore existed around May 25, 2016

h. In June of 2016, Blassman rendered a decision

i. In October of 2016, DOE FOIL sent me the decision that Blassman wrote in June of 2016 but I requested the document sworn by Drantch existed in 2015.

j. DOE Legal is hiding the document and this is a white-collar crime because if DOE did nothing wrong…then I should have the document that was quoted by Drantch on December 22, 2015

4. <u>Truax v. Corrigan, 257 U.S. 312, 332</u> **"Our whole system of law is predicated on the general fundamental principle of equality of application of the law."**

   A. To grant sanction against me and not against the Defendants for white-collar crimes committed against me at my Loudermill hearing; this will show a partiality because profanity is not as severe as the felonies committed against me.

   B. I have audio recordings and physical documents to show that the Defendants committed white-collar crimes against me.

   C. 'All men are equal before the law,' "This is a government of laws and not of men,' 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives, and courts are expected to make, execute and apply laws. But the framers and adopters of the (Fourteenth) Amendment were not content to depend… upon the spirit of equality which might not be insisted on by local public opinion. They therefore embodied that spirit in a specific guaranty."[17]

      i. **I do not want anyone to believe me because I want the audio recordings and the physical documents to do all the talking for me.**

---

[17] Truax v. Corrigan, 257 U.S. 312, 332

5. Olmstad v. United States, (1928) 277 U.S. 438 **"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."**

   A. Without a doubt, the Defendants have altered, falsified, and concealed documents prior, during, and after my Loudermill hearing.

   B. The most recent white-collar crime, in connection to my Loudermill hearing, is the concealment of the document Mr. Todd Drantch, Esq. wrote existed and the FOIL UNIT is not willing to release the I requested document—they sent me a different document. Mr. Drantch said that Angela Blassman rendered a decision in 2015 and my FOIL request was to obtain the decision from 2015. However, DOE FOIL sent me Blassman decision from 2016 and did not answer my appeal because the DOE broke the law.

6. <u>Perry v. United States, 204 U.S. 330, 358</u> **"I do not understand the government to contend that it is any less bound by the obligation than a private individual would be..." "It is not the function of our government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error."**

   A. I see it as my obligation to ensure DOE Legal admits to their crimes and correct their errors because the function of the citizen is to keep government from becoming a lawbreaker. As noted before, criminal conduct breeds contempt for law and it invites every man to become a law unto himself. I figured if DOE Legal can go unpunished for white-collar crimes, then I should be able to curse ...but the Supreme Court said, **"Government that shows contempt for the law will invites anarchy"**

7. <u>U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)</u> **"No man in this country is so high that he is above the law."**

   a. Without a doubt, Lucio has audio recordings to prove his allegations of criminal conduct. Lucio can walk into any court and press play to show how crimes were committed against him or have a certified transcript made of each recording

      i. I have the audio recordings and I am more than willing to press play

   b. **"No officer of the law may set that law at defiance, with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law are bound to obey it."** [18]

---

[18] U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

      i.    I continue to believe that DOE Legal has set the law at defiance because they have ignored the fact Lucio has the proof to provide the court of white-collar crimes—as shown in exhibits C, D, and E. The Supreme Court said that everyone is bound to obey the supreme laws of our land...without choice.

   c.  **"It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."[19]**

      i.    As previously mentioned, the Supreme Court held that "Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

## II.    Court's order

8. Please Take Notice, I have never disobeyed Your Honor's order and you have never issued any order for me to stop any type of conduct.

9. I have promised to stop the conduct and as of January 6, 2017, I no longer have access to my email account.

10. My conduct was predicated on the fact that I knew from October 14, 2015 that I would not receive justice in federal court and this was the reason to force disciplinary action.

