| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------- X<br>                        :<br>LUCIO CELLI,                   :<br>                  Plaintiff,   :<br>                        :<br>     - against -           :<br>                        :<br>NEW YORK CITY DEPARTMENT OF    :<br>EDUCATION, *et al.*,        :<br>                        :<br>                 Defendants.  :<br>----------------------------------------------------------- X | **C/M**<br><br>**ORDER**<br><br>15-cv-3679 (BMC)(LB) |

**COGAN**, District Judge.

      Before the Court is defendants' motion for sanctions against *pro se* plaintiff "for his vexatious and abusive conduct directed at defendants, counsel, non-parties, and the Court." In particular, on the evening of December 21, 2016, plaintiff sent several emails approximately 72 times to Corporation Counsel Zachary W. Carter, Department of Education General Counsel Howard Friedman, eight employees of the Department of Education, defendants' counsel Michael Nacchio, and several non-parties, including the U.S. Attorney for the Southern District of New York. Defendants characterize the mass of emails as attempts by plaintiff to spam the email folders of the recipients.

      Although the Court was disturbed by the content of the email, the number of emails sent, and plaintiff's disregard of Mr. Nacchio's admonishment that he should not email the named defendants directly, sanctions are inappropriate at this juncture. In declining to sanction plaintiff, I do not credit plaintiff's argument in opposition that he was never told not to conduct himself in the way he had, nor do I credit his argument that his conduct did not violate any explicit order of this Court to abstain from such obscene and harassing behavior. Instead, I base this decision on three factors: (1) plaintiff's proffer that his DOE email privileges have been revoked; (2) his

promise to the Court that he will not conduct himself in the manner that he has, including the use of vulgar and obscene language, not only in future communications with defendants' counsel, but also in any future submissions to this Court; and (3) the need to give litigants, particularly *pro se* plaintiffs, notice of the sanctionable conduct, despite how obviously inappropriate the conduct is, for example, harassing parties with profanity and threats of further harassment.

Notwithstanding my decision not to sanction plaintiff, I am warning plaintiff about his conduct. The Court has been very forgiving of the profanity-laced submissions, even going so far as to disregard the similarly obscene *ad hominem* attacks that plaintiff directed at the Court, which may well have constituted a contempt of court that could have resulted in a fine or imprisonment. Although this case is over, plaintiff is admonished that should he ever find himself in any court on some other case and conduct himself in the manner that he did here, the result of a motion like defendants' may be different.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       January 12, 2017