```
UNITED STATES DISTRICT COURT          C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- X
                                                   :
LUCIO CELLI,                                       :
                                                   :
                                                   :
                                                   :
                          Plaintiff,               :   **ORDER**
                                                   :
               - against -                         :   15-cv-3679 (BMC)(LB)
                                                   :
NEW YORK CITY DEPARTMENT OF                        :
EDUCATION, *et al*.,                               :
                                                   :
                          Defendants.              :
                                                   :
-------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or vacate the judgment in this case. The motion is both untimely and without merit. First, Rule 59(e) requires any motion to alter or vacate a judgment to be made within 28 days of judgment. Judgment in this case was entered on December 27, 2016, and plaintiff's time to seek relief under Rule 59(e) has passed.

Second, although an untimely motion under Rule 59(e) may be treated as a motion under Rule 60(b) and considered on the merits, see Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) (treating untimely Rule 59 motion as a Rule 60 motion); Manney v. Intergroove Tontrager Vertriebs GMBH, 10-CV-4493, 2012 WL 4483092, at *1 (E.D.N.Y. Sept. 28, 2012), here, even if I do that, plaintiff has not met the Rule 60(b) standard. The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Arum v. Miller, 304 F. Supp. 2d

344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result." (citation and internal quotation marks omitted)).

"Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for other reason that justifies relief." Dziennik v. Sealift, Inc., 04-CV-1244, 2015 WL 1469323, at *2 (E.D.N.Y. Mar. 30, 2015). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (citation and internal quotation marks omitted). Thus, a "party may not advance new facts, issues, or arguments not previously presented to the Court." National Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) (internal quotation marks omitted).

None of plaintiff's arguments meet this standard. There is nothing that the Court overlooked, and any argument that plaintiff advances now could have been raised before. Accordingly, plaintiff's motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      February 1, 2017