**MANDATE**

17-234-cv
*Celli v. Cole*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand seventeen.**

PRESENT:    JON O. NEWMAN,
              JOSÉ A. CABRANES,
                       *Circuit Judges.*
              ROBERT N. CHATIGNY,
                       *District Judge.*[*]

---

LUCIO CELLI,

          *Plaintiff-Appellant,*             17-234-cv

          v.

RICHARD COLE, in his official and individual capacity; ANNE BERNARD, in her official and individual capacity; NEW YORK CITY DEPARTMENT OF EDUCATION; GRISMALDY LABOY-WILSON, in her official and individual capacity; COURTENAYE JACKSON-CHASE, in her official and individual capacity; SUSAN MANDEL, in her official and individual capacity,

          *Defendants-Appellees.*

---

     [*] Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

MANDATE ISSUED ON 01/12/2018

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lucio Celli, *pro se*, Bronx, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Pamela Seider Dolgow and MacKenzie Fillow, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel, New York City Law Department, New York, NY. |

Appeal from orders of December 24, 2016 and January 6, 2017 of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Lucio Celli ("Celli"), proceeding *pro se*, appeals from the District Court's judgment dismissing his action against the New York City Department of Education ("DOE") and several individuals, based on Celli's failure to comply with Federal Rule of Civil Procedure 8. Celli also challenges the denial of his motion to recuse the District Court judge. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a district court's denial of a recusal motion and its dismissal of a complaint on the basis of Rule 8 for abuse of discretion. *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) (denial of recusal); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (Rule 8 dismissal).

The District Court did not abuse its discretion in denying the recusal motion. Celli presented no evidence that would lead an "objective, disinterested observer" to question whether Judge Cogan was biased against Celli or *pro se* litigants generally. *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks omitted) (interpreting 28 U.S.C. § 455(a) (2000)).

The District Court also did not abuse its discretion in dismissing Celli's complaint for failure to comply with Rule 8. Rule 8 requires pleadings to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial," *Simmons*, 49 F.3d at 86; however, dismissal for violation of Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although a Rule 8 dismissal generally should be without prejudice to the filing of a new complaint satisfying the requirements of that rule, *id.*, we have also stated the following:

2

> We do not mean to imply that the [district] court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible.

*Id.*

Celli submitted a ninety-five-page proposed third amended complaint that was ill structured and largely indecipherable. The District Court warned Celli that his complaint did not comply with Rule 8, provided guidance on how his complaint could become compliant with the rule, and advised him that failure to follow the court's instructions would result in the dismissal of his complaint. In response, Celli filed a one-hundred-ninety-seven-page amended complaint that was more prolix and confusing than the previous one.  In so doing, Celli refused to comply with Rule 8; ignored the District Court's detailed instructions as to the matters that could, and could not, be addressed in the complaint; insisted that none of his claims or factual assertions could, or would, be omitted; and attacked the District Court judge with profane insults. Celli's "unnecessary prolixity . . . place[d] an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* (internal quotation marks and alteration omitted).

In sum, this case presents "extraordinary circumstances" within the meaning of *Salahuddin*, warranting dismissal without leave to file yet another amended complaint.  Celli not only refused to follow Rule 8 and the District Court's instructions; he did so after filing several previous amended complaints and after being warned expressly that failure to comply with the court's directives would result in dismissal. Celli has shown brazen and profane resistance to the District Court's instructions, demonstrating that further efforts to convince Celli to file a reasonable complaint would be futile and making dismissal of his complaint without further leave to amend appropriate.

Since this appeal is frivolous, Celli is hereby ORDERED to show cause within thirty days why he should not be required to seek leave of this Court before filing any appeals or other documents. Failure to file a timely response will result in the imposition of a leave-to-file sanction.

## CONCLUSION

We have reviewed all of the arguments raised by Celli on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's orders of December 24, 2016 and January 6, 2017.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3