UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Lucio Celli,

                Plaintiff,                    **MEMORANDUM & ORDER**
                                                                                     15-CV-03679 (DG) (VMS)

      -against-

Richard Cole, *et al.*,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Pending before the Court in the above-captioned action are two motions filed by *pro se* Plaintiff Lucio Celli in June 2025 (together, the "Motions"): (1) Plaintiff's "MOTION TO VACATE JUDGMENTS AND ORDERS UNDER RULE 60(d)(3) DUE TO FRAUD UPON THE COURT BY JUDGE BRIAN M. COGAN for his former Clients, the UFT and Randi Weingarten," ECF No. 69; and (2) Plaintiff's "MOTION FOR EVIDENTIARY HEARING AND APPLICATION OF THE CRIME-FRAUD EXCEPTION by Dishonorable Cogan and the UFT," ECF No. 70.  Each motion states that it is "To Pres Trump, AG Bondi, Houe Jud., Sen Judge, Hon. Conrad, Dishon. Cogan, Hon. Crona, and others."  *See* ECF No. 69 at 1; ECF No. 70 at 1.

      For the reasons set forth below, the Motions are DENIED.

## BACKGROUND

      Familiarity with the procedural history and background of this action – which was commenced by Plaintiff more than ten years ago – is assumed herein.[1]  As particularly relevant here: (1) on December 27, 2016, the Clerk of Court issued the Judgment in this action, *see*

---

[1] On July 2, 2025, this action was reassigned from United States District Judge Brian M. Cogan to the undersigned.  *See* July 2, 2025 Order.

Judgment, ECF No. 53 (reflecting, *inter alia*, denial of Plaintiff's recusal motion; denial of Plaintiff's Rule 60 motion; grant of Defendants' motion to dismiss; and dismissal of Plaintiff's complaint with prejudice); and (2) on January 12, 2018, the United States Court of Appeals for the Second Circuit issued its Mandate, *see* Mandate, ECF No. 64 (stating, *inter alia*, that "[t]he District Court did not abuse its discretion in denying the recusal motion;" that "[t]he District Court also did not abuse its discretion in dismissing [Plaintiff's] complaint for failure to comply with Rule 8;" that Plaintiff "has shown brazen and profane resistance to the District Court's instructions, demonstrating that further efforts to convince [Plaintiff] to file a reasonable complaint would be futile and making dismissal of his complaint without further leave to amend appropriate;" and that Plaintiff's "appeal is frivolous").

## DISCUSSION

The Court liberally construes the Motions in light of Plaintiff's *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even liberally construed, however, the Motions must be denied.[2]

As an initial matter, the Motions lack clarity. *See generally* ECF Nos. 69, 70. To the extent that the Motions seek to relitigate matters expressly decided by the Second Circuit or issues impliedly resolved by the Mandate, the Motions must be denied. *See Norton v. Town of Islip*, No. 04-CV-03079, 2022 WL 21305877, at *8 (E.D.N.Y. Sept. 28, 2022) (discussing mandate rule and citing *United States v. Sawyer*, 907 F.3d 121, 125 (2d Cir. 2018), *In re Coudert Bros. LLP*, 809 F.3d 94, 99 (2d Cir. 2015), and *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)), *aff'd*, No. 22-2797, 2023 WL 7130486 (2d Cir. Oct. 30, 2023). To the extent

---

[2] In light of the Court's determination that the Motions must be denied, the Court does not require any response to the Motions.

that the Motions seek to do otherwise, the Motions nevertheless must be denied as the Court concludes upon consideration of the Motions, the record to date, and the applicable legal standards that none of the relief sought is warranted here.  Indeed, the Motions appear to be frivolous.  *See generally* ECF No. 69 (asserting, *inter alia*, that "Cogan had AUSAs of EDNY conceal his criminal conduct of wage theft for his former clients;" that "Judge Cronan – as an AUSA – told me what Judge Cogan did to me would constitute a crime under 18 USC §371 and Fraud Upon the Court;" that "Schumer had his judges conceal the conduct of Randi and Cogan;" that "Judge Engelmayer's role in this matter also raises significant questions;" and that "borderline IQ students knew and understood what 80 AUSAs told me"); ECF No. 70 (asserting, *inter alia*, that Judge Lehrburger, "in the R&R," "concealed or misrepresented" certain information).

## CONCLUSION

As set forth above, the Motions, ECF Nos. 69 and 70, are DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

                                            */s/ Diane Gujarati*
                                            DIANE GUJARATI
                                            United States District Judge

Dated: July 10, 2025
       Brooklyn, New York