UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*15-cv-3679*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**MOTION FOR RECONSIDERATION UNDER FRCP 59(e) AND 60(b)(1), (b)(6), AND PETITION FOR MANDAMUS UNDER 28 U.S.C. § 1361—wages theft was never considered nor Cogan's misuse for his former clients to steal wages from me over a penis picture by Cogan or the 2d Cir.**

 Dear Diane Gujarati, Pres Trump,  AG Bondi  (for the misconduct of the AUSAs, FBI and Congress—as this deals with Judge Engelmayer's misconduct for Randi Weingarten

Plaintiff respectfully moves this Court to reconsider its pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and further petitions for a writ of mandamus compelling the Assistant United States Attorney(s) (AUSAs) involved in this matter to explain their factual misrepresentations regarding Plaintiff's liberty status.

## I. INTRODUCTION

This motion is grounded in newly presented evidence and material omission of a dispositive record located in **Case No. 17-CV-2239**, specifically a **transcript demonstrating that Plaintiff was illegally detained** and that the Assistant United States Attorneys made **material misrepresentations to the Court** regarding the nature and lawfulness of Plaintiff's confinement.

## II. BACKGROUND

1. Plaintiff was subject to government detention based on representations made by the AUSAs that Plaintiff was lawfully held.
2. A **transcript in Case No. 17-CV-2239**, which was available to the government and the Court, contains admissions or findings that show the **detention was in fact unlawful** or lacked legal foundation.
3. The Court's recent July 10, 2025 omits any reference to this critical transcript, and therefore renders conclusions that **misstate or ignore Plaintiff's liberty deprivation**, which is a central fact in this matter.

---

## III. LEGAL STANDARD

Under **Rule 59(e)**, reconsideration is appropriate to correct a clear error or prevent manifest injustice.

Under **Rule 60(b)(1) and (b)(6)**, relief is warranted for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief."

A **petition for mandamus under 28 U.S.C. § 1361** may issue to compel a federal officer to perform a duty owed to the petitioner when no other adequate remedy exists.

I forgot to add the following, and the issues were not decided by Judge Cogan or the 2d Cir.—as they occurred well after those dates mentioned:[1]

**Issue A**: Friedman's admission of retaliation, witnesses and all the audios and emails referenced for De Novo.[2]

Lehrburger totally ignored Friedman's aide statement to me and his mention of an email that centers on Friedman and other PEP members of DOE's policy members: **Pullman-Standard v. Swint, 456 U.S. 273, 289–90 n.19 (1982)** "The whole question before us is whether the established facts demonstrate the intent to discriminate required by § 703(h) of Title VII. … Since, for purposes of § 703(h), intent means subjective intent, the relevant legal standard is that of 'actual motive.' … That appears to us to be a pure question of fact." I**ntent under § 703(h) is factual**:

Because "intent" refers to actual subjective motive, determining whether a seniority system was discriminatory is treated as a **pure question of fact**, not law or mixed question.

---

[1] Taken from 24-cv-9743
[2] I believe I read for evidentiary hearing exclusion is "abuse of discretion"  I believe and record is de novo—whatever Your Honor knows

a) does **not license courts to ignore factual allegations or substitute their own judgment of evidence**[3]

b) **DiFolco v. MSNBC Cable L.L.C.,** 622 F.3d 104, 113 (2d Cir. 2010): Dismissal under Rule 12(b)(6) is improper if the complaint alleges "specific facts that, if accepted as true, state a claim." Like the obvious misuse and coordinated efforts between Peace (Schumer), Engelmayer (Schumer), and Randi Weingarten (Schumer's sister-like and my "arch-enema" )

c) **There are numerous specific objections to factual errors:** United States v. White, 673 F. App'x 55 (2d Cir. 2016), confirming the court's obligation to correct clear factual errors even sua sponte.

d) **Review of what makes a pleading a fact for Rule 8 and Twombly:** questions of who did what, when or where, how or why." Such a "recital of external events" involves what the Court has called "basic, primary, or historical facts." Thompson, 516 U.S. at 110.

i.  **I detailed with statements**-either from a certified transcript or by reference of an audio or not reference but audio can be provided: Squarely in the factual category, by contrast, are "questions of who did what, when or where, how or why." Such a "recital of external events" involves what the Court has called "basic, primary, or historical facts. Recent Supreme Court precedent has recognized, for example, that the "legal test" for deciding any particular issue clearly presents a question of law. U.S. Bank, 583 U.S. at 395–96; Thompson, 516 U.S. at 110; Pullman-Standard, 456 U.S. at 290 n.19.