11. Since disciplinary conference is here, I will attempt to gain justice through disciplinary proceedings instead...no one has the right to commit crime against me and get away with it scot-free. I have the audio recordings to prove my claims

## III.    FEDERAL RULES OF EVIDENCE

12. It is my understanding that the federal rules of evidence "apply generally to civil actions and proceedings, including ... contempt proceedings except those in which the court may act summarily."[20]

13. I respectfully ask Your Honor to compel the Defendants to handover the documents that Mr. Todd Drantch, Esq. said and swore existed—I have the audio recordings—because this is what I need to be heard before you, as it is the source of my mental anguish that led to the emails that Mr. Nacchio seeks sanctions against me.

## IV.    BASIC RIGHTS AND SAFEGUARDS

14. The Supreme Court has recognized that a civil contemnor is entitled to minimal due process.[21] Consequently, the Supreme Court has explained that civil contempt sanctions "may be imposed in

---

[19] Id.
[20] Fed. R. Evid. P. 1101(b).

an ordinary civil proceeding upon notice and opportunity to be heard."[22] Unlike in cases of criminal contempt, no proof beyond a reasonable doubt is required to impose civil sanctions.[23] Also, a jury trial is not required. The premise that the civil contemnor "carries the keys to the jail in his own pocket" basically results in the criminal contemnor receiving fewer procedural rights (or, in other words, less due process) than the criminal contemnor.[24] As stated previously, I will stop because I have a disciplinary conference already scheduled and Your Honor has never issued an order for me to stop any type of conduct prior to this—I am going to stop.

## V. Unrelated to Sanctions

15. I understand and agree with "Immunity applies even when the judge is accused of acting maliciously and corruptly." -- United States Supreme Court  See Harlow v. Fitzgerald, 457 U.S. 800, 815-819 (1982) Pierson v. Ray, 386 U.S., at 554, Mireles v. Waco, 502 U.S. 9, 9-10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) **because** people need more than a 'belief' to confront anyone, like me and my audio recordings of DOE Legal. To be clear, I asked Your Honor about the reason behind you being accused of altering and concealing jury notes in the Southerland case because of the fact that my case was against the City of New York, as well. In terms of the recusal, it was purely based on appearance—my letters after the recusal does not appear that way, I know. As I learned, the purpose behind the doctrine of judicial immunity is to assure independent judicial decisionmaking[25] because of judgment/decision should not based on fear of reaction—I have similar feelings about my conduct, to be honest.

---

[21] *Crooks v. Maynard*, 718 F.Supp. 1460, 1465 (D. Idaho 1989)(citing *Shillitani v. United States*, 384 U.S. 364, 371 (1966).

[22] *Bagwell*, 114 S.Ct. at 2557.

[23] Id.

[24] *Id.; Shillitani v. United States*, 384 U.S. 364, 365 & 371 (1966).

[25] See Pulliam v. Allen, 104 S. Ct. 1970, 1975-76 (1984); Pierson v. Ray, 386 U.S. 547, 554 (1967); Sparks v. Duval County Ranch Co., 604 F.2d. 976, 980 (5th Cir. 1979)(en banc), cert. denied, 445 U.S. 943, 449 U.S. 1021, afl'd on other grounds sub nom. Dennis v. Sparks, 449 U.S. 24 (1980); Gregory v. Thompson, 500 F.2d 59, 63 (9th Cir.1974); Cronovich v. Dunn, 573 F.Supp. 1330, 1335 (E.D. Mich. 1983); see also McCray v. Maryland, 456 F.2d 1, 3-4 (4th Cir. 1972) (officials not exercising judicial discretion do not require protection of absolute judicial immunity or fear of "burdensome and vexatious litigation"); 11 Ind. L. Rev. 489, 499 ("The primary reason given for the existence of the judicial immunity doctrine is to preserve the integrity and independence of the judicial decision-making function.")

16. I understand and agree with, "Court identified several relevant factors:(a) The need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavenger v. Saxner*, 474 U.S. 193, 202 (1985) (quoting *Butz v. Economou*, 438 U.S. 478, 511 (1978)).