e) Standard of review for evidence and totally did not mention and reason for Federal Rule of Evidence 801(d)(2) – **Statements by an Opposing Party**

i.  Lehrburger willfully ignored due to his quid pro quo with Livingston and Engelmayer: the evidence is adequate to justify the exercise of [the decisionmaker's] power."'3 8 This means that while "what happened" may be viewed as a question of fact, the legal sufficiency of the evidence 39 may be viewed as the equivalent of a question of law".The relevant constitutional provision fixes the standard of what is legally sufficient, and that is frequently greater than a simple preponderance of the evidence. See, e.g., Bose, 104 S. Ct. at 1965 n.30 (first amendment requires "clear and convincing" evidence of actual malice in public figure defamation cases); Santosky v. Kramer, 455 U.S. 745 (1984) (due process clause requires "clear and convincing" evidence of child neglect in proceedings to terminate parental rights); In re Winship, 397 U.S. 358 (1970) (due process clause requires proof beyond a reasonable doubt in criminal cases). 40. See L.Jaffe, supra note 17, at 595-99. The no-evidence rule is illustrative. See Thompson v. City of Louisville, 362 U.S. 199, 206 (1960); Fiske v. Kansas, 274 U.S. 380, 385 (1927); Creswill v. Grand Lodge Knights of Pythias, 225 U.S. 246, 261 (1912). A  csimilar rule has long obtained in the field of administrative law. See, e.g., Florida E. Coast Ry. v. United States, 234 U.S. 167, 185 (1914) ("where it is contended that an order whose enforcement is resisted was rendered

---

[3] **Securities & Exchange Comm'n v. Chenery Corp.,** 332 U.S. 194, 196 (1947) Courts must decide cases on the **basis of record evidence** and **reasoned justification**.

without any evidence whatever to support itt,h e consideration of such a question involves not an issue of fact, but one of aw"); ICC v. Louisville & Nash. R.R., 227 U.S. 88, 91-92 (1913

a. These are **not considered hearsay** and are **admissible evidence** when offered **against** the opposing party—Strauber, Mulgrew's aide, Atkinson of UFT, Norton of the UFT (pension), Peterson of NYC, DuBeck of NYC, or those that I mentioned by DOJ :

Five Categories Under FRE 801(d)(2): Lehrburger never explained beyond frivolous

1. **801(d)(2)(A):** *The party's own statement* "The statement is offered against an opposing party and was made by the party in an individual or representative capacity."
2. **801(d)(2)(B):** *Adoptive admission* The party "manifested that it adopted or believed to be true."
3. **801(d)(2)(C):** *Statement by an authorized agent or spokesperson*

   The statement was made by a person whom the party authorized to make a statement on the subject.

4. **801(d)(2)(D):** *Statement by the party's agent or employee*

   The statement was made "on a matter within the scope of that relationship and while it existed."

5. **801(d)(2)(E):** *Statement of a co-conspirator during and in furtherance of the conspiracy*

   Must be during the course and in furtherance of the conspiracy.

---

The 2d Cir never considered the fact that Judge Cogan concealed and Clerk Wolfe committed a crime of concealment as there are still missing motions form this appeal

---

## f) Application in Litigation

🔍 Examples:

- **Emails, letters, or audio recordings** of the opposing party admitting a fact relevant to the case? → **Admissible under 801(d)(2)(A).**
- **Text from a union rep authorized to speak on benefit policies?** →mentioned but did not address it in R&R but prior to the R&R, he did not say anything beyond frivolous.
- Possibly **801(d)(2)(C) or (D).**

- **THE STAR OF MY CLAIMS--Recorded statement by someone agreeing with the opposing party's wrongdoing?** → May qualify as **801(d)(2)(B)**. Lhrbuger was emailed as Your Honor was about the UFT's lie that they did not negotiate the 3020a rules
- **Statements made by a co-defendant in a conspiracy case?** →
  Consider **801(d)(2)(E)** (with independent proof of the conspiracy).

## g)  Key Case Law:

- **United States v. Palow**, 777 F.2d 52 (1st Cir. 1985): Co-conspirator statements admissible under 801(d)(2)(E) if conspiracy shown by independent evidence.
- **Mahlandt v. Wild Canid Survival & Research Ctr., Inc.**, 588 F.2d 626 (8th Cir. 1978): Even statements not based on personal knowledge can be admissible under 801(d)(2).
- **U.S. v. Reed**, 227 F.3d 763 (7th Cir. 2000) Party need not be available for cross-examination—the statements are admissible as non-hearsay. Lehrburger excluded from the Evidentary hearing and did not address them beyond that they are part of criminal case—but I mentioned NYC employees and UFT employees—the only NYC employee that would have been for Strauber, Fridman's aide and PEP members