17. I do not understand or agree with how the Defendants are allowed to commit white-collar crimes (get away with the conduct scot-free) and Judge Cogan and Magistrate Bloom are ok with the conduct—but, I have live with it and figure out a different way. But, of course, judges are owed deference in this matter— totally agree because of the history behind immunity—, but I could, I believe, voice my opinion.

18. If I were lying about the allegations of white-collar crimes, then the people that I emailed about their conduct should sue me for libel and slander because I could be seen on video talking about crimes committed against me—, which I placed the links in the complaints that you dismissed. I would love to have them sue me because it would provide me with an opportunity to play my recordings.

19. If Your Honor believes I am lying, please have me produce the evidence…I have nothing to hide. Since, Your Honor believes that I am delusional or fabricated the story.

Sincerely,

Lucio Celli

11/9/17

2743 Seymour Avenue

Bronx, New York 10469

Enzo0mad@aol.com

646-734-3899

# Exhibit A



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Michael Nacchio
Labor & Employment Law Division
Tel: 212-356-0839
Fax: 212-356-2439
mnacchio@law.nyc.gov

July 20, 2016

**By US Mail and E-Mail**

Mr. Lucio Celli
2743 Seymour Avenue
Bronx, New York 10469
lcelli@schools.nyc.gov

Re:   Celli v. Richard Cole, Anne Bernard, and Department of Education
       Docket No. 15-CV-3679 (JG) (LB)

Dear Mr. Celli:

By letter dated July 13, 2016, I advised you that your communications with Department of Education employees must be through me if related to the litigation that you have commenced, Celli v. Richard Cole, Anne Bernard, and Department of Education, 15-CV-3679 (BC) (LB). By email to me dated July 14, 2016, you asked, "[h]ow am I supposed to communicate with FOIL UNIT?" In response to that particular inquiry, you may directly contact the appropriate DOE staff with respect to Freedom of Information Law requests. However, any other communication with DOE employees concerning the above referenced litigation must be through this Office only.

I thank you in advance for your cooperation.

Very Truly Yours,

Michael Nacchio
Assistant Corporation Counsel



**Outlook**

Type here to search    Entire Mailbox    Privacy    Options    Sign out

Reply    Reply All    Forward    X    Junk    Close

Mail
Calendar
Contacts

Deleted Items (84)
Drafts [33]
Inbox (1320)
Junk Email [3]
Sent Items

Click to view all folders ⌄

Manage Folders...

## RE: Communication with DOE

Nacchio, Michael (Law) [mnacchio@law.nyc.gov]

You replied on 12/23/2016 3:07 PM.

**Sent:**        Wednesday, July 20, 2016 6:00 PM
**To:**          Celli Lucio (08X519)
**Attachments:** L.Celli.Letter re_FOIL.pdf (62 KB)

Mr. Celli,

Please see the attached letter.

Thank you,

Michael Nacchio
212-356-0839

-----Original Message-----
From: Celli Lucio (08X519)
[mailto:LCelli@schools.nyc.gov]
Sent: Thursday, July 14, 2016 6:53 PM
To: Nacchio, Michael (Law)
Cc: rweingarten@aft.org; Carter, Zachary W. (Law);
jwirenius@perb.ny.gov; preet.bharara@usdoj.gov; :;
dstrom@aft.org
Subject: RE: Communication with DOE
Importance: High

Dear Mr. Nacchio:

How am I supposed to communicate with FOIL UNIT?
Because I would like to comply with your wishes, I
need to point out the lies being told to me. The
responses from the FOIL UNIT are not thought out nor
pay attention to detail.

I just realized today a fact about Ms. Sedlmeyer's
action/behavior and her threat to kick me if I
played the recording....it was meant to provoke a
reaction from and to get me not play the recording.
It was a success and I feed into it.

Please ask Ms. Wiengarten about her statement to me:
12/21/14
"Lucio- I am told that the UFT has responded to you
repeatedly. You know no one condones of that
behaviour...and given how outspoken I have been on
sexual assault, you no doubt know that.