h) **Lehrburger never mentioned in R&R of my witnesses and eviden**ce: Moreover, one commentator has argued that the text and legislative history of Rule 52(a) demonstrate the drafter's intent that it apply only to "**strictly factual matters**" and not to matters of law application. See Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis, 58 Harv. L. Rev. 70, 113-15 (1944). . The proposed amendment to Rule 52(a) gives district judges a greater explicit role in law application. See Proposed Fed. R. Civ. P. 52(a), 98 F.R.D. 337, 359 (1983)
("**Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses and to the need forfinality.") (emphasis in original).**

i) **The facts distorted due his quid pro quo with Livingston and Englemayer, Lehrburger left out because it is part of the plan and prejudgment**: Indeed, in assuming that Rule 52(a) applied to questions of "**ultimate fact,**" 104 S. Ct. at 1959-60, the Supreme Court impliedly rejected that conclusion. Compare the Ninth Circuit's casual treatment of the issue in Taylor v. Moram Agencies, 739 F.2d 1384, 1385-86 (9th Cir. 1984) (appellate review of law application not restricted by Fed. R. Civ. P. 52(a)). Still, the Court has not been consistent on this point even outside the field of constitutional law. Compare Baumgartner v. United States, 322 U.S. 665, 671 (1944) ("[T]he conclusion that may appropriately be drawn from the whole mass of evidence is not always the ascertainment of the kind of 'fact' that precludes consideration by this Court."), with Pullman-Standard v.

Swint, 456 U.S. 273, 286-87 & n.16 (1982) (criticizing Baumgartner on the ground that Rule 52(a) does not make exceptions or purport to exclude certain categories of factual findings). Moreover, one commentator has argued that the text and legislative history of Rule 52(a) demonstrate the drafter's intent that it apply only to "strictly factual matters" and not to matters of law application. See Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis, 58 Harv. L. Rev. 70, 113-15 (1944). The proposed amendment to Rule 52(a) gives district judges a greater explicit role in law application. See Proposed Fed. R. Civ. P. 52(a), 98 F.R.D. 337, 359 (1983) **("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses and to the need for finality**.") (emphasis in original).

j) Constitutional claim that centers on Engelmayer's orders and ignoring who, what whe e.g., id. at 541-43 nn.2-6, 546-49 nn.9-1 1. The Court emphasized the duty language, saying that "[b]ecause a claim of constitutionally protected right is involved, it 'remains our duty in a case such as this to make an independent examination of the whole record.' " Id. at 545 n.8 (quoting Edwards v. South Carolina, 372 U.S. 229, 235 (1963))

*k)* The boundary quickly begins to blur, however. The Supreme Court has identified "mixed questions" of law and fact, which ask "whether the rule of law as applied to the established facts is or is not violated,"53 or "whether the historical facts found satisfy the legal test chosen. "And there are additional categories such as "constitutional fact[s],"55 "legislative facts,"56 or "social facts"—which may require distinctive approaches depending on the particular function the law–fact distinction is called upon to perform See. U.S. Bank, 583 U.S. *at 395–96; Thompson, 516 U.S. at 110; Pullman-Standard, 456 U.S. at 290 n.19. see  Pullman-Standard, 456 U.S. at 289–90 n.19.*

l) Standard of review for union—FDR and others mentioned by case law as Lehrburger did not address the audio sent to him and other judges and also mentioned various ways within the pleadings—for 3020a and ADA/504/ACA claims with Title VII and Title IX—basically he wrote that I provided him with not pleadings and evidence

Please Take Notice, I also pleaded who, what, when for US Marshalls, Probation, but I did not mention City Council

1. Vaca v. Sipes, 386 U.S. 171 (1967) Holding: A union breaches its DFR when its actions toward a member are arbitrary, discriminatory, or in bad faith. Relevance: Misleading members—such as lying about their CBA rights—can constitute bad faith, thus violating the union's duty.
2. Humphrey v. Moore, 375 U.S. 335 (1964) Principal Holding: Union actions are in bad faith when they involve "fraud, deceitful action or dishonest conduct"  Illustration: The Court cleared the union from liability where "false assurances of job security" were due merely to ignorance, not bad faith
3. Lynn L. Breininger (Breininger v. Sheet Metal Workers), 493 U.S. 67 (1989) Key Rule: To sue under DFR, a member need not also allege breach of the CBA by the employer—the 3020a procedures and the audio sent to him and 200 or 300 federal judges. **Relevance**:

Claims of misrepresentation by the union stand independently, not requiring an employer-side violations.