As to recording people, there are real privacy
issues. I will ask the UFT to respond further. I
will also copy the AFT's lawyer, David Strom, who
will answer in the future. Thank you."
Randi

To a certain extent, Ms. Wiengarten's is related to
my reaction and emails related to events of
12/11/12. The UFT knew what would provoke me.

After you ask Ms. Wiengarten, please inform me if
this is was Mr. Alan Lichinstein meant by the UFT is
at fault for fraud that I experienced on May 4,
2015.

I did not realize it until now and I feed into...I
guess, Ms. Wiegarten was laughing....what do you
think?

From: Nacchio, Michael (Law) [mnacchio@law.nyc.gov]
Sent: Wednesday, July 13, 2016 3:59 PM
To: Celli Lucio (08X519)
Subject: Communication with DOE

Dear Mr. Celli:

Please review the attached letter.  A hard copy is
being mailed to you as well.

Very truly yours,

Michael Nacchio
Assistant Corporation Counsel
New York City Law Department
Labor & Employment Law Division
100 Church St., Rm. 2-146
New York, NY 10007
Ph: 212.356.0839
Fx: 212.356.2438
mnacchio@law.nyc.gov<mailto:mnacchio@law.nyc.gov>

CONFIDENTIALITY NOTICE:
This e-mail (including any attachments) is intended
only for the use of the individual or entity to
which it is addressed and may contain privileged
and/or confidential information.  If you are not the
intended recipient, or the employee or agent
responsible to deliver it to the intended recipient,
you are hereby notified that any review,

dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify the sender by e-mail or telephone and return the e-mail to the sender at this e-mail address, and destroy all paper and electronic copies.

Connected to Microsoft Exchange

# Exhibit B



NYS Penal Code 240.65....I asked for the document Mr. Drantch cited!!!! That document is being withheld because the FOIL Unit are a bunch of crir

A person is guilty of unlawful prevention of public access to records when, with intent to prevent the public inspection of a record pursuant to article s

Unlawful prevention of public access to records is a violation

---

From: Celli Lucio (08X519)
Sent: Friday, November 4, 2016 9:18:09 AM
To: Beaufils Natacha; Friedman Howard
Cc: Baranello Joseph
Subject: Re: F12,325 & F12,327

RE: F12.325
Dear Mr. Friedman, and Mr. Baranello:

On October 31, 2016, I received a partial answer towards FOIL request F12.325. I have all documents sent to me, but not the document Mr. Drantc
January 11, 2016, which was in front of Administrative Law Judge Angela Blassman. The ONLY thing Mr. Todd Drantch did not do is beat on his che
recorded him saying exited (he lied and committed a crime against)?

I request that another search for the document that Mr. Todd Drantch SWORE existed—where is the document the criminal said existed? I reques
and Blassman planned the crime because Drantch said he had the physical document on January 11, 2016 and the letter sent to me (and the one sc
You are playing games with the rights by concealing the misconduct of Mr. Todd Drantch and Ms. Courtenaye Jackson-Chase because they commit
request had asked for the document that Mr. Todd Drantch said exited, but he DID NOT beat on his chest nor swear on his first born. This answer

This email serves as Notice: on Friday 4, 2016 I will be forced to file an Article 78 against you and your deliberate concealment of a document Mr. D
me and to instill fear of a government committing a crime against me.

Please resolve this before it goes any further and give me the information I have requested—the document Mr. Drantch SWORE existed in a drama
way!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!
I do not give out Tony awards!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!

From: Beaufils Natacha
Sent: Monday, October 31, 2016 4:04 PM
To: Celli Lucio (08X519)
Cc: Baranello Joseph
Subject: F12,325 & F12,327

Mr. Celli-

Please see the enclosed in regard to your FOIL requests.

Thank you.