4. Knox v. SEIU Local 1000, 567 U.S. 298 (2012) Scope: While entirely focused on public-sector agency fees, the case demands affirmative consent for new financial obligations. Implication: It underscores a union's duty not to mislead members about dues or assessments

5. Secondary Authority & NLRB Decisions
   a. NLRB v. Gissel Packing Co., 395 U.S. 575 (1969): NLRB contours card campaigns, sanctioning misrepresentation as unfair labor practice
   b. NLRB Weingarten Statement Ruling: The NLRB found certain union-included CBA brochures misleading to members about their rights—but resolved administratively

.

**For me:** If a union lies to members about CBA terms—for example, overstating rights or concealing grievance or arbitration mechanisms—that potentially constitutes bad faith/dishonesty under Humphrey and Vaca. Members may pursue:

6. Case      Focus   Key Holding

Vaca v. Sipes   Duty of Fair Representation   Breach occurs if union acts arbitrarily/discriminatorily/in bad faith

Humphrey v. Moore   Bad Faith Definition   "Fraud, deceitful action, dishonest conduct" qualify as bad faith

Breininger v. Sheet Metal    DFR standalone claim Union misrepresentation may be pursued without an employer breach

Knox v. SEIU Public union financial practices    Requires affirmative consent; misleading dues manipulations are suspect

Gissel Packing Union campaign misrepresentation    NLRB sanctions deception in union-card processes

I. **IDENTIFICATION OF PORTIONS OF THE R&R OBJECTED TO**
   a) Procedural Standards for Objecting to R&R and Omission of Factual Findings
      • R&R p. 1, ¶ 1: "Each lawsuit has been dismissed. Reasons for dismissal have included, among others, violation of court orders, failure to file a short and plain statement of claims, and failure to state a claim."

      – Materially inaccurate: conflates procedural dismissals with substantive merit, omits Engelmayer's unreversed order, Mathews v. Eldridge due process exhibits (certified transcripts, audio).

– Rubber-stamp of prior rulings from "Schumer judges" without independent analysis. *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984): Even sanctions against repeat litigants must follow due process and individualized findings. That standard is not met.
Page 38 – imposing a filing injunction without factual findings or jurisdictional limitation, citing Iwachiw improperly[4]


• R&R p. 4: "Celli could have invoked either Article 75 and/or Article 78 of the CPLR..." with Brown claiming res judicata. *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984
– False: Plaintiff cited and explained both, detailed why foreclosed by DOE/UFT conduct—Judge Frank, Schumer, and Randi Wiengarten had I was time barred which was not true as a receipt was sent to Brown WITH judges, like Donnelly and Livingston.

---

The 2d Cir never ruled on Judge Cogan's prior relationship with the UFT, so Your Honor Lied

Judicial concealment of prior representation (conflict under 28 U.S.C. § 455(b)(2));

• Coordinated efforts to suppress wage claims, violate First Amendment rights, or retaliate against whistleblowing;

• Use of judicial office to benefit former clients (18 U.S.C. §§ 201, 241, 371, 1505, and 1512).

See:

• United States v. Zolin, 491 U.S. 554 (1989)

• Clark v. United States, 289 U.S. 1 (1933)

• In re Richard Roe, Inc., 168 F.3d 69 (2d Cir. 1999)

---

[4] • R&R pp. 2–8: Reliance on prior dismissals without new factual or legal analysis.

## IV. ARGUMENT

*A. The Court Erred by Omitting the Transcript Located in Case No. 17cv2239*

The transcript plainly contradicts the factual predicate adopted by both the AUSAs and the Court regarding Plaintiff's confinement. **This omission constitutes clear error** and grounds for reconsideration under Rule 59(e) and Rule 60(b)(1).

*B. The AUSAs Misrepresented the Plaintiff's Liberty Status to the Court*

Plaintiff alleges that AUSAs **intentionally or recklessly misrepresented the legality of the detention**, in violation of their ethical and constitutional obligations. These misstatements **deprived Plaintiff of liberty without due process** in violation of the Fifth Amendment.

*C. A Writ of Mandamus is Appropriate to Compel AUSAs to Explain Why They Lied*

Plaintiff respectfully petitions the Court to issue an order to show cause and compel the relevant AUSA(s) to explain:

1. Why the transcript in **17cv2239** was never disclosed or addressed;
2. Why the representation that Plaintiff's confinement was lawful was made despite contrary evidence;
3. Whether such misrepresentation was made knowingly or recklessly in violation of constitutional and statutory obligations.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Grant reconsideration** of its July 10, 2025 under Rule 59(e) and/or Rule 60(b);
2. **Acknowledge and analyze the transcript from Case No. 17cv2239** confirming Plaintiff's unlawful detention;
3. **Issue a writ of mandamus** under 28 U.S.C. § 1361 compelling the AUSAs to provide sworn explanation of their representations;
4. Grant any **other relief** that this Court deems just and proper.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]