Natacha Beaufils
Dept. of Education
Office of Legal Services

# Exhibit C

**STATE OF NEW YORK**
**PUBLIC EMPLOYMENT RELATIONS BOARD**
-------------------------------------------------------------

In the Matter of                x

**LUCIO CELLI,**          :

           Charging Party,    :

    -and –                 :     **ANSWER**
                                        Improper Practice Charge
**BOARD OF EDUCATION OF THE**    :    Case No. U-34562
**CITY SCHOOL DISTRICT OF THE CITY**   :
**OF NEW YORK,**             :

           Employer/Respondent,    :

    -and –                 :

**UNITED FEDERATION OF TEACHERS,**   :
**LOCAL 2, AMERICAN FEDERATION OF**   :
**TEACHERS, AFL-CIO**           :

           Union/Respondent.    x
-------------------------------------------------------------

The Respondent in this matter, Department of Education of the City School District of the City of New York ("Department," "DOE," or "Respondent"), by Todd A. Drantch, an Agency Attorney in its Office of Labor Relations and Collective Bargaining, hereby answers the Improper Practice Charge (the "Charge") pursuant to Rule 204.3 of the Rules of Procedure of the New York State Public Employment Relations Board ("PERB") as follows:

1. The Department is not a party in this matter, other than for statutory requirements and submits this Answer for informational purposes only. The Department lacks details and information sufficient to respond to the Improper Practice Charge as the allegations relate solely to the relationship and/or communications between the Petitioner and Union/Respondent. Accordingly, the Department lacks knowledge or information sufficient to form a belief as to the truth of any allegations relevant to the processed Charge except as otherwise stated below.

1. Admits and/or affirmatively alleges that the Petitioner is a member of the United Federation of Teachers, Local 2, which is subject to a collective bargaining agreement with the Employer/Respondent, the Department of Education. The Department denies any allegations made against it in the charge.

2. The Department respectfully refers PERB to prior decisions issued relevant to the Petitioner, employee organization and Department.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. The Department lacks details and information sufficient to respond to the Improper Practice Charge as the allegations relate solely to the relationship and/or communications between the Petitioner and Union/Respondent. Accordingly, the Improper Practice Charge fails to set forth a cause *of action against the Employer/ Respondent upon which any relief may be granted.*

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The Improper Practice Charge and amendments thereto are untimely and barred by the four-month statute of limitations set forth under Section 204.1(a)(1) of PERB Rules of Procedure to the extent that it alleges matters occurring more than four months from when the Charging Party knew or should have known of the matters alleged. Accordingly, any allegation in the Charge which relates to events which occurred prior to the applicable 4 month statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. The Improper Practice Charge is barred by the doctrine of *res judicata*. The Public Employment Relations Board has previously dismissed charges filed by the Petitioner based on the same facts and circumstances.

**WHEREFORE,** the Department of Education requests that an Order be made dismissing the improper practice charge in this matter in all respects, and granting such other and further relief as may be deemed just and proper.

Dated: December 22, 2015
New York, NY

Respectfully submitted,

Todd A. Drantch
New York City Department of Education
100 Gold Street, Room 3401
New York, New York 10038
Tel. (212) 374-7951
Fax (212) 374-0423

TO:  Lucio Celli
2743 Seymour Ave
Bronx, NY 10469
*Charging Party*

Adam Ross, Esq.
United Federation of Teachers
Local 2, AFT, AFL-CIO
52 Broadway
New York, NY 10004

# Exhibit D

In the Matter of

LUCIO CELLI,

Charging Party,

-and-

CASE NO. U-33861

UNITED FEDERATION OF TEACHERS,
LOCAL 2, AFT, AFL-CIO,

Respondent,

-and-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

Employer.

LUCIO CELLI, *pro se*

RICHARD E. CASAGRANDE, GENERAL COUNSEL (CATHERINE V. BATTLE
of counsel), for Respondent

KAREN SOLIMANDO, INTERIM ACTING DIRECTOR OF LABOR RELATIONS
AND COLLECTIVE BARGAINING (TODD A. DRANTCH of counsel), for
Employer

DECISION OF ADMINISTRATIVE LAW JUDGE

On September 29, 2014,[1] Lucio Celli filed an improper practice charge which, as

amended, alleges that the United Federation of Teachers, Local 2, AFT, AFL-CIO

(UFT) violated §§ 209-a.2(a) and (c) of the Public Employees' Fair Employment Act

(Act) when it failed to file or pursue grievances on his behalf and to respond to his

---

[1] The Director reopened the charge on December 1, 2014, after he had deemed it
withdrawn on November 21, 2014, due to Celli's failure to respond to Director's October
14, 2014 deficiency notice.

In the Matter of

**LUCIO CELLI,**

Charging Party,

-and-

**UNITED FEDERATION OF TEACHERS,
LOCAL 2, AFT, AFL-CIO,**

Respondent,

-and-

**BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,**

Employer.

**CASE NO. U-34562**

---

**LUCIO CELLI,** *pro se*

**RICHARD E. CASAGRANDE, GENERAL COUNSEL (CATHERINE V. BATTLE
of counsel), for Respondent**

**KAREN SOLIMANDO, INTERIM ACTING DIRECTOR OF LABOR RELATIONS
AND COLLECTIVE BARGAINING (TODD A. DRANTCH of counsel), for
Employer**

### DECISION OF ADMINISTRATIVE LAW JUDGE

On September 17, 2015, Lucio Celli filed an improper practice charge alleging,

as amended, that the Board of Education of the City School District of the City of New

York (District) violated § 209-a.1(a) of the Public Employees' Fair Employment Act (Act)

when school administrators, the District's general counsel, and other District

representatives took action against Celli's interest, did not respond to his inquiries and

requests for information, and refused to investigate his allegations of wrongdoing. The

charge also alleges that the United Federation of Teachers, Local 2, AFT, AFL-CIO

(UFT) violated §§ 209-a.2(a) and (c) of the Act when UFT representatives failed to

# Exhibit E


Howard Friedman
*General Counsel*

Joseph A. Baranello
*Chief Privacy Officer
Records Access Officer
Executive Agency Counsel*

Vallery Lomas
*Central Records Access
Officer & Agency Attorney*

Office of Legal Services
NYC Dept. of Education
52 Chambers Street
Room 308
New York, NY 10007

+1.212.374.6888 tel.
+1.212.374.5596 fax

October 31, 2016

**VIA EMAIL**
Lucio Celli
LCelli@schools.nyc.gov

**RE: # F12,325**
PERB Case No. U-3381 & U-34562

Dear Mr. Celli:

This letter is in final response to the above-referenced Freedom of Information Law (FOIL) request. Enclosed please find records responsive to your request. Access is denied to records for the following reasons.

Public Officers Law §87(2)(g) permits an agency to deny access to records or portions thereof that are inter-agency or intra-agency materials which are not statistical or factual tabulations or data, instructions to staff that affect the public, final agency policy or determinations, or certain external audits. Accordingly, access is denied to records and portions thereof constituting opinions, suggestions, recommendations, advice, ideas, plans, impressions, exhortations and other information not containing or constituting statistical or factual tabulations or data, instructions to staff that affect the public, or final agency policy or determinations.

In addition, access is denied to records you have already received. It is well settled that an agency need not make available records that are already in the possession of the requester, unless there is an allegation "in evidentiary form, that the copy [is] no longer in existence." See Moore v. Santucci, 151 A.D.2d 677 (1989); see also FOIL-AO-14306 (Oct. 27, 2003); FOIL-AO-11792 (Nov. 1, 1999).

This concludes the FOIL Unit's response and your request will be marked as "closed" in the Unit's database as of the date of this letter.

Any person denied access to a record may appeal the decision in writing within thirty days. Please state a specific ground for appeal and include copies of the initial request and the denial. Appeals should be sent to: Howard Friedman, General Counsel, c/o Office of Legal Services, New York City Department of Education, 52 Chambers Street – Room 308, NY, NY 10007, FOIL@schools.nyc.gov.

Sincerely,

*Vallery Lomas /s/*

Vallery Lomas
FOIL@schools.nyc.gov